IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:08-cr-00122-GEB |
| Plaintiff, | ) | |
| v. | ) | ORDER REDUCING REQUEST FOR ATTORNEY'S FEES UNDER THE |
| ERIC BROOKS; et al., | ) | CRIMINAL JUSTICE ACT |
| Defendants. | ) | |
| UNITED STATES OF AMERICA, | ) | 2:07-cr-00571-GEB |
| Plaintiff, | ) | |
| v. | ) | |
| CESAR QUINTERO-FELIX; et al., | ) | |
| Defendants. | ) | |

On May, 24, 2011, I stayed an order filed May 24, 2011 ("May 24, 2011 Order") in which I proposed a fifty percent reduction of attorney Dwight M. Samuel's request for attorney's fees sought under the Criminal Justice Act ("CJA"). The stay was imposed since the May 24, 2011 Order incorrectly stated the total amount of attorney's fees Mr. Samuel requested for work in both of the above captioned cases and to allow time for further analysis of Mr. Samuel's vouchers. After the stay was imposed, Mr. Samuel sent an email to my courtroom deputy on May 31, 2011 ("May 31 email"), to which he attached his written response to the May 24, 2011 Order, and in which he requested an opportunity to discuss

1

his vouchers with me.[1]  I held an in chambers hearing with Mr. Samuel on June 10, 2011 ("hearing"), which has been transcribed by a court reporter.[2] The hearing commenced at approximately 11:00 a.m. An hour lunch break was taken at approximately 12:00 p.m., and the hearing concluded at approximately 3:15 p.m.

For the reasons stated below, the May 24, 2011 stay is lifted, and the May 24, 2011 Order is supplemented and amended as follows.

A.   The First Hour of the Hearing

Fifty-one (51) billing entries were discussed during the hearing; however, I was astonished that less than three billing entries were addressed during the first hour, due to the manner in which Mr. Samuel responded to my questions. For example, it took time for Mr. Samuel to explain why he included matters in his May 31 email which appeared irrelevant to his explanation of billing entries in his vouchers; Mr. Samuel's stated reason for including the referenced matters was to show that his client had to be convinced of things Mr Samuel told him. (Hr'g Tr. 2:18-7:16.)

Further, Mr. Samuel explained his practice of viewing multiple court filings as discrete tasks even though his vouchers contain block billing, indicating that he viewed more than one filing during the same period. "Block billing is a practice where the amount of time spent by an attorney on each discrete task is not identified, but instead all

---

[1]    The May 31 email and attached written response are attached to this order under the cover sheet marked "Samuel's May 31, 2011 Email." Two portions of Mr. Samuel's written response have been redacted. An unredacted copy of the written response has been forwarded to Kurt Heiser, the Federal Defender's CJA Panel Administrator, for transmission to the Ninth Circuit with Mr. Samuel's vouchers.

[2]    A copy of the Reporter's Transcript of the June 10, 2011 in-chambers hearing has been forwarded to Kurt Heiser for transmission to the Ninth Circuit with Mr. Samuel's vouchers.

hours spent during [some part] of a day on multiple tasks are billed together." <u>Yeager v. Bowlin</u>, No. CIV. 2:08-102 WBS JFM, 2010 WL 1689225, at *1 (E.D. Cal. Apr. 26, 2010). The use of block billing "makes it [difficult] for the Court to determine how much time was spent on each discrete task" and to assess the reasonableness of time spent on specific tasks. <u>L.A. Printex Indus., Inc. v. William Carter Co.</u>, No. CV 09-2449-JFW (FMOx), 2010 WL 4916634, at *11 (C.D. Cal. Dec. 1, 2010); <u>see also Yeager</u>, 2010 WL 1689225, at *1 (stating that "[t]he California State Bar's Committee on Mandatory Fee Arbitration has concluded that block billing hides accountability and may increase time by 10% to 30% by lumping together tasks" (internal quotation marks and citation omitted)).

Specifically, in the referenced block billing entries, Mr. Samuel recorded his time in a manner which indicates that he viewed each of the documents in the entries in tandem. Mr. Samuel stated at the hearing that contrary to how he elected to block bill his time in these voucher entries, he "believes" he read many of the court filings separately, meaning he did not view the filings in tandem and saw each filing at a different time during the day. Therefore, Mr. Samuel testified that he "believes" that what he recorded as block billing in his vouchers may not actually have been block billing. However, Mr. Samuel stated later in the hearing that he also reviews multiple filings in one sitting (meaning in tandem), and that he has no present recollection of what he actually did when he block billed in his vouchers for viewing filings.

The following portions of the hearing transcript illuminate what was discussed during the referenced portion of the hearing:

3

1
2

THE COURT:  Let the record reflect I'm meeting with Mr. Samuel in my chambers library. One of my lawyers is present.

3
4
5
6

You sent an e-mail, Mr. Samuel. This meeting is pursuant to your request for a meeting for filings that I have made concerning two vouchers you submitted under the Criminal Justice Act. And you requested an opportunity to meet with me concerning your bills, and I'm giving you the opportunity.

7
8
9

In the e-mail document you sent to me dated May 31st, 2011, you stated a couple of things that have nothing to do with your vouchers and should be redacted.

10

MR. SAMUEL: Okay.

11

THE COURT: Because this may be made public later.

12

MR. SAMUEL: Okay.

13
14

THE COURT: And so I'm going to begin the proceeding.

15
16

The portion of the proceeding that I'm going to cover right now is probably not going to be made public because you may have something to say about what I'm redacting.

17

.  .  .  .

18
19

THE COURT: This portion of the proceedings could be made public  .  .  .  I could attach the transcript to the public filing.

20
21
22

As you understand, everything that's covered will be sent to the Ninth Circuit, the reviewing court, of anything that I do under the Criminal Justice Act.

23

How long have you been a criminal defense lawyer, Mr. Samuel?

24
25

MR. SAMUEL: I've been -- well, I started out --

26

THE COURT: Sorry about that. Did I have you to administer the oath to him?

27
28

(Mr. Dwight Samuel was sworn by Diane J. Shepard, CSR #6331.)

4

MR. SAMUEL: I been in the practice of criminal work -- I started out as a district attorney in Yolo County in 1973.I believe. And I've been in continued criminal prosecution and defense work since that time and date.

THE COURT: How long have you been a criminal defense lawyer?

MR. SAMUEL: All but five years of that. I think -- well, all but four years of that. So from about '76 forward. 1976.

THE COURT: How many years is that?

MR. SAMUEL: A long time, Your Honor. I was sworn in in 1972. That was at the age of 26. I'm 66.

THE COURT: You've been a criminal defense lawyer for about 35 years?

MR. SAMUEL: Yes.

THE COURT: How long have you been on the Criminal Justice Act Panel?

MR. SAMUEL: I think at least 20 years. Could be more. I've been through quite a few various bosses.

THE COURT: What does that mean?

MR. SAMUEL: Like Dan Broderick. I call him a boss.

THE COURT: When you say bosses, you mean appointed federal defenders?

MR. SAMUEL: Yes. Going back to Mr. Walker at least.

THE COURT: So you're one of the individuals that would be considered an experienced -- seasoned, experienced criminal defense lawyer on our panel?

MR. SAMUEL: I believe so, Your Honor. I actually have been assigned to do death penalty cases in federal court.

THE COURT: Okay. I've numbered the matters that you identified in your e-mail. And your e-mail is dated -- e-mail to me is dated May 31, 2011.

1          And the first matter numbered concerns your billing entry on December 17, 2007. You billed for

2          the task involved in that entry. It's block billing.

3

4          You are telling me in your billing that it took you anywhere from 43 to 48 minutes. You billed

5          a .8. A .8 means 48 minutes. I think what you have explained, which is true, that that means that it

6          could have taken you anywhere from 43 to 48 minutes to read all this, right?

7          MR. SAMUEL: Well, can I just explain that for a second, Your Honor?

8

9          THE COURT: Sure.

10          MR. SAMUEL: These publications as they come through the e-mail --

11          THE COURT: What publications?

12          MR. SAMUEL: I mean ECF filings 29, 27, 20, 30, the ones I've enumerated --

13

14          THE COURT: The record doesn't reflect what you're talking about. You billed as block billings?

15          MR. SAMUEL: Correct.

16          THE COURT: Let's see what you say here. This is your e-mail: ["]12-17-07 billing of .8. The

17          notation is a block filing referring to the review of eight ECF filings - 29, 27, 20, 30, 22, 24, 32,

18          and 31.["]

19          And those are docket entry numbers, right?

20          MR. SAMUEL: Yes.

21          THE COURT: [I] understand that.

22          MR. SAMUEL: Okay.

23          THE COURT: And so what you are conveying by this billing is that it took you 43 to 48 minutes

24          -- I'm not sure whether it's 43 or the upper of 48 -- to read all this. I should let you know -

25

26          MR. SAMUEL: Uh-huh.

27          THE COURT: -- that I read it before coming in here.

28          MR. SAMUEL: Sure.

1           THE COURT: I read it in three minutes.

2           MR. SAMUEL: Can I respond?

3           THE COURT: I read all of these, all of these
documents in three minutes.

4

5           MR. SAMUEL: I understand that, Your Honor. And
if you were to individually line them all up and
read them all at the same time, then I suspect that

6 that would be true.

7           But these e-mails don't come to me all in a
line, all at one time, or I don't read them all in

8 a line or all at one time. So that's why each one
of these is reflective of an individual looking at

9 it. And as we know, the minimum billing is .1.

10           So that's how that gets to .8 because it's an
individual task, a discreet task, which is done.

11 And what we're instructed to do -- based upon what
we are instructed to do is as to the discreet task

12 if, you know, I mean --

13           THE COURT: Just a minute, sir. You didn't bill
it as a discreet task.

14

15           MR. SAMUEL: You're right. I didn't.

16           THE COURT: You blocked billed it to convey
that you read it all at the same time. That's how

17 you've billed it.

18           Just a moment. I want to look at your e-mail
explanation.

19           MR. SAMUEL: Sure.

20           THE COURT: In your e-mail explanation you say,
in part: Finally, not all e-mails received on a

21 specific date are viewed all at one time. This
entry of .8 is for simply opening eight documents,

22 reviewing each one, and I believe this time is
reasonable.

23

24           Sir?

25           MR. SAMUEL: Yes.

26           THE COURT: Are you telling me that you
reviewed each document separately, and then there
was some space, you did other things, and then you

27 went and reviewed another document, is that what
you're saying?

28

1    MR. SAMUEL: Yeah.

2    THE COURT: How do you know that? How do you
     know you did that?
3
4    MR. SAMUEL: I don't, Your Honor. I can tell
     you this --

5    THE COURT: If you don't know you did it, then
     why did you say yes?
6
7    MR. SAMUEL: Because I believe that's what I
     did, Your Honor. That's my best recollection. I
     don't have the file any longer, and I believe
8    that's what I did.

9    THE COURT: Sir, if that's what you did, then
     why didn't you bill for discreet tasks at the time
10   you did it, if that's what you did?

11   MR. SAMUEL: My explanation for the block
     billing was presented in the second paragraph,
12   which I indicated that I was -- when we had been
     involved --
13
     THE COURT: Second paragraph of what?
14
15   MR. SAMUEL: My letter of May 31st.

16   THE COURT: On the first page?

17   MR. SAMUEL: Yes. And it indicated that we had
     received instructions from the Ninth Circuit --

18   THE COURT: Sir, I'm not criticizing you for
     block billing.
19
20   MR. SAMUEL: Okay.

21   THE COURT: I question it. I'm asking you why
     you billed what you billed? Because you indicate in
22   your billing that you read all these documents --

23   MR. SAMUEL: Right.

24   THE COURT: -- at the same time.

25   MR. SAMUEL: No, I didn't. Maybe that's unclear
     to you, Your Honor. Because I don't want to argue.
26   I'm not saying to this Court -- at least I didn't
     think I said to this Court -- that I read them all
27   at the same time.

28   THE COURT: Well, when you give me a voucher
     that sets forth billing tasks, and you say under
     date -- which is what we're talking about, and I'm

                          8

going to read it -- ["]12-17-2007.["] And then in
description: ["]Review three co-defendants'
detention order and arrest warrants and minutes for
detention hearing.["] And then you put .8.

MR. SAMUEL: That's on 12-17?

THE COURT: Look at your billing voucher. It's
right there. That's what you say.

MR. SAMUEL: Well, I see what I said there.
That is a combination of the work because we
thought we -- we could combine it together.
Obviously I was wrong. And obviously it stated that
I'm wrong.

THE COURT: I don't know what you're saying
you're wrong about when you say that was a
combination of the work.

MR. SAMUEL: The block billing.

THE COURT: All right. Maybe we need to move
on.

MR. SAMUEL: Okay.

THE COURT: Because I'm going to tell you what
I hear you telling me.

MR. SAMUEL: Uh-huh.

THE COURT: What I hear you telling me is that
your billing entry here is inaccurate, and that you
actually did sit down, and you considered each of
these documents -- I think it's eight documents
referenced in this block billing -- separately, and
that you could have billed for them separately?

MR. SAMUEL: Yeah.

THE COURT: But for some reason you elected not
to. And then apparently later in the day then you
decided to bill for them all at once.

MR. SAMUEL: I think the Court assumes that I
do my billing -- I do much of my billing
contemporaneous with the acts. I don't do all these
billings contemporaneous with the acts.

THE COURT: We're not talking about all bills.
You can be specific. You can be here for a long
time talking about 12-17-2007, that precise billing
that I just showed you, which I just read into the
record.

9

1    MR. SAMUEL: Right.

2         THE COURT: Which you state -- and I believe
     you affirmed this when you signed this voucher --
3    ["]review three co-defendants' detention order and
     arrest warrants and minutes for detention hearing.
4    .8["]. Shall we go on?

5         MR. SAMUEL: I heard what the Court said, yes.
     I understand the comparison.
6
          THE  COURT:  And  I'll  be  frank.  I  don't
7    understand what you're saying.

8         You're indicating to me that you do not bill
     contemporaneously. You're indicating to me that
9    although you told me and by submitting the bill
     this way that you read everything at the same time,
10   that that's not what you meant to tell me.

11        MR. SAMUEL: Correct.

12        THE COURT: What you meant to say was that you
     read the documents separately in separate settings,
13   but, yet, for some reason you didn't bill for them
     separately. I guess you categorize that in your
14   mind. And then you decided to bill later on in the
     day. That's the message you're giving me.
15
          . . . Tell me again what you did on December
16   17th, 2007 concerning this billing.

17        MR. SAMUEL: Well, I've tried to recreate that
     based upon my review of the materials to try to
18   explain to the Court why I did a billing --

19        THE COURT: All right. Then let's go on.

20        MR. SAMUEL: All right. Sorry.

21        THE COURT: What I have as number two next to
     your e-mail concerns your billing entry on December
22   18th, 2007. It's at the top of the page. Do you see
     that?
23
          MR. SAMUEL: Yes.
24
          THE COURT: It says: Billing of .4 is to review
25   three ECF documents - 23, 26 and 25. The detention
     conditions of other defendants was important to the
26   defendant. I noted this for later discussions with
     the defendant.
27
          Your voucher concerning this billing entry has
28   under the date of 12-18-07 in the descriptions:

                          10

1  ["]Review detention hearing minutes, arrest warrant
for co-defendant and designation of counsel.["]

2

3  Your voucher indicates that you reviewed all
of those matters in one sitting, correct?

4  MR. SAMUEL: Well, my explanation is still the
same as the last time in that you're assuming --

5

6  THE COURT: Well, just tell me what you did.

7  Sir, look, if you give me something -- you do
have discreet billings in your voucher. This is not
a discreet billing. And so just tell me what you
8  did.

9  MR. SAMUEL: Well, I can only tell you what I
normally do, Your Honor. Because this is a long
10  time ago. What I normally do is I will get an
e-mail --

11

12  THE COURT: Before you do that, when you say
this is a long time ago, you can only tell me what
you normally did, that conveys that you don't know
13  what you did on this date with this billing entry.

14  MR. SAMUEL: No, I don't. I mean, you know,
honestly --
15

16  THE COURT: All right.

17  MR. SAMUEL: -- I don't.

THE COURT: All right.
18

19  MR. SAMUEL: I promised myself I would try to
answer the Court's question. But if it's a very
specific question like that, I know what I normally
20  do. I know what I normally do. And specifically
that time and that date right now I don't have an
21  independent recollection, and I apologize to the
Court for that.

22

23  THE COURT: I'm not asking you to apologize.
I'm trying to ascertain whether your voucher is
accurate.
24

25  I will tell you this. You're the second lawyer
I've had in my chambers library concerning a
voucher, and the first lawyer I did not make any
26  changes. I approved the voucher.

27  I'm having serious concerns about your voucher
and about your responses to me. You billed -- in
28  this billing entry you're telling me that it took

you 19 to 24 minutes to look at this minute text.
It's right here.

MR. SAMUEL: Okay.

THE COURT: [L]ook at this minute text. That
minute text is -- what's the docket number on top
of that, sir?

MR. SAMUEL: Appears to be 26.

THE COURT: Okay. It's 26. And to look at 25,
which is two sentences, and to look at a form
warrant for arrest, which you don't have to read
the whole thing. You know that.

MR. SAMUEL: Right.

THE COURT: You only look for certain
information. So it took you 19 to 24 minutes to
look at -- I want those documents back, by the way.

MR. SAMUEL: Yeah. I'm just moving mine over
there.

THE COURT: I understand. I'm just telling you
that I want them back because I'm going to place
them back in the notebook that I got them out of.

MR. SAMUEL: Right. Well --

THE COURT: You said that you billed -- I mean,
you billed -- am I making it -- no, you billed .4.
.4 is 24 minutes. And you've explained to me that
that doesn't necessarily mean you billed 24
minutes. That means you could have billed anywhere
from 19 to 24 minutes. Even if it you took you 19
minutes, these are three documents. Hardly any
text. It would not take 19 minutes to read these
documents. I read them in about a minute.

MR. SAMUEL: I understand that, Your Honor. And
the only thing I can relate to the Court is that
each one of these items were viewed -- this is the
way it looks to me, anyway -- each one of them were
viewed separately. They weren't viewed at the same
time.

And each one of them, if you open that,
according to what I understand, that is .1 billing.
So there's .3 billings just looking at three of
these things. That's my understanding. If it's a
mistake, then I will certainly stand corrected on
that. But if I were to --

THE COURT: Just a moment. I need you to explain that again.

Are you telling me that if you sit at the computer, and you're on the court's docket system for this case, each time you open a document you bill at a minimum six minutes, no matter how long you were in front of the computer?

MR. SAMUEL: Can I clarify? First of all, I'm not in the court's docket. I'm in my own computer docket, which I get an e-mail directed to me as well. All right?

THE COURT: Okay.

MR. SAMUEL: So what I'm indicating to you is that if these -- if I read them separately, three discreet events.

THE COURT: If you read them together. Just start with together. Because that's how you billed it . . .

MR. SAMUEL: Well, I don't necessarily agree with the Court's characterization.

THE COURT: So you're telling me you absolutely did not read them together?

MR. SAMUEL: Once again, I cannot specifically sit here and recall on 12-18 whether I -- I can only tell you what I normally do, if the Court would allow me.

THE COURT: If you sometimes read them together --

MR. SAMUEL: Uh-huh.

THE COURT: -- tell me how you bill.

MR. SAMUEL: If I sometimes read them together, I would probably bill them -- well, I would bill them as reading ECF 23 and 26. Let's say those were the two together. It may very well be .1. I don't commonly --

THE COURT: You have three documents.

MR. SAMUEL: I --

THE COURT: Sir, just a moment. You have got three documents, and if you read all three of them at the same time, one after another in one sitting, how would you bill that?

13

MR. SAMUEL: I would bill that as a .1 if I read them all at one sitting, Your Honor. That's what it would be.

THE COURT: And as you sit here now, you don't know if it was one sitting, do you?

MR. SAMUEL: No, I don't.

THE COURT: But are you --

MR. SAMUEL: I think --

THE COURT: Just a moment. Are you telling me that it was more than one sitting?

MR. SAMUEL: I think it was, yes.

THE COURT: How do you know?

MR. SAMUEL: By my common practice. And my common practice is I'll come into the office, I'll open up my e-mail in the morning, I'll look at my e-mail in the morning.

I may not look at everything that's still there in the morning because I have other things to do. I'll go back to my e-mail at least before noon, look at the material again, try to get through that material again.

And then if I can't get through that material again, I usually open it once again before 1:30, and I usually open it again before 5:00.

So there's at least four to five times that I'm touching my e-mail a day. And so that's why I cannot tell you whether -- and there's intervening things that occur. That's why I can't tell you whether I read it at one sitting or read it at four sittings. I should be much more discreet about that. I recognize that. But I can't tell you.

THE COURT: But you didn't bill for .1 for reading all three documents, you billed .4.

MR. SAMUEL: Right.

THE COURT: Which is meant that it took you up to 24 minutes, 19 to 24 minutes.

MR. SAMUEL: It could have.

THE COURT: It could have.

14

1          MR. SAMUEL: Well, no. No, Your Honor. Look, if
2     I open this e-mail, and I see this e-mail, and it's
      the only e-mail I see, it's a discreet billing,
      theoretically. I should have done that. It would
3     have been at the minimum .1, whether it was one
      minute or six minutes or five minutes, whatever it
4     is.

5          So if I go to my e-mail, and I discreetly open
      each   one   at   a   different   setting,   then
6     theoretically, under the auspices of what we're
      supposed to be doing, that would be six separate
7     contacts, six discreet things.

8          I admit that I did block billing, but I didn't
      infer, I believe -- I don't think I'm inferring --
9     that while I was doing that that I was saying that
      I did this all together, and that's what I want --
10
           THE COURT: Sir, that's how you billed.
11
           MR. SAMUEL: Right.
12
           THE COURT: That's how you billed. And it would
13    seem   to   me   that   if   you   handled   each   task
      separately, you should have billed separately.
14
           MR. SAMUEL: I agree with you completely now,
15    Your Honor. And seeing what I'm having to do --

16         THE COURT: Let's go on. This seems to be
      wasting time.
17
           MR. SAMUEL: All right.
18

19    (Hr'g Tr. 2:4-21, 7:17-23:2.)

20    **B.   Mr. Samuel's Responses to the Questioned Billing Entries**

21         Mr. Samuel responded in his May 31 email to each of the CJA

22    billing issues I raised in my May 24, 2011 Order and in my earlier

23    "Proposed CJA Attorney Fee Reduction" judicial communication, dated

24    April 1, 2011 ("April Communication").[3] For ease of review, each of the

25    questioned billing entries, and Mr. Samuel's written responses thereto,

26    were assigned a number (1-33). The numbers are handwritten on the copy

27    _____

28         [3]   The April Communication was incorporated by reference and
      attached to my May 24, 2011 Order.

1  of Mr. Samuel's May 31 email, which is attached to this order. These
2  billing entries were discussed in numerical order with Mr. Samuel at the
3  hearing, and are discussed in the same order herein.

4         1)   12-17-07 (Action No. 2:07-cr-00571)

5         Mr. Samuel block-billed 0.8 of an hour (43-48 minutes) on
6  December 17, 2007 in Action No. 2:07-cr-00571 for "Review 3
7  co-defendant's detention order and arrest warrants, and minutes for
8  detention hearing."[4] I requested clarification of this block billing
9  entry in my April Communication. (April Comm. 2:7-10.) Mr. Samuel
10 responded in his May 31 email as follows:

11         [T]he notation is a block filing referring to the
           review of eight ECF filings: 29, 27, 20, 30,  22,
12         24, 32, 31. The process in my office entails,
           opening my email, and viewing each document and
13         filing them in one of two places if no further
           action is needed. I personally file each in an
14         efile containing all emails from any source for
           that case. If the documents are meaningful in some
15         way then they may be saved to my [computer's] hard
           drive in a file created for that document for
16         recall later. If the document is important to the
           defendant as conditions of release for the other
17         defendants, or sentences or plea agreements, then I
           might print out that document for my client.
18         Finally, not all emails received on a specific date
           are viewed all at one time. This entry of .8 is for
19         simply opening eight documents reviewing each one
           and I believe this time is reasonable.
20

21 (May 31 email 2-3.)

22        It took me only three minutes to read the eight filings
23 referenced in this billing entry. When I told Mr. Samuel at the hearing
24 that I read all eight documents in three minutes, he admitted that if

25 _____

26        [4]    The electronic case filings Mr. Samuel reviewed in this
   billing entry are attached to this order under the cover sheet marked
27 "Filings for No. 1." For ease of reference, all electronic case filings
   and/or electronic docket entries referenced in a billing entry are
28 attached to this order under a cover sheet marked "Filings for No. __"
   for the corresponding number.

the filings were read in tandem as I read them, it would likely take only three minutes to read them. (Hr'g Tr. 10:23-11:2.) However, Mr. Samuel also stated at the hearing that it is his practice to read multiple electronic filings in separate sittings. _Id._ at 11:3-12:6. The entire portion of the hearing transcript regarding this billing entry is provided _supra_.

Mr. Samuel's testimony at the hearing reveals that he really does not know whether he read the eight filings "at the same time" or not. Although he testified that he reviewed "each document separately . . . and . . . did other things" between his review of each document, when I asked how he knows he did that, he responded: "I don't[.]" _Id._ at 12:2-9. I then asked Mr. Samuel, "If you don't know you did it, then why did you say yes?" _Id._ at 12:11-12. He responded, "Because I believe that's what I did, . . . [t]hat's my best recollection. I don't have the file any longer, and I believe that's what I did." _Id._ at 12:11-15. Nor can Mr. Samuel provide contemporaneous billing records to support his present reconstructed "belief" of what he thinks he did when he aggregated the eight tasks in this block billing entry, since he testified at the hearing that he does not "do all [of his CJA] billings contemporaneous with the acts." _Id._ at 14:19-22. The CJA Guidelines prescribe that "appointed counsel must maintain contemporaneous time . . . records for all work performed[,]" and retain such records "for three years after approval of the final voucher[.]" Guidelines for Administering the CJA and Related Statutes, Vol. 7A, Guide to the Judiciary Policy ("CJA Guidelines"), §230.76; see also Instructions for CJA Form 20 (stating "[a]ll payments made pursuant to this [voucher] are subject to post-audit; contemporaneous time and attendance records as

well as expense records must be maintained for three years after
approval of the final voucher").

Also troubling was Mr. Samuel's revelation, later in the
hearing, that when he bills for the review of documents, he does not
keep track of his time. (Hr'g Tr. 59:15-61:18.) Mr. Samuel described it,
instead, as a "gut thing" where "everything starts with a .1[,] and [he]
estimate[s] whether or not it took over six minutes." Id. at 60:16-
61:18.[5]  It is unclear when Mr. Samuel makes the referenced estimation,
i.e. if it is made contemporaneously when he reviews the document(s), or
at a later time.

Mr. Samuel's conclusory, unsupported testimony about what he
now "believes" he did several months ago is insufficient to contradict
the block billing in his voucher, in which his averment conveys that he
reviewed the eight filings in tandem and during the same period;
specifically, Mr. Samuel aggregated the eight tasks in his voucher and
did not allocate what amount of time was spent on each task.

Further, Mr. Samuel's stated "belief" has not shown to be
"equivalent to knowledge." Jameson v. Jameson, 176 F.2d 58, 60 (D.C.
Cir. 1949). When evaluating what weight, if any, to give to a person's
"belief," the context in which the person states what he believes is
considered.  "Belief" statements are "entitled to no weight" when the
declarant fails to show he has "personal knowledge" of the matters on
which he has given opinions prefaced with the word "believe." Bank Melli
Iran v. Pahlavi, 58 F.3d 1406, 1412 (9th Cir. 1995)(citations omitted);
Pace v. Capobianco, 283 F.3d 1275, 1279 (11th Cir. 2002)(stating "[t]he
district court's treatment of the 'believe' portion of [an affiant's]

_____

[5]    Pages 60-61 of the hearing transcript are quoted in full
infra.

18

1  statement in his affidavit . . . as sufficient to create a fact issue .

2  . . was error[,]" since the affiant did not have a sufficient factual

3  basis to believe what he averred he believed).

4        In light of the context in which Mr Samuel uses the words "I

5  believe," including Mr. Samuel's demeanor at the hearing, his usage of

6  those words appears spawned from his post hoc effort to reconstruct

7  block billing averments in his voucher into separate billing entries for

8  the purpose of justifying the amount of time billed. If Mr. Samuel

9  reviewed the eight documents separately, it is manifestly clear that he

10  should have listed and billed each task separately.

11              If [a CJA] attorney . . . spends all of his or her
              time on one task, that is the only task that should
12              be recited in the billing entry. If work is
              performed on more than one task, all tasks should
13              be recited and the amount of time for each task
              should be designated in the billing entry with,
14              perhaps, the total amount for the [time period
              involved] listed separately. Because attorneys
15              should be accurately recording their time, the
              requirement that the time spent on each task be
16              recorded will not be a disincentive to continued
              accurate time recording.

17

              In fact, in [the above captioned] case[s],
18              there are [several billing] time entries by [Mr.
              Samuel] in which he did exactly what is required.

19

20  Frevach Land Co. v. Multnomah Cnty., Dept. of Envtl. Servs., Land Use

21  Planning Div., No. CV-99-1295-HU, 2001 WL 34039133, at *11 (D. Or. Dec.

22  18, 2001). Mr. Samuel's silence as to why he did not divide the eight

23  tasks into separate time entries supports drawing the reasonable

24  inference that he performed these tasks during the same time period in

25  tandem, meaning he reviewed the eight filings in three minutes as I did;

26  and, therefore, he considered them to comprise one billing entry. Since

27  Mr. Samuel's testimony at the hearing evinces that he does not know what

28  he did, I am relying upon his averments in his voucher.

1    Further, Mr. Samuel's written response concerning this billing
2  entry described time he expended performing secretarial tasks, which are
3  not reimbursable under the CJA. CJA Guidelines § 230.66.10; see also
4  U.S. v. Segurola, No. 09-20628-CR-GRAHAM, 2010 WL 4387751, at *4 (S.D.
5  Fla. Oct. 26, 2010) (deducting time CJA counsel billed to "open client
6  & co-def files, organize file & info," "review & calendar events re:
7  scheduling order," "organize materials re: defense experts," and "file
8  & organize info & docs" as "clerical duties"); U.S. v. Rodriguez, No.
9  08-14060-CR-MARTINEZ, 2010 WL 2710576, at *4 (S.D. Fla. June 23, 2010)
10 (deducting time billed to "print case docket report," and "subpoena
11 faxed" as "clerical work . . . not compensable under the CJA").

12    Mr. Samuel stated in his written response and in his sworn
13 statements at the hearing that he did not know secretarial tasks cannot
14 be billed under the CJA as counsel time spent representing his client
15 until he received my April Communication. (May 31 email 3; Hr'g Tr. 5:2-
16 9, 52:4-55:11.)  Mr. Samuel has been a CJA panel attorney for
17 approximately twenty years; therefore, it is startling that he did not
18 know he could not seek reimbursement under the CJA for secretarial tasks
19 until I informed him. (Hr'g Tr. 8:20-23.)

20    For the stated reasons, this billing entry is excessive by at
21 least 0.6, or 75%.

22         **2)  12-18-07 (Action No. 2:07-cr-00571)**

23    Mr. Samuel billed 0.4 (19-24 minutes) for "Review detention
24 hearing minutes, arrest warrant for co-defendant, and designation of
25 counsel." I requested clarification of this block billing entry in my
26 April Communication. (April Comm. 2:7-10.) Mr. Samuel responded in his
27 May 31 email as follows: "[This billing] is to review three ECF
28 documents: 23, 26 and 25. The detention conditions of other defendants

was important to the defendant. I noted this for later discussions with the defendant." (May 31 email 3.)

Mr. Samuel admitted at the hearing that if the referenced documents were read in tandem, the time for their review should be billed at a 0.1, or just over zero to six minutes. (Hr'g Tr. 20:17-21.) He further stated that he does not recall if he read the documents in tandem or as three discrete tasks performed at separate times during the day. Id. at 20:22-24.   The hearing record concerning this issue is as follows:

> THE COURT: Sir, just a moment. You have got three documents, and if you read all three of them at the same time, one after another in one sitting, how would you bill that?
>
> MR. SAMUEL: I would bill that as a .1 if I read them all at one sitting, Your Honor. That's what it would be.
>
> THE COURT: And as you sit here now, you don't know if it was one sitting, do you?
>
> MR. SAMUEL: No, I don't.

Id. at 20:17-24.

This billing entry is excessive by 0.3 or 75%.

3)   12-27-07 (Action No. 2:07-cr-00571)

Mr. Samuel billed 0.4 for "Review minutes for initial [appearance] and arraignment, and docket RE: shackling code as to Aid Luangrath." I requested clarification of this block billing entry in my April Communication. (April Comm. 2:7-10.) Mr. Samuel responded:

> [T]his block billing was for reviewing ECF 38 and also a second note but not enumerated by number was an entry regarding shackling code F. I believe at this time there was some contention about shackling so I noted that policy for later discussion and action if necessary with my client.

(May 31 email 3.)

1        Mr. Samuel further explained at the hearing that he believes

2   this billing entry also included time to review other materials

3   concerning changes to the court's shackling policy, which were being

4   circulated among CJA panel attorneys at the time. (Hr'g Tr. 23:21-

5   27:15,35:3-38:24.) Mr. Samuel described this additional work during the

6   hearing as follows:

7            THE COURT: I'm not sure what you are telling
             me about Shackling Code F. You're indicating that
8            you spent time concerning Shackling Code F.

9            MR. SAMUEL: Right. My recollection is that
             during this period of time, they were having new
10           policy as it relates to shackling. That all counsel
             throughout the panel were concerned about
11           shackling.

12           THE COURT: Sir, let me interrupt you. I have
             something about shackling, and I got this from a
13           magistrate judge. And it's it says "full, legs
             only, none." And I think full means F, right? Is
14           this the shackling code that you're talking about?

15           MR. SAMUEL: Yeah. Well, let me look at it for
             a second.
16
             THE COURT: It's a one-page document.
17
             MR. SAMUEL: And it's prisoner's threat level,
18           right, and I've seen these before. And, yes, that,
             I'm pretty sure, was what it was that I was looking
19           at.

20           THE COURT: Well, this is pretty simple. What
             was it that consumed your time with this document?
21
             All it says is, judicial ruling, colon, when
22           alone, colon, and then they have three boxes for
             the judge to check. And there's the word "full,"
23           then there's a box next to it, the words "legs
             only," then a box next to it, the word "none," then
24           a box next to it. Then the next line says multiple
             defendants and has the same three boxes.
25
             What is it that consumed your time looking at
26           this?

27           MR. SAMUEL: Well, I think there was more than
             just looking at that that I was referencing when I
28           referenced this notation. Because I said noted the

                                    22

1   policy for later discussion. I had -- there was a
    large conversation going on --
2
3           THE COURT: Just a moment. You prefaced what
    you just -- what you're now saying, and I
    interrupted you with the words "I think."
4
5           MR. SAMUEL: Right.
6
            THE COURT: Does that mean that you don't know,
    that you're guessing?
7
            MR. SAMUEL: Once again, I guess the answer
    would have to be I don't know specifically, and
8   this is my best recollection. My best recollection,
    Your Honor. I'm sorry.
9
10          THE COURT: I don't know what your best
    recollection is.
11
            MR. SAMUEL: I know. You know, I mean --
12
            THE COURT: Are you going to tell me -- have
    you told me your best recollection, or did I
13  interrupt you?
14
            MR. SAMUEL: I started to tell you my best
    recollection.
15
16          THE COURT: Go ahead.
17          MR. SAMUEL: Which was that this was a whole
    big thing that was going on. That that was an issue
    that people were appealing these particular
18  motions.
19          THE COURT: What did you do, sir? I don't --
20          MR. SAMUEL: I went back -- and I'm sure that
    my recollection serves me correctly. I'm sure that
21  I went back, and I looked at other people's
    indicators about the detention or the shackling
22  issue, and I looked at other material.
23          Now I didn't discretely indicate that to you,
    and I guess I should have been extremely detailed
24  about that. But that's my recollection that I went
    further. I mean, we're only talking about six
25  minutes or so to take a look at something else.
26          THE COURT: Where did you look at it? What did
    you do?
27
            MR. SAMUEL: Well, there are other e-mails --
28  actually, what the panel does --

                              23

1    THE COURT: Well, I'm trying to figure out --

2    MR. SAMUEL: I'm trying to --

3    THE COURT: I have an emergency. I'm sorry. I
     have to take this call.

4
                    (Pause in proceedings.)
5
     THE COURT: Do you know where we were?
6

7    MR. SAMUEL: We were at the 12-27-07 shackling.

8    THE COURT: Did I interrupt you to take the
     emergency call?
9
     MR. SAMUEL: I think I had finished my answer.
10   I thought I had. Because -- oh, you know what, I
     hadn't.
11
     What I was saying was -- you were asking -- I
12   was saying that this -- there was a big
     conversation about shackling. So it was not just
13   simply looking at the document that I was referring
     to when I said this .3. That I also -- oh, and what
14   I was describing to the Court is that the panel
     puts out a lot of information.
15
     And so there had been -- that's how I was
16   aware that there was a large discussion about
     shackling. And they also put out materials and
17   discovery and suggested approaches to that. This
     was probably one of the first times I had been
18   involved with the shackling. I wanted to make
     myself conversant with that.
19
     THE COURT: But you weren't involved at this
20   point, and your client was not involved, right?

21   MR. SAMUEL: No. But the case was.

22   THE COURT: What do you mean the case was? You
     mean a defendant in the case?
23
     MR. SAMUEL: Correct.
24

25   (Hr'g Tr. 23:21-27:15.)

26   However, neither Mr. Samuel's vouchers, nor Mr. Samuel's

27   written response regarding this billing entry, indicated that it

28

                              24

encompassed such additional work.[6]  The discrepancy between Mr. Samuel's explanation for this time entry given during the hearing versus the billing entry and Mr. Samuel's written response was discussed at the hearing as follows:

> THE COURT: . . .
>
>           . . . .
>
>           [N]ow what you are indicating to me, I think, is that you have something to say other than in your e-mail response and what's in your voucher?
>
>           MR. SAMUEL: I don't think I have anything further to say. I thought that I -- maybe I'm unclear.
>
>           I guess, yeah, because it's a further explanation as to what I did as it relates to the shackling code and it's a fleshing out, you know, and would take several further definition -- you know, further writing of what else I did to be a full and complete and concise statement of everything.
>
>           I mean it would -- I'm sorry. You know, all I can tell you is that I thought this was a full and complete determination. The best as I could determine based upon my recollection. This one, which is 12-27-07, is a specific recollection. And the only reason I put "believe" on there is because it was so long ago, and I don't have my file.
>
>           THE COURT: But that doesn't add anything. That's what I'm telling you. I'm telling you that the first sentence says the same thing as what's in your voucher description.
>
>           It says you looked at two things. You looked at 38, and you looked at what's unnumbered, which is on the docket sheet below 38, and that's a separate date entry of 12-27-07.
>
>           MR. SAMUEL: They, to me, were two discreet actions.

---

[6]     Had Mr. Samuel kept contemporaneous time records, as required under the CJA, they would have been available to Mr. Samuel and the Court to determine what exact tasks this billing entry encompassed.

1  THE COURT: Sir, I'm not saying they're not two
2  discreet actions. I'm saying this is all you told
   me you did.

3  MR. SAMUEL: Okay.

4  THE COURT: Are you telling me now that you did
5  something other than just looking at these two
   docket entries?

6  MR. SAMUEL: As I said before lunch, I also --
7  when I say noted it, that means I looked at some
   additional material relative to the shackling and
   what was going on in our legal community as it
8  relates to shackling. So I had -- and that's not in
   -

9
10  THE COURT: This doesn't say "noted it." Unless
   I'm misreading this.

11  MR. SAMUEL: It says "noted it."

12  THE COURT: Read what you're talking about.

13  MR. SAMUEL: Says: I believe that at this time
   there was some contention about shackling, so I
14  noted that policy for later discussion and action,
   if necessary, with my client.
15
   THE COURT: What policy did you note?
16
   MR. SAMUEL: The shackling policy.
17
   THE COURT: How did you note it?
18
19  MR. SAMUEL: First of all, I became aware of
   it. I was aware of it because of what was going on
   in the legal community. And I referenced some of
20  the material -

21  THE COURT: Sir, you say "noted." What do you
   mean by "noted" right here?
22
   MR. SAMUEL: Took notice of it and took further
23  action on it.

24  THE COURT: So then you mean two things then?
   The word "noted" means that you took notice of the
25  shackling policy?

26  MR. SAMUEL: Right.

27  THE COURT: And that you took further action
   concerning the policy on December 27, 2007.
28

1  MR. SAMUEL: I refer -- when I say further
   action, I reviewed that policy and the materials
2  that was noted to us by the CJA panel. And so,
   yeah, I'm saying that.
3
       THE COURT: Why didn't –
4
       MR. SAMUEL: I mean that's –
5
       THE COURT: Why didn't you put that in your
6  voucher?

7      MR. SAMUEL: I don't know.

8      THE COURT: Why didn't you put that in your
   e-mail response?
9
       MR. SAMUEL: I don't know, Your Honor. I mean -
10                -

11 Id. at 36:5-39:6. The above exchange indicates Mr. Samuel does not know

12 what he meant in his voucher where he wrote "docket RE: shackling code

13 as to Aid Luangrath."

14         Further, even if Mr. Samuel's explanation during the hearing

15 had to be credited, he has not shown that the time he spent educating

16 himself on the shackling issue is recoverable under the CJA. Mr. Samuel

17 conceded that his client was not involved in any shackling dispute, but

18 stated he "wanted to make [him]self conversant with that" issue. Id. at

19 27:7-15. Attorneys are paid under the CJA both for hours spent before

20 the court and those "reasonably expended out of court." 18 U.S.C. §

21 3006A(d)(1). Counsel seeking "payment of attorney fees . . . [under the

22 CJA has] the duty . . . to provide the court with satisfactory evidence

23 the expenditure of time meets the standard of reasonability." U.S. v.

24 Cook, 628 F. Supp. 38, 42 (D. Colo. 1985). "The question [is] what

25 hours were reasonably expended completing work necessary for adequate

26 representation." In re Smith, 586 F.3d 1169, 1175 (9th Cir.

27 2009)(internal quotation marks and citations omitted). "An appointment

28 under the CJA assumes familiarity with the basic rules governing

1 | criminal [matters], . . . and counsel should not be compensated under
2 | the Act for reviewing those rules." US v. Hamilton, No. 96-10018-02,
3 | 1996 WL 633619, at *2 (D. Kan. Oct. 8, 1996); see also Cook, 628 F.
4 | Supp. at 42 (stating, "the fundamental purposes of the [CJA prevent]
5 | payment of attorney fees for the furtherance of counsel's education").

6 | Mr. Samuel has not shown that whatever he did and "noted
7 | . . . [about the shackling] policy for later discussion and action, if
8 | necessary, with [his] client" involved time "reasonably expended
9 | completing work necessary for adequate representation" of his client.
10 | For the stated reasons, this billing entry is excessive by 0.3, or 75%.

11 | 6)   11-24-09 (Action No. 2:07-cr-00571)[7]

12 | Mr. Samuel billed 0.4 for "Review 2 notices of appeal RE:
13 | Jauregui, judgement and [commitment], stipulation and order for
14 | sentencing, clerk's notice." I requested clarification of this block
15 | billing time entry in my April Communication. (April Comm. 2:7-10.) Mr.
16 | Samuel responded: "[T]his block billing entails the review of ECF 196,
17 | 197, 198 and 199. Four documents .4 total is consistent with the
18 | instructed billing practices that I am aware of at this time." (May 31
19 | email 3.)

20 | Mr. Samuel testified as follows at the hearing that he does
21 | not recall if he read the filings referenced in this billing in tandem
22 | or as three discrete tasks performed at different times during the day:

23 | THE COURT: Those were block billing. Did you
   | do the task all at once?
24 |
   | MR. SAMUEL: I can't say that I did. I can't
25 | say that I didn't. But I suspect that I didn't.

26 | (Hr'g Tr. at 41:12-15.)

27 | _____

28 | ⁷     Billing entry numbers 4 and 5 are not discussed in this order
   | since they are not a basis for the reduction.

28

1    This billing entry is excessive by at least 0.2 or 50%.

2        7)   12-1-09 (Action No. 2:07-cr-00571)

3    Mr. Samuel billed 0.4 for "Review judgment and commitment RE:

4   Honeycutt, Stipulation, USCA case number for appeal." I requested

5   clarification of this block billing time entry in my April

6   Communication. (April Comm. 2:7-10.) Mr. Samuel responded in his email

7   as follows:

8           [This] is a block billing entailing review of ECF
            201, 202, 203.
9
            Your honor expressed concern that my
10          calendaring was a clerical duty and
            non-reimbursable. I was working under the
11          assumption that because I attended court when
            future dates were set, and the one who read e-mails
12          or stipulations setting or changing dates,
            calendaring was something I should do. Since this
13          court's initial memo, I have read the applicable
            rule about reimbursement (§ 230.66.10(b)) and I
14          agree that the court is correct; such calendaring
            is not reimbursable.
15

16  (May 31 email 3.)

17       Mr. Samuel testified about this block billing at the hearing

18  as follows:

19          THE COURT: Your e-mail response states:
            ["]12-1-09, billing of .4 is a block billing in
20          telling review of ECF 201, 202, and 203.["]

21          Do you know now whether those are discreet
            acts, or did you sit in one sitting and review
22          those entries?

23          MR. SAMUEL: As I sit here, I don't know if
            those are discreet acts. . . .
24

25  (Hr'g Tr. 42:11-17.) This testimony conveys that Mr. Samuel does not

26  know whether he read these filings in tandem or as separate tasks

27  performed at different times during the day.

28       This billing entry is excessive by at least 0.2 or 50%.

**Numbers 8-12, 14-15 (Action No. 2:07-cr-00571)**

I also asked Mr. Samuel for clarification in my April Communication of the following billing entries in Action No. 2:07-cr-00571 (*See* April Comm. 2:11-19):[8]

| No. | Date | Time | Billing Descr |
|-----|------|------|---------------|
| 8 | 8-14-09 | 0.4 | "Review sentencing minutes for Quintero-Felix and Sanchez" |
| 9 | 8-25-09 | 0.2 | "Review judgement and commitment RE: Sanchez" |
| 10 | 11-13-09 | 0.2 | "Review sentencing minutes for Jauregui" |
| 11 | 11-20-09 | 0.2 | "Review sentencing minutes RE: Honeycutt" |
| 12 | 11-23-09 | 0.2 | "Review notice of appeal, receipt for $455" |
| 14 | 5-27-10 | 0.2 | "Review order and notice of service by mail" |
| 15 | 7-27-10 | 0.2 | "Review docket and app to seal" |

Mr. Samuel's written response to my inquiries regarding each above stated billing entry was unpersuasive. *See* May 31 email 3-4. These billings were discussed as a group at the hearing as follows:

> THE COURT: Well, I can tell you that I don't -- I don't find persuasive what you tell me in your e-mail. I'll just tell you all the items to see if we can expedite this hearing.
>
> I don't find your response concerning your billing entries for 8-14-09, 8-25-09, 11-13-09, 11-20-09, 11-23-09, 5-25-10 -- well, I'll stop at 5-25-10 -- I don't find your responses persuasive. I think all of those billings are excessive. And if you want me to give further explanation, I will.

---

[8]   At this point in the hearing, I began discussing multiple billing entries together in an effort to expedite the proceeding. Billing entry number 13 is not discussed in this order since it is not a basis for the reduction.

1    MR. SAMUEL: No. Your Honor. You have absolute
     authority over this.
2
          THE COURT: And you also have a right to a
3    hearing.

4          MR. SAMUEL: All right. I'm sorry. You stopped
     at 5-25-10?
5
          THE COURT: I did. The reason why I stopped
6    there is because I've got a note, and I'm not sure
     what my note is. But maybe I shouldn't stop. Let me
7    see. I can continue.

8          MR. SAMUEL: Your Honor, I don't need you to
     continue unless you wish to.
9
          THE COURT: I will continue.
10
          MR. SAMUEL: Fine.
11
          THE COURT: 5-27-10, 7-27-10 . . .
12
               . . . .
13
          And you could respond to those other matters
14   if you want to, but I find -- at this juncture I
     find your responses unpersuasive and each of those
15   billing entries are excessive. At least by 50
     percent.
16

17   (Hr'g Tr. 50:21-52:3.)

18         Each of these entries is excessive by at least 50%.

19         **Numbers 16-20 (Action No. 2:08-cr-00122)**

20         In reviewing Mr. Samuel's billing entries, I noted that the

21   time he billed for reviewing the following docket entries in Action No.

22   2:08-cr-00122 was patently excessive:[9]

23         No.   Date       Time      Billing Descr

24         16    11-5-09    0.2       "Review Minute Order"

25         17    11-13-09   0.3       "Review minutes RE: co-defendant/
                                       wife and detention order"
26

27   _____

28   [9]   See April Communication 2:20-3:13; May 24, 2011 Order 2:11-
     3:2.

                                31

|    | 18 | 1-22-10 | 0.2 | "Review request for permission to appear at Co-defendant/wife's sentencing" |
|----|----|---------|-----|----|
|    | 19 | 7-20-10 | 0.2 | "Review stipulation by AUSA" |
|    | 20 | 7-27-10 | 0.2 | "Review application and order to seal exhibits" |

Mr. Samuel's written response regarding these billings indicated that he improperly billed for secretarial tasks he performed, such as printing out a document and electronically filing a document on his computer. (May 31 email 4-5; see also Hr'g Tr. 51:16-52:3.)

These billing entries are excessive by at least 50%.

**Numbers 21-33 (Action No. 2:07-cr-00571)**

I also noted that the time Mr. Samuel billed for reviewing the following docket entries in Action No. 2:07-cr-00571 was clearly excessive:[10]

| No. | Date | Time | Billing Descr |
|-----|------|------|---------------|
| 21 | 12-20-07 | 0.2 | "Review detention order for co-defendant" |
| 22 | 12-26-07 | 0.2 | "Review notice of related cases" |
| 23 | 1-2-08 | 0.3 | "Review minutes, arraignment" |
| 24 | 3-28-08 | 0.2 | "Review substitution of attorney and update records" |
| 25 | 8-29-08 | 0.2 | "Review minutes from motion hearing" |
| 26 | 10-10-08 | 0.2 | "Review minutes from change of plea" |
| 27 | 11-3-08 | 0.2 | "Review request for cancellation of motions hearing" |
| 28 | 11-28-08 | 0.2 | "Review request for change of calendaring" |
| 29 | 1-9-09 | 0.2 | "Review minutes" |

---

[10]   See May 24, 2011 Order 3:3-6:14.

| | 30 | 1-15-09 | 0.2 | "Review stipulation" |
|---|---|---|---|---|
| | 31 | 1-26-09 | 0.4 | "Review judgement and commitment as to co-defendant and order" |
| | 32 | 11-13-09 | 0.2 | "Review sentencing minutes for Jauregui" |
| | 33 | 11-20-09 | 0.2 | "Review sentencing minutes RE: Honeycutt" |

Mr. Samuel admitted in his written response that a number of these billing entries improperly included time during which he preformed secretarial tasks. (May 31 email 6-8.) These entries were discussed during the hearing as follows:

> THE COURT: And then looking at . . . 12-20-07 in the 07-case. 12-26-07 in the 07 case. 1-2-08 in the 07 case. And I'm going to ask you about 3-28-08.
>
> And you could respond to those other matters if you want to, but I find -- at this juncture I find your responses unpersuasive and each of those billing entries are excessive. At least by 50 percent.
>
> In 07-571, 3-28-08. You state in the description: ["]Review substitution of attorney and update records.["]
>
> In your e-mail response you state: ["]Simple substitution of counsel. However, the process requires a change of counsel to be noted for the file and my records updated. This notation appears to be block billing as noted and should have been independently cited but was not. It may also constitute secretarial. With that assumption, then this billing should be .1 for noting the change.["]
>
> MR. SAMUEL: Right.
>
> THE COURT: When you say it may also constitute secretarial, do you not know whether it constitutes secretarial or not?
>
> MR. SAMUEL: I think that's just my way of saying that it was.
>
> THE COURT: That it does in fact constitute secretarial?

1          MR. SAMUEL: Based upon what I understand the
2     definition is now.

          THE COURT: Is your understanding based upon
3     something you're questioning?

4          MR. SAMUEL: I think until I got the Court's
      notation -- I guess if I'm questioning anything,
5     I'm questioning myself. Until I got the Court's
      notation, I was unaware that if I did my
6     secretarial work -- because I don't have a
      full-time secretary -- if I did my secretarial
7     work, which was calendaring and other duties --

8          THE COURT: How about Xeroxing?

9          MR. SAMUEL: I guess that would be.

10         THE COURT: "I guess it would be"? Did you not
      know even after I've explained it to you?
11
           MR. SAMUEL: I think it would be, yes. Copying.
12    I think I even stated that later on.

13         THE COURT: You have it in your billing where
      you are seeking attorney's fees for copying.
14
           MR. SAMUEL: Well, and that obviously was a
15    mistake. And I did not and I was not aware of that
      code section until the Court advised me of that,
16    and I accept that. And certainly I won't do
      anything other than that.
17
           THE COURT: Well, I was curious as to your
18    language is not unequivocal. Your language
      indicates that you're not sure whether or not this
19    task, which to me is a secretarial task, is in fact
      secretarial.
20
           But when I asked you the question just now,
21    you provided clarity, and you said that it's
      secretarial. But that isn't what you said. And so I
22    was struck by the fact that I could give you the
      applicable CJA guideline section and authority, and
23    that you still would indicate that you don't
      understand.
24
           MR. SAMUEL: No. I read the CJA guideline after
25    the Court referenced it, and I've noted it in my
      computation.
26
           And certainly that would be -- but it started
27    me, after I wrote this, wondering, well, what is
      the scope of secretarial and what is not. I mean,
28    if I'm a sole practitioner, and I'm writing a
      brief, and I'm writing it on my computer, where is

the secretarial end and where does it begin. Now I understand copying is secretary.

THE COURT: Now that may not be ripe for decision at this juncture because I don't think that's involved.

MR. SAMUEL: That was just a thought off the top of my head.

THE COURT: What's involved are discreet acts that are, I think, clearly secretarial.

MR. SAMUEL: Okay. And I agree with you, Your Honor. I think I have. And I've so stated, I think, in most of my stuff.

THE COURT: You make the same type of comment about secretarial work in the next billing entry that I'm concerned about. It's August 29, 2008.

MR. SAMUEL: True.

THE COURT: And your comment is that ["]if the Court considers some of it secretarial, then this billing should be .1.["]

MR. SAMUEL: Uh-huh.

THE COURT: So you're indicating that you don't know. It's only if I consider it.

MR. SAMUEL: The phraseology that I used there is out of deference to the Court. It did not reference my understanding. That's how I look at that comment.

I know it is. You have the absolute ability and right to determine my bill. And that is out of deference to the Court. I did not think that that meant I didn't know it. But maybe --

THE COURT: Your billing entry concerning this date doesn't say anything about secretarial functions. It was in your e-mail response where you brought up secretarial functions.

MR. SAMUEL: Right. Uh-huh.

THE COURT: I'm going to continue. I think the following are also excessive, about 50 percent at least.

In 07-cr-571, billing entry 10-10-08, 11-3-08, 11-28-08. But you agree with that one in your e-mail response?

1    MR. SAMUEL: Yes, I do.

2    THE COURT: 1-9-09. I'm going to go back to
3    1-9-09.

     The description is: ["]Review minutes.["]
4
5    And it appears that -- I figured out that what
     you're actually talking about is particular
6    minutes, and I will find them in this notebook.
     Looks like just a few lines.

7    MR. SAMUEL: Sentencing of a co-defendant.

8    THE COURT: Right. You billed .2, but you
     explain to me concerning that.
9
     This is in your e-mail response: ["]This is
10   the minutes of sentencing of a co-defendant. As
     stated previously, Mr. Brooks was insistent in
11   knowing exactly the disposition of each of his
     co-defendants. I seem to recall keeping a summary
12   of all sentences involved in this case, and I may
     have added that to the summary for later discussion
13   with Mr. Brooks. But I have no independent
     recollection as I sit here now as to why this took
14   seven minutes.["]

15   You billed 12 minutes. I think 12 minutes
     could mean from 7 minutes to 12 minutes.
16
     How do you know right now, when you submitted
17   this e-mail to me, that it took seven minutes as
     opposed to eight minutes, as opposed to nine
18   minutes, as opposed to ten minutes? How do you know
     it took seven minutes?
19
20   MR. SAMUEL: Well, I don't keep a stopwatch on
     it, so I don't know, Your Honor. I can indicate
21   that it would be the review of the minutes --

22   THE COURT: Sir, if you don't know, why did you
     tell me in your response that "I have no
23   independent recollection as I sit here now as to
     why this took seven minutes." That is an
24   affirmative statement.

25   MR. SAMUEL: I guess what I'm referring to,
     Your Honor, is that I didn't have a document to
26   support the fact that I had -- and I do have an
     independent recollection of the summary that I had
27   created for him. But I don't have the file. So
     rather than just say absolutely certain, I
28   indicated it in that fashion. That there was -- I
     have an independent recollection that I had to put
     together a document which enumerated these various

1   issues. So when I got this thing, I looked at this
2   thing. When you look at this right here, you get
    the e-mail --

3       THE COURT: Let the record reflect what you're
    looking at.
4
        MR. SAMUEL: I'm looking at minutes which is
5   number 99.

6       THE COURT: Court docket?

7       MR. SAMUEL: ECF.

8       THE COURT: Court docket number 99.

9       MR. SAMUEL: Right. So at this point, what I do
    -- because it's more than just this. Because if you
10  open up the docket, you see the total -- you see
    the total transaction not just the docket.
11
        If you open that up, and that's my
12  recollection, it comes up with another docket which
    shows the sentencing documents. So we have the
13  sentencing documents, which I opened up.  I also
    printed that out. That also, as I understand now,
14  is secretarial work. And also then --

15      I know that I was creating a list for Mr.
    Brooks so he could see where everybody was
16  sentenced. I'm sure that I noted that in that list.
    And, thereafter, I would have discussed that with
17  Mr. Brooks because we were still attempting to get
    him to resolve this case.
18
        And I think that that seven minutes is fair.
19  But I cannot say, as you know, right now that that
    is something that I have an independent
20  recollection. It's only based upon what I know I
    probably did in this case, but I don't have the
21  file.

22      THE COURT: So if you don't have an independent
    recollection, I don't know why you're telling me
23  it. And it's not what I asked you. I don't think.

24      MR. SAMUEL: Okay.

25      THE COURT: This is in your e-mail: ["]I have
    no independent recollection as I sit -- you say
26  [']her['] but you mean here -- now as to why this
    took seven minutes.["]
27
        So you're telling me that whatever you did
'28 took seven minutes. How do you know it took seven
    minutes?

37

1  MR. SAMUEL: That's my best estimate, Your
Honor. It would have been based upon the history
2  and what I've just explained to you, what I would
have opened up and done.
3
THE COURT: Sir, why isn't your best estimate
4  eight minutes?

5  MR. SAMUEL: I think what I did is put seven
minutes down because it reflects a .2 billing
6  instead of .1 billing.

7  THE COURT: Why isn't your best estimate eight
minutes instead of seven minutes?
8
MR. SAMUEL: I don't know.
9
THE COURT: Could eight minutes be your best
10  estimate?

11  MR. SAMUEL: It could.

12  THE COURT: Could nine minutes?

13  MR. SAMUEL: Yeah.

14  THE COURT: How about ten?

15  MR. SAMUEL: I don't know. I know --

16  THE COURT: How do you know it's more than six?

17  MR. SAMUEL: All I know is what I normally --

18  THE COURT: How do you know it's more than six?

19  MR. SAMUEL: I didn't put a stopwatch on it, so
I don't know. That's by best estimate, Your Honor.
20  That's my best estimate.

21  THE COURT: So when you say you didn't put a
stopwatch on it, what do you mean by that
22  statement?

23  MR. SAMUEL: Well, it means that for certain
discreet items like going to the jail to see
24  someone --

25  THE COURT: You know we're not talking about
going to the jail. That's not at issue. Please
26  focus on the review that's at issue, the kind of
things I'm asking you about.
27
I'm not asking you anything about going to the
28  jail. You didn't respond. Well, you may have
included that in an e-mail response to me, but if

1    you did, it was nonresponsive to the orders -- to
2    my communications to you, and you know that.

3        MR. SAMUEL: So what I mean by saying I didn't
     put a stopwatch on it, means simply that I didn't
4    look at any timepiece and say, okay, I started
     here, and I finished my work, and I stopped, and
5    that's how much time it took me.  I believe I
     reflected throughout this these are the best
6    estimates of the time.

7        THE COURT: When you say throughout this --

8        MR. SAMUEL: The --

9        THE COURT: -- what are you referencing?

10       MR. SAMUEL: The memo that I drafted.

11       THE COURT: The e-mail you sent me.

12       MR. SAMUEL: Yes.  And I think I've related
     that.

13       THE COURT: However, what's in your voucher, is
14   that an estimate?

15       MR. SAMUEL: Well, I think it has to be, yes.
     Because I didn't put a clock on it, so, yes, it is
16   an estimate. It's my best estimate.

17       THE COURT: So when you set forth .2 in your
     voucher, it may not really be .2. It could be .1.
18   You just make an estimate that it's .2?

19       MR. SAMUEL: No.  I don't. Everything starts
     with a .1. I estimate whether or not it took over
20   six minutes. I don't estimate whether it took over
     12 minutes or 15 minutes. So I estimate if it in
21   fact is over six minutes in my best opinion.

22       THE COURT: How do you estimate whether it took
     over six minutes? I don't understand what process
23   is involved in that estimation?

24       There is a long pause, so you're thinking. I
     would like to know.

25       MR. SAMUEL: I'm thinking. Because I think it's
26   just kind of a gut thing. I don't think I go
     through a process other than my knowledge of what
27   normally things take.

28       So if there's a process other than putting it
     on the stopwatch, it would be a process of, well,
     what's going on, and my sensibilities while I'm

1   working and what time I'm working, and where I am,
    and all of that must come into play.
2
        I can't, I think, specifically define anything
3   further for you than that. It's my best estimate.
    My honest opinion of what it took.
4
        THE COURT: 07-cr-571, I find 1-15-09 to be
5   excessive . . . You agree.

6        MR. SAMUEL: I did. Yes, Your Honor, I did.

7        THE COURT: 07-cr -- I'm sorry.

8        MR. SAMUEL: I'm sorry. I agreed, realizing
    that it was calendaring, that is was not
9   appropriate to bill. That's what I agreed upon.

10       THE COURT: Okay. 07-cr-571, entry 1-26-09. You
    billed .4 for this.
11
        MR. SAMUEL: But then I suggested a correction.
12
        THE COURT: You did?
13
        MR. SAMUEL: Yes, I did.
14
        THE COURT: I'm sorry. Let me look to see which
15  corrections.

16       MR. SAMUEL: This is 1-26-09?

17       THE COURT: Yes. I see you said should be
    corrected to .3. Taking out the clerical?
18
        MR. SAMUEL: Yes. I believe. Let me look.
19
        THE COURT: You did.
20
        However, I have a note that it should be even
21  less, and I'm going to look at that material. I'm
    questioning in my note why it took you over 12
22  minutes, so I have that in the margin.

23       MR. SAMUEL: Well, I think we still have the
    issue of 12 minutes versus 7, and I think --
24
        THE COURT: Sir, you may have that issue if
25  you're doing discreet tasks, but I'm not sure if
    you know right now whether when you submitted this
26  as a block billing -- and in fact I think you told
    me you don't know whether you did the tasks at the
27  same time, one after another, or whether you did it
    later during the day in discreet tasks, right? You
28  don't know right now, do you?

1       MR. SAMUEL: No, Your Honor.

2       THE COURT: And when I looked at them as tasks
that are done at the same time, I can't imagine why
3    it would take anyone longer than 12 minutes to do
the task. These are simple documents. These are
4    form documents.

5       Well, I said these are form documents. Let me
scan it to make sure. Document number 113 is a form
6    document. Document number 118 is an order, two-line
order I issued.
7
        MR. SAMUEL: True. And that I have a specific
8    recollection about, Your Honor.

9       THE COURT: Of what? What's that?

10      MR. SAMUEL: Can I give a little history first,
so it puts it in context? If I can make it quick?
11
        THE COURT: Well, sir, it would be nice if you
12   told me what "that" means. What is "that"? You said
you have a specific recollection of "that."
13
        MR.   SAMUEL:   Of   what   occurred   on   this
14   particular event.

15      And the reason why I say this is I had drafted
a memo to the Court on the case status. And my
16   recollection is that all but the defendant had pled
guilty. I had indicated to the Court that I was
17   engaged in a death penalty case, which had, for
reasons not within my control, had impeded with the
18   Court's calendar and the trial which was set for
this.
19
        THE COURT: Frankly, you may want to take up
20   time covering this issue, but I'm not sure it's
pertinent to this billing.
21
        You   have   to   show   its   pertinency.   The
22   description   in   your   billing,   it's   1-26-09:
["]Review   judgment   and   commitment   as   to
23   co-defendant and order.["]  That's all you have
billed for. And then your e-mail explanation --
24
        MR. SAMUEL: Right.
25
        THE COURT: -- it should be noted this billing
26   encompasses both ECF 113 -- and that's this form
document?
27
        MR. SAMUEL: Right.
28

THE COURT: It's judgment in a criminal case. It doesn't take long to read a form document like this, especially when you've been doing it for decades.

And then my two-sentence order. And there's nothing complex in my two-sentence order. "The trial in the above-referenced matter currently set for February 10, 2009, is vacated. The matter is set for a status conference on February 6, 2009. It is so ordered."

Very simple order. Doesn't involve any thought to me. All you have to do is note that the trial is vacated and when I set a status conference for. And you say that's all you reviewed in this block billing.

MR. SAMUEL: I say that's what I reviewed. I say in my memo that there was more to it than that.

THE COURT: Well, if it's more to it than that, why didn't you put it in your voucher?

MR. SAMUEL: I don't know, Your Honor. I was trying to --

THE COURT: Sir, listen to me. Don't you have an obligation to put in your voucher, which is under oath, what you are claiming?

MR. SAMUEL: Yeah. But I don't know if it's the detail that the Court requests. I mean, if my voucher is going to -- I don't know, Your Honor. I understand what the Court desires. I obviously --

THE COURT: Do you think I desire something that other judges on this bench do not desire? Do you think that the judges in the federal judiciary do not expect you to accurately fill out a voucher?

MR. SAMUEL: That's my best -- I mean, how detailed do we get? That's the question. And I thought that this -- that it was in sufficient detail. But obviously not for the Court. I apologize for that.

THE COURT: Where are your notes that support your statement that you did more than what you billed for?

MR. SAMUEL: Well, they're not on my billing. And they're in my memo to the Court. And I indicated that --

THE COURT: Where did you get them from?

42

MR. SAMUEL: Well, this one I have a specific recollection of, Your Honor, because of -

THE COURT: Just a moment, sir. Your e-mail says: ["]It should be noted this billing encompasses both 113 and 118, admittedly a block billing, but still it in fact covers both. 118 is an order of the Court.["]

And then you explain what my order did. It concerns your client. "This order, signed on 1-23-09, after an in-court hearing in which I provided the Court with a memo as to why I was unavailable for trial."

What does that have to do with your block billing, the two discreet things you billed for, that you provided me with a memo in court?

MR. SAMUEL: It's an explanation as to why it took more than just review two discreet items.

THE COURT: Are you billing for the preparation of the memo?

MR. SAMUEL: No. No. Because I didn't do that. The Government did that. What I'm billing --

THE COURT: Just a moment. Are you billing for the hearing?

MR. SAMUEL: No. That's independently billed somewhere else. I didn't bill for the hearing.

THE COURT: Okay. If you were going to amend your block billing here, what are the words for the amendment?

It's a long pause.

MR. SAMUEL: I know. I'm reading my memo, Your Honor. I haven't -- the amendment would be: I confirmed the Court would sign the order and then calendared this matter.

THE COURT: The amount would be?

MR. SAMUEL: I confirmed the Court had signed the order and then calendared this matter. As to 113, the Court's memo states that 113 should have been billed at .2. That's not the amendment. I'm sorry.

THE COURT: Just start again and tell me what else is included in -- well, I guess it's not included -- what else you are now telling me should

be included in your billing description that justifies this .4 billing.

MR. SAMUEL: Well, two discreet views 113 and 118.

THE COURT: That's already there.

MR. SAMUEL: Right. So that's –

THE COURT: I'm asking you what else you're going to include? Why would you tell me what's there?

MR. SAMUEL: I'm reading it. Confirm the Court would sign the order --

THE COURT: We're taking the break.

MR. SAMUEL: -- calendar the matter.

THE COURT: Think about it.

(Break taken.)

MR. SAMUEL: That's it.

THE COURT: What do you mean "that's it"?

MR. SAMUEL: You said to think about it, and that's what I would amend it to, to add that additional stuff which is right there. And I confirmed the Court had signed the order and then calendared this matter.

THE COURT: How did you confirm that?

MR. SAMUEL: I reviewed it and saw that you in fact had done it.

THE COURT: What did you review?

MR. SAMUEL: The order.

THE COURT: What order?

MR. SAMUEL: That would be 118.

THE COURT: You billed for that. You already billed for that. How is that an amendment?

MR. SAMUEL: Well, the amendment is I calendared the matter.

THE COURT: You would add calendaring? Is that your amendment?

44

1    MR. SAMUEL: And that's why I said later on
that should be subtracted.
2

3    THE COURT: Well, why would you amend it by
adding a clerical task that you know you can't add?

4    MR. SAMUEL: Because at the time that I billed
it, I was unaware of that.

5

6    THE COURT: It's not included in there. The
clerical task is not included in there. I didn't
ask you about a clerical task. I asked you -- you
7    were indicating to me that you did more than what
is stated in your voucher, and I asked you what
8    else did . . .

9    MR. SAMUEL: And I'm saying calendaring, which
was not stated, which is not permissible, but I was
10   unaware of that until after I reviewed it. And I've
already said that several times.

11

12   THE COURT: It appears that we are right back
where we started. That is that you block billed for
looking at Document 113 and Document 118, and there
13   is nothing else.

14   MR. SAMUEL: And calendaring.

15   THE COURT: But you know you can't bill for
calendaring, don't you?
16

17   MR. SAMUEL: At this moment, I did.

18   THE COURT: All right. I'm taking a recess.
That is a statement that I have real problems with.
That you would talk about calendaring, and you know
19   you can't bill for calendaring, and you would
indicate you would amend something by including
20   calendaring.

21   MR. SAMUEL: I understand what the Court is
saying now, and so I wouldn't amend it. I
22   understand what you're saying. I thought the Court
wanted to have me define what I would add to that
23   if I were --

24   THE COURT: Sir, I'm not asking you to do
anything other than state clearly the justification
25   for what you are seeking in attorney fees as far as
this billing entry is concerned. That's all I've
26   asked you, and you know that Mr. Samuel. You must
know that.
27

28   You must know that's all I've asked you. And
you must also know that you are the person who said

1    something about adding something else, not me. You.
     I wanted to know what you were going to add.
2

3            MR. SAMUEL: Right. And --

             THE COURT: I think we're done. We're done with
4    that entry.

5            MR. SAMUEL: All right.

6            THE   COURT:   Your   response   to   that   is
     incredible.   Your   billing   of   07-cr-571   entry
7    11-13-09 is excessive by at least 50 percent. By 50
     percent.  You  say  something  about  clerical  tasks
8    again, and that one I won't say anything else about
     that.
9
             MR. SAMUEL: All right.
10

11   (Hr'g Tr. 51:22-70:16.)

12        Mr.  Samuel's  attempt  to  defend  certain  of  these  billing

13   entries during the hearing is unpersuasive, particularly his attempt to

14   justify his billing on January 26, 2009. When I gave him the opportunity

15   to amend his voucher for that billing entry, he took a long time to

16   identify what he would add to the entry and ultimately wanted to add

17   calendaring - a secretarial task that Mr. Samuel should have known at

18   this stage of the proceeding is not reimbursable.   Further, there is no

19   indication in the voucher that a secretarial task was involved with the

20   billing entry.

21        Each of the these billing entries is excessive by at least

22   50%.

23   **C.    Additional Examples of Excessive Billing**

24        In  preparing  to  meet  with  Mr.  Samuel,  I  reexamined  his

25   vouchers in both actions and noted seventeen (17) additional examples of

26   over-billing.[11] I raised these additional billing entries for the first

27   ────────────────

28       [11]    For ease of review,  each of these additional billing entries
                                                          (continued...)

46

1  time during the hearing, and provided Mr. Samuel an opportunity to
2  respond to my comments. See Hr'g Tr. 70:20-72:12.

3          34)  3-21-08 (Action No. 2:07-cr-00571)

4          Mr. Samuel billed 0.2 on March 21, 2008 in Action No. 2:07-cr-
5  00571 for "Review related case order."  This filing (ECF No. 7) is a
6  two-page, boilerplate order, which should not take over six minutes to
7  review.  Mr. Samuel agreed at the hearing that it would not take over
8  six minutes "simply to read the document." Id. at 73:16-22. And although
9  Mr. Samuel stated at the hearing that this billing entry may have
10 included time for other work, no additional work was described in the
11 voucher. Id. at 73:23-74:5. Further, the following portion of the
12 transcript reveals Mr. Samuel ultimately conceded that he "guess[ed]
13 [he] must be" speculating when he said at the hearing that his billing
14 entry encompassed more than what is described in his voucher:

15              THE COURT: So how do you know that it would
                have included anything else if it's not included?
16
                MR. SAMUEL: Only by what I normally know that
17              I do. I cannot specifically sit here and say I
                absolutely am certain that I did the following A, B
18              and C. I know what I normally would do on something
                like that. That's different than what I can
19              specifically say.

20              THE COURT: Then I should credit what you said
                in your block billing that this is all you did,
21              shouldn't I?

22              MR. SAMUEL: You have the absolute right to do
                that.
23
                THE COURT: I'm sorry. This isn't block
24              billing. This is discreet billing.

25              MR. SAMUEL: Well, it is.

26
                _____
27
                [11](...continued)
28 were assigned a number (34-50).

47

1          THE   COURT:   What   do   you   mean   I   have   the
            absolute -- sir, you said -- this is all you say.
2          You say, "review related case order."

3          MR. SAMUEL: Right.

4          THE COURT: Why shouldn't I believe this is all
            you did? This is all you said.
5
            MR.   SAMUEL:   Well,   it   actually   potentially
6          could  be  a  block  billing  because  when  I  review
            these items –
7
            THE  COURT:  Sir,  just  a  moment.  Potentially
8          could be a block billing?

9          MR. SAMUEL: Yeah.

10         THE COURT: Are you speculating?

11         MR. SAMUEL: I guess I must be, Your Honor. I'm
            sorry.
12

13   Id. at 74:6-75:7.

14        This billing is excessive by 0.1, or 50%.

15        35)   3-21-08 (Action No. 2:08-cr-00122)

16        Mr. Samuel billed 0.2 on March 21, 2008 in Action No. 2:08-cr-

17   00122 for "Review related case order."  This filing (ECF No. 7) is also

18   a two-page, boilerplate order, which should not take over six minutes

19   to review. The following portion of the transcript shows that Mr. Samuel

20   could not explain at the hearing why he billed more than 0.1 for this

21   task:

22         THE  COURT:  On  billing  entry  dated  March  21,
            '08,  the  billing  entry  reads:  ["]Review  related
23         case order.["] It's a different related case order.

24         MR. SAMUEL: Okay.

25         THE COURT: I'm sorry. It's [in] . . . 08-122.
            I don't know if I said that. And you billed .2, for
26         review of the related case order. Pretty similar to
            the other one.
27
            MR. SAMUEL: Right.
28

1   THE COURT: In the same case on March 14, 2008,
2   you reviewed notice of related case order. You only
    billed .1. The orders are similar.

3   MR. SAMUEL: Uh-huh.

4   THE COURT: Why would you bill a .1 on one and
    a .2 on the other?

5

6   MR. SAMUEL: As I sit here, I don't know, Your
    Honor.

7   Id. at 75:15-76:4.

8   This billing entry is excessive by 0.1, or 50%.

9   **36)   3-26-08 (Action No. 2:08-cr-00122)**

10  Mr. Samuel billed 0.3 on March 26, 2008 for "Review app for

11  writ of habeas corpus, order, ans wervice [sic] certificate." What is

12  referenced in this billing is a one-page form Application for Writ of

13  Habeas Corpus, a signed version of that same document, and the following

14  docket entry: "SERVICE BY MAIL: 10 Order - CR, served on Olivia Wimmer

15  at 999 West Mathews Road, French Camp, Ca 95231. (Matson, R) (Entered:

16  03/26/2008)." (ECF Nos. 8, 10.) The "10" in this docket entry refers to

17  the referenced, signed version of the one-page form Application for Writ

18  of Habeas Corpus. Mr. Samuel stated at the hearing, that this billing

19  was an "error." (Hr'g Tr. 76:24-77:6.)

20  This billing entry is excessive by 0.2, or 67%.

21  **37)   5-28-08 (Action No. 2:08-cr-00122)**

22  Mr. Samuel billed 1.0 on May 28, 2008 to "Redact and copy 300

23  pages (Split between two cases)." Mr. Samuel estimated at the hearing

24  that this billing entry included approximately 0.2 for copying, which

25  is a secretarial task. Therefore, he agreed that reducing this billing

26  entry by 20% to 0.8 is appropriate. Id. at 77:7-23.

27

28

38)   8-27-08 (Action No. 2:08-cr-00122)

Mr. Samuel billed 0.2 on August 27, 2008 to "Review stipulation and proposed order, and order and calendar." Mr. Samuel agreed at the hearing that this time entry included time for a secretarial task and should be reduced by 50% to a 0.1. Id. at 77:24-78:8.

Numbers 39-50 (Action No. 2:08-cr-00122)

Mr. Samuel also billed 0.2 in Action No. 2:08-cr-00122 for his review of each of the following electronic filings:

| No. | Date | Time | Billing Descr |
|-----|------|------|---------------|
| 39 | 11-14-08 | 0.2 | "Review stipulation and proposed order, and order and calendar" |
| 40 | 12-19-08 | 0.2 | "Review stipulation and proposed order, and order and calendar" |
| 41 | 2-11-09 | 0.2 | "Review stipulation and proposed order, and order and calendar" |
| 42 | 3-20-09 | 0.2 | "Review stipulation and proposed order, order and calendar" |
| 43 | 5-14-09 | 0.2 | "Review stipulation and proposed order, and order and calendar" |
| 44 | 6-09-09 | 0.2 | "Review stipulation and proposed order, and order and calendar" |
| 45 | 6-26-09 | 0.2 | "Review stipulation and proposed order, and order and calendar" |
| 46 | 8-5-09 | 0.2 | "Review stipulation and proposed order, and order and calendar" |
| 47 | 9-4-09 | 0.2 | "Review stipulation and proposed order, and order and calendar" |
| 48 | 1-08-10 | 0.2 | "Review minutes" |
| 49 | 3-9-10 | 0.2 | "Review memo of hearing" |
| 50 | 7-20-10 | 0.2 | "Review stipulation by AUSA" |

1     The following portion of the hearing transcript reveals that

2 Mr. Samuel eventually agreed that each of the above billing entries was

3 excessive by 50%, or 0.1, and should be reduced accordingly:

4     THE COURT: The next entry is November 14,
     2008. Description: Review stipulation and proposed
5     order and order and calendar .2.

6     MR. SAMUEL: Right.

7     THE COURT: [E]verything seems excessive by at
     least 50 percent. Do you have any reason to dispute
8     that?

9     MR. SAMUEL: No, I don't, Your Honor. I mean,
     it's calendaring. I admit that.
10

11     THE COURT: There may be more than just
     calendaring here that exceeds 50 percent.

12     MR. SAMUEL: I'm not saying that.

13     THE COURT: Looking at the document itself it
     doesn't take that long to read it. And so since
14     you're saying just calendaring, I didn't pay
     attention when you said that before. These
15     documents don't have a lot of substance.

16     MR. SAMUEL: That is true. They are -- but they
     are discreet acts that would bear the minimal
17     billing of .1, right? That's the way I understood
     it.
18

19     THE COURT: Well, that depends on whether or
     not you looked at the filings at the same time, the
     same sitting, doesn't it?
20

21     MR. SAMUEL: Absolutely. You're right.

22     THE COURT: And you don't know one way or the
     other, do you?

23     MR. SAMUEL: No.

24     THE COURT: The next number is billing entry
     12-19-08. It's the same as the previous one. Almost
25     verbatim. This is what you say in your description:
     ["]Review stipulation and proposed order and order
26     and calendar.["]

27     Any reason why I shouldn't handle this matter
     the same way as I just handled the other one?
28
     MR. SAMUEL: No, Your Honor.

THE COURT: The next entry is 2-11-09. It's identical. Should I handle it the same way? Review stipulation --

MR. SAMUEL: Yeah.

THE COURT: Okay.

MR. SAMUEL: Yeah.

THE COURT: The next entry is the same, 3-20-09. The following entry is the same, 5-14-09. Any reason these shouldn't be handled the same way?

MR. SAMUEL: No reason, Your Honor.

THE COURT: Okay. The following entries are the same wording - 6-9-09, 6-26-09, 8-5-09, 9-4-09. Any reason why they shouldn't be handled the same way?

MR. SAMUEL: The same wording. There is no reason, Your Honor.

THE COURT: Billing entry 1-8-10. The description is, review minutes. You billed .2. And I have the minutes. It's for ECF numbers 54, 55. Attached to 55 are minutes concerning withdrawal of a not guilty plea for your client.

I don't understand why you say it took you 7 to 12 minutes to review these minutes. Here they are.

MR. SAMUEL: The one on top here?

THE COURT: No. That one is not involved.

MR. SAMUEL: The only thing I can think of is this is an error, a typo or something. I don't know why it should have taken so long.

THE COURT: Okay.

MR. SAMUEL: I apologize to the Court for that.

THE COURT: Your docket entry on page 22 of 29. The date is 3-9-10. Description: ["]Review memo of hearing.["] You billed .2.

I have the documents. I don't understand why it took you 7 to 12 minutes to review. What you billed for is actually the second document. I gave you the applicable portion of the docket sheet. And it's docket number 62. And I believe if you click on that, you get what's attached to that.

1    MR. SAMUEL: Right.

2    THE COURT: And I don't understand why it took
     you 7 to 12 minutes to read what's there.

3    MR. SAMUEL: Well, it doesn't take seven
4    minutes just to read this particular memo.

5    THE COURT: You're looking at --

6    MR. SAMUEL: 62.

7    THE COURT: You're not looking at a memo, are
     you?

8
9    MR. SAMUEL: No, Your Honor. I'm just looking
     at the docket entry.

10   THE COURT: Isn't it called minutes?

11   MR. SAMUEL: Memorandum of hearing.

12   MR. SAMUEL: Here. Okay. These two entries.

13   THE COURT: 54, 55. And if you click on 55,
     there's a document that is another minute entry, so
14   you've got -- I just gave you a copy of the
     relevant portion of the docket sheet, and I've also
15   given you a copy of what you see if you click on
     55.

16
     Pending question --
17
     MR. SAMUEL: Yeah.
18
19   THE COURT: -- [W]hy do you say it took you 7
     to 12 minutes to review what I just gave you?
20   Because that seems clearly excessive.

21   THE COURT: Is that what that's called? Is that
     how it's entered? You're right. That is how it's
22   entered. There's an attachment to it, sir.

23   MR. SAMUEL: Right.

24   THE COURT: Did you look at the attachment?

25   MR. SAMUEL: Absolutely.

26   THE COURT: Have you looked at it? You're not
     looking at it. You haven't looked it.

27   MR. SAMUEL: Okay. I'm looking at that. And in
     this particular case -- and I suspect I didn't note
28   it -- it would have been to make sure that I had
     the correct dates down on my calendar to make sure

                              53

1      I didn't miss the PSR. The dates for which I was
       to, first of all, make an appointment to go see the
2      probation officer.

3              THE COURT: You understand what I asked you?
       You can do all of that. Assuming arguendo you can
4      do all of that, why did it take you 7 to 12 minutes
       to do it?

5
               MR. SAMUEL: Well, the second part, which is
6      the item which has all the dates on it, is the date
       -- is the thing that would take the longest period
7      of time.

8              THE COURT: And what would take time with the
       second part?
9
               MR. SAMUEL: I would have to pull out a
10     calendar. I have two calendars, and electric
       calendar, and I also have a paper calendar. I would
11     have to note the deadlines that are here.

12             THE COURT: You would have to write it down,
       the calendar dates.
13
               MR. SAMUEL: I would normally write things down
14     in my electric calendar.

15             THE COURT: Just a moment.

16             MR. SAMUEL: Okay.

17             (Discussion between Court and law clerk.)

18             THE COURT: Go ahead, sir.

19             MR. SAMUEL: I would obviously print this out
       because I put it in the file. That's my policy. I
20     obviously would look at each one of these dates and
       note them in some form.
21
               THE COURT: "Note them" means what?
22
               MR. SAMUEL: Put them either in a paper, or
23     give it to my secretary, or put it in electronic. I
       can't tell you which one of those things I did at
24     this moment.

25             THE COURT: I thought you said you didn't have
       a secretary at that time?
26
               MR. SAMUEL: I'm sorry. I have a part-time
27     secretary. That part-time secretary doesn't do this
       service. What she does for me is -- she's a
28     student, okay, but she does answer phones, and
       that's what she does.

                               54

1        THE COURT: Why are you mentioning a secretary
2   if a secretary is not involved in what you were
    doing?

3        MR. SAMUEL: Well, I'm just saying that I would
4   have created this for her information as well, to
    print out this document for her information as
    well.
5
        What I'm sure -- you know, so I'm just saying
6   that it could have taken seven minutes to go
    through the process of reviewing it and calendaring
7   it. Calendaring obviously is not acceptable. I was
    unaware of it at that time. So for just the review
8   of these two items I think that certainly .1 is
    appropriate.
9
        THE COURT: Okay. But you billed more than
10  that?

11       MR. SAMUEL: I billed .2.

12       THE COURT: Right.

13       MR. SAMUEL: And that's the same issue that we
    had.
14
        THE COURT: 7-20-2010. It's on page 27 to 29 of
15  your voucher. Description: ["]Review stipulation by
    AUSA[,"] .2. That's the stipulation. I've got it.
16  I'm going to give to you. I want it back.

17       MR. SAMUEL: Of course.

18       THE COURT: It appears to be a one-sentence
    stipulation. So why did it take you 7 to 12 minutes
19  to read one sentence?

20       MR. SAMUEL: Well, once again, this probably
    should have reflected calendaring to begin with,
21  but that probably still wouldn't have -- I mean, if
    I hadn't done it immediately --
22
        THE COURT: Excuse me. Let me interrupt you.
23  While you're thinking about what that should have
    reflected, here's the identical sentence
24  practically. You only billed .1. Docket number 67.
    So why would you bill .2 for one of them and .1 for
25  the other? It's hard to distinguish between those
    two.
26
        MR. SAMUEL: Absolutely right, Your Honor. And
27  the only other explanation I could say was the .2
    is an error.
28

1 | <u>Id.</u> at 78:9-85:6.

2 |     **D.    Comparison of Other CJA Vouchers in Action No. 2:07-cr-00571**

3 |     In further preparation to meet with Mr. Samuel concerning his

4 | vouchers, I compared his vouchers to the vouchers of all CJA counsel in

5 | Action No. 2:07-cr-00571. Mr. Samuel's request for reimbursement

6 | totaling $30,981.10 is the highest request for reimbursement of all

7 | eight CJA counsel.[12] Counsel for co-defendant Jesus Avila submitted the

8 | second-highest request for reimbursement, which totaled $14,975.80 and

9 | is approximately 50% of Mr. Samuel's request. However, Mr. Samuel also

10 | had the longest period of representation, and his client entered a plea

11 | agreement after all other defendants. Therefore, I compared Mr. Samuel's

12 | hours, minus travel time, to the hours, minus travel time, that each

13 | other CJA counsel billed for the same period of time that they

14 | represented their clients. For example, Mr. Samuel represented his

15 | client through September 3, 2010, when he was replaced by another

16 | attorney; whereas, CJA counsel for a co-defendant represented her client

17 | through sentencing on January 25, 2008. Accordingly, I compared Mr.

18 | Samuel's hours to this CJA counsel's hours for work completed through

19 | January 25, 2008. The same review was conducted for all CJA counsel. Mr.

20 | Samuel billed more than twice as much as two other CJA counsel, and

21 | almost three times as much as another CJA attorney, for an identical

22 | period of representation. The following table details the comparison of

23 | Mr. Samuel's hours billed to these three CJA counsel:

24 |
25 |
26 |
27 |         [12]    Copies of the paid vouchers for all CJA attorneys in Action

28 | No. 2:07-cr-00571 have been returned to Kurt Heiser for transmission to
    the Ninth Circuit with Mr. Samuel's vouchers.

| Counsel | Length of Representation | Hrs Billed | Hrs Billed by Samuel for Same Period of Time |
|---------|-------------------------|------------|----------------------------------------------|
| CJA Atty No. 1 | 792 days | 88.8 | 205.3 (2.3 times what CJA Counsel No. 1 billed for same period of time) |
| CJA Atty No. 2 | 708 days | 79.1 | 179.5 (2.3 times more) |
| CJA Atty No. 3 | 107 days | 25.3 | 75 (approx. 3 times more) |

I discussed this discrepancy with Mr. Samuel at the hearing. Id. at 89:9-90:11. Mr. Samuel responded:

> I mean, the only thing I can think of is that everybody works at a different rate, at a different period of time. Everybody concentrates on different issues as they arise as either dictated by their client or by their own work product.
>
> So I may have worked very hard during a certain period of time and not hard at all during another period of time because of my trial calendar and what was going on.
>
> I usually try to block out times that I need to get things done because I need to get them done in order to go on to other things. So the only other thing I could think of is that my client was demanding -- very much demanding a hearing of all these tapes, and there's a ton of tapes there.
>
> I convinced him not to hear all of these tapes because a lot of them were in Spanish. But he was demanding on hearing those tapes that were not only him in the recordings but also those that surrounded it.
>
> So, I don't know -- I can't -- I don't know what you're referring to in terms of whether that was a part of my billing or not. All I know is that we all work at different rates. We don't work at the same rate. We all have different calendars.
>
> I won't repeat myself. That essentially would be -- without any further information, that's what my comment would normally be.

1 | <u>Id.</u> at 90:15-91:14. Mr. Samuel's response does not explain the two to
2 | three times difference in amount of time he billed compared to the time
3 | billed by the other CJA counsel referenced above.

4 |       **E.    50% Reduction of Mr. Samuel's Total**

5 |       Mr. Samuel has billed at least twice the amount of time that
6 | could arguably be considered reasonable in the forty-five (45) time
7 | entries detailed above.[13] These examples of patent over-billing indicate
8 | other billings that cannot easily be evaluated for reasonableness are
9 | also tainted by the same measure of inflation. <u>See</u> <u>In re Smith</u>, 586 F.3d
10 | at 1174 (indicating a presiding judge has authority to make percentage
11 | reductions to CJA fee awards when supported by articulated reasoning);
12 | <u>Peguero-Moronta v. Gabriel-Santiago</u>, No. 01-1390 (JAF), 2010 WL 1444863,
13 | at *2 (D.P.R. Apr. 8, 2010)(reducing attorney fee request by "across the
14 | board [percentage], instead of by individual time entry" when the court
15 | observed "an evident practice of over-billing").

16 |       "The [forty-five] items [I] deemed . . . dramatically over-
17 | billed [are] simply examples of the way in which [Mr. Samuel's] . . .
18 | billing tend[s] to inflate each entry. Because the fee application[s]
19 | are lengthy, [it is reasonable] . . . [to] impose[] an across-the board
20 | reduction rather than engaging in an hour-by-hour review to determine
21 | which items other than the [forty-five] cited [are] likely inflated[.]"
22 | <u>Diffenderfer v. Gomez-Colon</u>, 606 F. Supp. 2d 222, 231 (D.P.R. 2009),

23 |

---

24 |       [13]    Since an exorbitant amount of time was spent deciding the
      issues reached in this opinion, I do not reach the issue regarding
25 | whether certain matters should have been billed at all in the exercise
      of reasonable billing judgment. As stated in <u>U.S. v. Hagan</u>, No. 07-
26 | 10180-01 WB, 2010 WL 1816338, at *6 (D. Kan. May 3, 2010), Mr. Samuel is
      "encouraged to use billing discretion and an editing eye with regard to
27 | what charges end up on the submitted vouchers." <u>See also</u> <u>Saizan v. Delta</u>
      <u>Conrete Products Co., Inc.</u>, 448 F.3d 795, 799 (5th Cir. 2006)("Billing
28 | judgment requires documentation of the hours charged and of the hours
      written off as unproductive, excessive or redundant.")

aff'd, 587 F.3d 445 (1st Cir. 2009); see also Welch v. Metro. Life Ins. Co., 480 F.3d 942, 949 (9th Cir. 2007)(affirming district court's across-the-board reduction since in reviewing "the firm's summary time sheet, the [district] court found the hours were inflated because counsel billed a minimum of 15 minutes for numerous phone calls and e-mails that likely took a fraction of the time . . . [and the Ninth Circuit's] own review of the time sheet confirm[ed] that it [was] replete with [fifteen minute] or [thirty minute] charges for the drafting of letters, telephone calls and intra-office conferences").

The comparison of Mr. Samuel's vouchers to other CJA counsel in Action No. 2:07-cr-00571-GEB further evinces that Mr. Samuel's total request for compensation in that action is excessive by fifty percent. U.S. v. Mosley, --- F. Supp. 2d ----, 2011 WL 1591491, at *4, 7 (D.N.J. 2011)(comparing attorney's request for reimbursement under the CJA to other CJA requests in similar criminal cases to reduce fee request).

"No judge wants to question bills for CJA services . . . ." U.S. v. Sepulveda, 502 F. Supp. 2d 1104, 1110 (D. Mont. 2007). However,

> Courts cannot simply rubber-stamp every CJA voucher that crosses their paths. Every time an attorney submits such a voucher, that attorney is asking the U.S. Treasury to dole out a portion of its limited resources. It is the role of the Court to scrutinize these requests to properly safeguard precious taxpayer funds, or else there is little to prevent taxpayer money from being wasted on unreasonable or unnecessary activities by court appointed defense counsel.

Mosley, 2011 WL 1591491, at *1 (citations omitted). "[T]he purpose of the [CJA] is not to compensate counsel with fees rivaling those available to attorneys representing nonindigent clients." In re Smith, 586 F.3d at 1175 (citation omitted). "Instead, Congress enacted the CJA

1  to . . . assure adequate representation in the Federal courts of accused
2  persons with insufficient means, and afford reasonable compensation to
3  counsel who are assigned." Id. (internal quotation marks and citation
4  omitted). It is clear from review of Mr. Samuel's fee vouchers, that he
5  has disregarded "the spirit of public service involved in [a CJA]
6  appointment . . . by increasing the expenditure of hours simply to"
7  increase the fee he receives. Cook, 628 F. Supp. at 41.

8       It became clear during the hearing that Mr. Samuel has no
9  justification for billing what he did other than his "gut;" as he
10 explained, he does not track the time he spends reviewing electronic
11 docket entries. In one instance, when asked about why the review of a
12 document took more than six minutes, Mr. Samuel had no excuse and said
13 it must have been a mistake; on another occasion, Mr. Samuel defended
14 his time entry of .2, until I showed him an almost identical time entry
15 for which he billed a .1. This theme permeates all of his billing. Mr.
16 Samuel's defensive responses to my questioning during the hearing are
17 replete with speculation, which most likely taints all of his billings
18 and unfortunately indicates that he needs to make a firmer commitment to
19 the billing principles governing vouchers submitted under the CJA.

20      For the stated reasons, I approve only fifty percent (50%) of
21 Mr. Samuel's request for attorney's fees under the Criminal Justice Act
22 in the above captioned cases, $24,810.53, ($15,490.55 in Action No.
23 2:07-cr-00571-GEB and $9,319.98 in Action No. 2:08-cr-00122-GEB).
24 Although I am approving the payment of fifty percent (50%) of Mr.
25 Samuel's request, certain of Mr. Samuel's responses to my inquiries are
26 so incredible that his billing may rise to the level of "bad faith,"
27 which could permit the complete denial of fees. See generally Mendez v.
28 Cnty. of San Bernardino, 540 F.3d 1109, 1127 (9th Cir. 2008). However,

1 | in light of the numerous other matters I am handling, I have not taken

2 | the time required to decide the "bad faith" issue.

3 | Dated: August 4, 2011

GARLAND E. BURRELL, JR.
United States District Judge

61

'

`

**Samuel's May 31, 2011 Email**



U.S. v Brooks
Dwight Samuel
to:
shani furstenau
05/31/2011 03:45 PM
Please respond to Dwight Samuel
Show Details

I Attachment



Letter to The Honorable Judge Garland Burrell.wpd

Dear Shani,

I called twice on Friday and indicated I would like to meet with Judge Burrell and discuss this billing. In addition, I have prepared a written response to the courts' two memos addressing all of the comments and am submitting it in advance of the meeting. Presently, this document is in the form of a letter. I have attached to this email for the courts consideration. I am aware that the local rule does permit this if the court so desires. (See § 230.36 (c))

The court should be aware that I do not have either of the paper files of Mr. Brooks because both files were provided to new counsel upon substitution. This fact to some extent limits the responses I will provide in this document. Because the substitution of attorneys was due to a conflict between two of my clients, I don't believe it is possible to obtain the files. It appears Mr. Brook's two cases are still ongoing as are the cases in which my other client was involved, although that client has plead.

As to scheduling, I don't know how much time this meeting will take, with that in mind the afternoons of the week of June 6 with the exception of the 9th are all available for this meeting. If the court so desires I could reschedule Friday the 3rd and meet with the Judge in the afternoon. If that is not convenient then possibly the court could make suggestions. I will do what is most convenient for the court.

Yours truly,

Dwight M. Samuel

Dwight M. Samuel
Attorney at Law #054486
117 J Street, Suite 202
Sacramento, CA 95814
(916) 447-1193 Phone
(916) 447-0129 Fax

CONFIDENTIALITY NOTICE: This communication may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Beware that Federal Law, including but not limited to the Electronic Communications Privacy Act, 18 U.S.C. ss 2510-2521, prohibits any disclosure, copying, distribution, or use of the contents of this communication. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

I

Law Offices of
**DWIGHT M. SAMUEL**
A Professional Corporation
117 J Street, Suite 202
Sacramento, California 95814-2282
(916) 447-1193, DwightSamuelatty@yahoo.com

May 31, 2011

Re: U.S. v Brooks, 07-571 and 08-122GEB

The Honorable Judge Garland Burrell, Jr.:

I appreciate you giving me the opportunity to meet with you about my bills. In anticipation of that meeting, I've reviewed your two memos and my initial bills. I have not reviewed the paper files in Mr. Brooks' case, as I no longer have those files. They were provided to new counsel after I was substituted out of the case. Because the reason for that substitution was a conflict with another case, I don't believe it would be appropriate for me to obtain and review that file. Fortunately, a good deal of the Brook's file is saved electronically, so to the extent I needed something to jog my memory, this has been sufficient. Hopefully, this response will be helpful when me meet.

I understand the court's concern about "block billing." I should indicate, however, that my office was instructed to submit block billing on quarterly bills in the Ocampo case. We received this instruction when we inquired of the Ninth Circuit's budgeting office why the cells in the billing spreadsheet would not allow Excel to expand the cells for additional information. As a result of the authority we received to submit block billing in Ocampo, I believed that doing so in other cases was also permissible. I have looked at the block bills submitted to your Honor and can assure the court that the total hours are an accurate reflection of work done. To the extent this court expressed concern about some of the block billing included secretarial tasks, I've addressed that issue below. Regardless of the reasons why I submitted block bills to this court, I agree that it would be more informative to break down each task. I apologize to the court for explaining work in an abbreviated form. I will do that with all future bills. I have also tried to clarify below the block bills already submitted.

The following are responses to the court memos: The Court's Memo of 4-1-11

CASE 07-571:
12-17-07 billing of .8, the notation is a block filing referring to the review of eight ECF filings: 29, 27, 20, 30, 22, 24, 32, 31. The process in my office entails, opening my email, and viewing each document and filing them in one of two places if no further action is needed. I personally file each in an efile containing all emails from any source for that case. If the documents are meaningful in some way then they may be saved to my computers hard drive in a file created for that document for recall later. If the document is important to the defendant as conditions of release for the other defendants, or sentences or plea agreements, then I might print out that document for my client. Finally, not all emails received on a specific date are viewed all at one time. This entry of .8 is for simply opening eight documents reviewing each one and I

②

2

believe this time is reasonable.

②     12-18-07 billing of .4, is to review three ECF documents: 23, 26 and 25. The detention conditions of other defendants was important to the defendant. I noted this for later discussions with the defendant.

③     12-27-07 billing of .3, this block billing was for reviewing ECF 38 and also a second note but not enumerated by number was an entry regarding shackling code F. I believe at this time there was some contention about shackling so I noted that policy for later discussion and action if necessary with my client.

④     12-27-07 billing of .3 is this a repeat? I only see one entry for this date on the 571 billing. The 122 case had yet to be filed therefore there is no entry for this date.

⑤     11-24-08 billing of .5, the notation for this entry is, "Meeting with Ken Addison (split between two cases) .5 hours." I think that I could only add the subject matter that was discussed but did not think that was truly necessary, if it is, then I will certainly modify my description to include the subject matter of the meeting.

⑥     11-24-09 billing of .4, this block billing entails the review of ECF 196, 197, 198 and 199. Four documents .4 total is consistent with the instructed billing practices that I am aware of at this time.

⑦     12-1-09 billing of .4, is a block billing entailing review of ECF 201, 202, 203.

    Your honor expressed concern that my calendaring was a clerical duty and non-reimbursable. I was working under the assumption that because I attended court when future dates were set, and the one who read e-mails or stipulations setting or changing dates, calendaring was something I should do. Since this court's initial memo, I have read the applicable rule about reimbursement (§230.66.10(b)) and I agree that the court is correct; such calendaring is not reimbursable.

    Your honor also concluded that if I billed .2 hours for a specific task, that meant I had spent 12 minutes on that task. This is incorrect. We are required under CJA rules to bill in tenths of an hour. So if I spent 7 minutes on a task, we have been informed that we should round upwards, which translates as .2 hours. Please see the attached chart entitled, *Calculating Compensation for Time Worked,* for details.

    In addition the court requests explanations per this proposed order specifically from 571:

⑧     8-14-09 .3 this billing entails the review of ECF 174 and 175, these documents reflect the sentencing of two defendants in the case, these sentencings were significant to defendant and the direction of the case I wanted to go, i.e. enter into a plea agreement. At this time defendant had not made up his mind about what he wanted to do. I reviewed these two documents and made note of them for later discussion with the defendant believing these pleas would give him incentive. I note that I did write a letter on the 20th to defendant indicating that I had planned to see him but that appointment had to be changed. I would have talked to him about these documents at that time and more than likely shown him or supplied him with the sentencing .

(9) 8-25-09 .2 this bill entails my review of the judgment and commitment of Armondo Sanchez, another co-defendant in this case, again this sentencing was very significant to the defendant and was used as an aid to push defendant towards the realization that he needed to make a deal. Because the defendant was paranoid many documents like this were printed out to support my statements. I estimated the time to do both activities since they were intertwined.

(10) 11-13-09 .2 this entry relates to ECF 191, this document was important to my client and aided in the presentation of discussions of settlement. I note the entry on the same date reflects that I traveled to Butte County and met with my client. Without my file notes I can not be certain that I printed this document but my normal course of conduct in this case was to support what I told the defendant with documentation.

(11) 11-20-09 .2 this relates to ECF 195, yet another sentencing document. I note that I did travel to Butte County Jail on 11-24-09 and believe this plea was also discussed. Once again due to the defendants paranoia and incessant demand to have documentation I assume I produced a document to support this meeting.

(12) 11-23-09 .2 this entry relates to review of two events, ECF documents 193 and an unnamed entry which refers back to ECF 198 and advise the reader to disregard ECF 198. The reference to disregard was confusing since at the time there was no 198 and it was only the next day that ECF 198 appeared.

(13) 5-25-10 .2 hours, the court correctly notes this document was never filed but the government's memo was filed on that date in case 07-571. Because my draft was never filed does not mean I did not do the work and it appears at least in part the court incorrectly stated that no stipulation was filed. My recollection of this miscue was that each side had a different date in mind and I eventually was not able to complete the filing so the AUSA did.

(14) 5-27-10 .2, the court notes this entry is unclear in the billing, the entry relates to ECF 225, this is the signed stipulation. Besides reviewing stipulation to see that it is signed (some judges don't sign them automatically) I then calendared this new date in two calendars, my electronic calendar and manually in my paper calendar that sits on my desk. At that time I was unaware until I receive the courts' first memo that this function is considered secretarial services which is not reimbursable. If my actions calendaring my two calendars is considered secretarial then the billing should be .1 the minium billing.

(15) 7-27-10 as to billing for this date in case 571 there is no entry in this bill consistent with the quoted explanation, I did review my billing in 122 and did however note a billing consistent with this explanation and will address it in chronological order noting it with an *.

Explanations in 122:

(16) 11-5-09 ECF 48 .2 this is a minute order relating to the defendant's wife and her attorney, as is reflected by the defendant's letter and my own personal knowledge of the defendant's desires to be a part of or present at his wife's sentencing. This information was very important and though the memo is short, it was filed electronically in the email file and reproduced it so that I could address the letter with the defendant. As stated the defendant was extremely difficult and would challenge any information I raised therefor it was necessary to at least print out the

4

document. ███████████████████████████████████████████
███████████████████████████████████████ Once again this was
an estimate of all the work, review, file in the e-file and then print, and not just the review of the
entry. I did not consider this secretarial work at the time because I performed the work.



11-13-09 ECF 49 .3, this is more than just a review of this document. The ECF filing
relates to defendant's wife and co-defendant, Ms. Wimmer's case and the substitution of
attorneys. As noted the following day I traveled to Butte County to visit my client. Previously
defendant had expressed his dissatisfaction with the representation of his wife and how important
it was to get a new attorney for his wife. This document was reproduced to maintain some client
control which aided me in my attempts to resolve this case. As noted in my 10-30-09 entry I was
already engaged in negotiations. Once again this was an estimate of the time it took to perform
this service.



1-22-10 ECF 58 .2, this is a letter from my client to the court requesting to be present at
the time of his wife's sentencing. The court is correct this letter is short, but besides reading the
letter, it was efiled in the appropriate file and printed out for later discussion. At this moment in
time Mr. Brooks was already having second thoughts about his plea and as such his presence was
an important issue to him. This is an issue of control. I am sure I confronted Mr. Brooks with a
copy of this request because we had already discussed his request. If was important to have this
document because without it he would have challenged my accuracy in stating its contents. I, in
fact traveled to Butte County five days after this letter was lodged, just two days before the court
appearance of Ms. Wimmer, in which she entered a plea agreement.



7-20-10 ECF 69 .2 , this is possibly an error. It could be a clerical error but I am uncertain
how this entry occurred. I would have received this email, filed it in the appropriate efile and
then possibly calendared it due to it's importance to the defendant. Without the file and an
independent recollection it is hard to tell what occurred on this billing. This was not done with
any intent to inflate this bill.



7-27-10* ECF 70 .2, in the first memo of the court regarding 571 the court cites "review
order and notice of service by mail" as stated there does not appear to be a corresponding
notation in 571. On the other hand there is an entry related to ECF 70 in 122 which the court also
references in it's second memo of 5-24-11. (I hope I am responding to the correct comment of the
court.) In the courts' comment it states that it could not have taken twelve minutes to do this task.
Before I comment on this however I would like to state my understanding of the billing practices
in this district. One to six minutes is .1, anything over 6 minutes is .2, please see attachment
entitled, *Calculating Compensation for Time Worked*. To clarify I am not saying that this
particular filing took twelve minutes to complete its review but what was done in this case was
that the email advising me of the transaction was viewed, in addition to insure that this was
properly filed I then had to open the document itself, skim it to insure the court had granted the
request without modification and then efile it. Even though I had drafted this document, the order
to seal was important in this case because of the confidentiality and critical information it
contained. If this court had modified this order, information released even, though redacted, quite
possibly could endanger my client's life. It would not take long for those who the conflict existed
with to determine Mr. Brooks was a potential witness.

Comments on Memo of the Court Dated 5-24-11:

I believe I have addressed those comments in the Memo of 5-24-11 as it relates to the first Memo of April 1, 2011. I will proceed to address those court comments found in the grid presentation. These references all relate to 571.

(21) 12-20-07 regarding ECF 33, .2, review detention order, once again this is not a billing of 12 minutes but over six minutes, please see attachment entitled *Calculating Compensation for Time Worked*. The process includes opening the email, reviewing the email communication then opening the actual document and reviewing it. Since I am not privy to the pretrial material, even if present, this document can aid in understanding the nature of co-defendants. In this case the information obtained is particularly relevant in that it was noted this defendant had a history of drug abuse. If in the future this defendant should cooperate, this information is relevant. Although this is a boiler plate ruling it provides counsel with information otherwise not readily obtainable. I believe this billing is correct.

(22) 12-26-07 review ECF 37 .3. This is a notice of related case, and notes case 07-251 as related. The reason stated for the relation is all parties are the same. The question raised in my mind, what is sw07-251? So I tried to find this case, I really could not find this case then realized it probably  related to a search warrant or warrants obtained for wire tape. I failed to put this discrete task down when doing billing, that is my fault and is in fact block billing. Please see my comments about block billing.

(23) 1-2-08 review minutes .3, this is a review of the minutes of the arraignment of my defendant. I was not present at that date and was aided by other counsel. At that hearing a status conference date was scheduled. As a result of the new date I calendared this date in my paper calendar as well as in my electronic calendar. As stated previously .3 can be as little as 12+ . I realize now, based upon the courts' comments about calendaring that this time is not allowable. Based upon that observation the time should be reduced to .1. This billing was an estimate and was not done to inflate the billing.

(24) 3-28-08 ECF 66 .2, this is a simple substitution of counsel, however the process requires a change of counsel to be noted for the file and my records updated. This notation appears to be block billing as noted and should have been independently cited but was not. It may also constitute secretarial. With that assumption then this billing should be .1 for noting the change.

(25) 8-29-08 review of minutes ECF 210 .2. Although this is simply the order denying the suppression motion of another defendant every ruling  was significant to this client. This order was a critical start to moving the defendant to a point of realizing his precarious position in this case. Once again 7+ minutes is a .2 billing. Without my file it is difficult to more precisely recall what I did. It was my habit to communicate to the defendant these rulings and probably via a printed document but I can not say that for a fact. This would be a block billing but as stated I did the work, and this is an estimate of time. If the court considers some of it secretarial then this billing should be .1.

(26) 10-10-08 review of minutes regarding change of plea .2.  This is not only the review of a plea of a co-defendant but also the subsequent tracking by calendaring. Mr. Brooks expected a full update of the status of the case each time we met or he called. If I was not present to accept his collect call I provided others in the office with at least this information to relate to the defendant. This was necessary to maintain any client control. As documented there were

substantial number of collect calls.

 11-3-08 ECF 80 .2, review request for cancellation of motion calendaring by AUSA and terminated the hearing date of November 7, 2008. This date was not noted in the court entry and required opening of ECF 80 and thereafter taking off calendar this date from at least two calendars. Now I am aware that calendaring is secretarial and as such this second function should not have been block billed nor billed at all because it is secretarial. This billing should be .1.

 11-28-08 ECF 99, .2 is a three line request to change calendaring for a co-defendant. As stated, the defendant was extremely controlling and wanted to know everything. This change of plea that would be forthcoming would be something he would expect me to be aware of and advise him both in advance but after the event. As such I reviewed the document and calendared it as well. Without my file it is difficult to ascertain what further action I undertook. Admittedly, this does reflect calendaring and as such now that I know, should not have been a part of this billing. Therefore considering the calendaring this should be .1 billing for these two separate functions.

 1-9-09 review of minutes ECF 99 .2 minutes. This is the minutes of sentencing of a co-defendant. As stated previously, Mr. Brooks was insistent in knowing exactly the disposition of each of his co-defendant's. I seem to recall keeping a summary of all sentences involved in this case and I may have added that to the summary for later discussion with Mr. Brooks. But I have no independent recollection as I sit her now as to why this took 7 minutes.

 1-15-09 ECF 101 .2 review of stipulation and proposed order. Although this is the normal stipulation and order, there was information of interest to the defendant. Specifically, at that moment this defendant was going to hire his own counsel. Once again not realizing calendaring is not billable this billing time should be .1.

 1-26-09 ECF 113 .4, review of judgment and commitment of co-defendant it should be noted this billing encompasses both ECF113 and 118, admittedly a block billing but still it in fact covers both. ECF 118 is an order by the court vacating the trial date of Eric Brooks and rescheduling a new status conference. This order signed on 1-23-09 after an in court hearing in which I provided the court with a memo as to why I was unavailable for trial due to a death penalty case. During that proceeding the court made it clear to me that it was not happy with me or my schedule. At the conclusion of this hearing the government was to submit an order, that would be ECF 118. I confirmed the court had signed the order and then calendared this matter. As to 113, the court's memo states that 113 should have been billed at .2. As a result of this block billing, and the fact that I calendared the ECF 118 matter, this billing should be corrected to .3.

 11-13-09 ECF 191 .2, sentencing minutes for co-defendant Felix Jauregui. ███████████ ██████████████████████████████████████████████ All the sentencing minutes were important to the defendant. He insisted on having the sentencing materials of each defendant. In addition, I created a handwritten document outlining all such sentences in order to get my client to commit to following through on his plea. I am sure that I in fact not only reviewed this document but also printed it out per my client's request. Once again, admittedly this appears to be a block billing and this is an estimate of time. If some of this time is considered by the court to secretarial then this billing should be .1.



11-20-09 ECF 195 .2, sentencing minutes for co-defendant. Please see the explanation immediately above.

I've checked the remaining billings and they appear to be accurate. Travel time and visits to Butte and Nevada County jails can be verified, as each jail requires counsel to sign in before a visit. The collect calls were all documented, as were court proceedings. Other work specified on the bills was verified by notes on my paper calendar or contained with in the discrete files. I reviewed these notes before releasing the files.

I would like to reiterate how difficult this client was, his need for control, paranoia, refusal to accept me at my word, his argumentative attitude all made this case more time consuming in so many small ways. The mere fact of 50-60 collect calls speaks volumes about these traints.

By sending this letter and meeting with the court, I do not want to suggest that I question in any way this court's authority to review my CJA bills. I simply believe many of the court's concerns needed further explanation from me and I apologize to the court for not have provided this explanation earlier. I look forward to meeting with your honor to address any further issues you may have.

Yours truly,


Dwight M. Samuel

**Filings for No. 1**

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

# FILED

**DEC 1 7 2007**



**CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**
BY _____ DEPUTY CLERK

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
)
ARMANDO SANCHEZ, )
)
Defendant. )
_____ )

MAG. 07-0384-EFB

**DETENTION ORDER**

A.    <u>Order For Detention</u>

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (I)

B.    <u>Statement Of Reasons For The Detention</u>

The Court orders the defendant's detention because it finds:

☒    By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒    By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

C.    <u>Findings Of Fact</u>

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

☐    (1) Nature and Circumstances of the offense charged:

    ☐    (a)  The crime. _____

    ☐    (b)  The offense is a crime of violence.

    ☒    (c)  The offense involves a narcotic drug.

    ☒    (d)  The offense involves a large amount of controlled substances.

☐    (2) The weight of the evidence against the defendant is high.

☒    (3) The history and characteristics of the defendant including:

    (a)    General Factors:

        ☐    The defendant appears to have a mental condition which may affect whether the defendant will appear.

        ☒    The defendant has no known family ties in the area.

        ☒    The defendant has no known steady employment.

        ☒    The defendant has no known substantial financial resources.

        ☐    The defendant is not a long time resident of the community.

        ☒    The defendant does not have any known significant community ties.

        ☐    Past conduct of the defendant: _____

        ☐    The defendant has a history relating to drug abuse.

        ☐    The defendant has a significant prior criminal record.

        ☐    The defendant has a prior record of failure to appear at court proceedings.

☐ Court/Original          ☐ U.S. Attorney          ☐ Defense Counsel          ☐ Pretrial Services

Whether the defendant was on probation, parole, or release by a court;

At the time of the current arrest, the defendant was on:

☐   Probation

☐   Parole

☐   Release pending trial, sentence, appeal or completion of sentence.

(b)   Other Factors:

☐   The defendant is an illegal alien and is subject to deportation.

☐   The defendant is a legal alien and will be subject to deportation if convicted.

☒   Other: _Immigration Status_
_unknown_

☐   (4) Rebuttable Presumptions

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

☒   a. (1) The crime charged is one described in § 3142(f)(1) viz.

☐   (A) a crime of violence; or

☐   (B) an offense for which the maximum penalty is life imprisonment or death; or

☒   (C) a controlled substance violation that has a maximum penalty of ten years or more; or

☐   (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above and

(2)   Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above and

(3)   The offense referred to in subparagraph (2) was committed while defendant was on release pending trial and

(4)   Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

☒   b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed

☒   in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,

☐   the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,

☐   the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or

☐   an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.

☐   an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D.   Additional Directives

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

The defendant be afforded reasonable opportunity for private consultation with his counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: _12-17-07_

_____
UNITED STATES MAGISTRATE JUDGE

AO 442 (Rev. 10/95) Warrant for Arrest

# UNITED STATES DISTRICT COURT

1423073

## SEALED EASTERN DISTRICT OF CALIFORNIA

FILED

DEC 1 7 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**UNITED STATES OF AMERICA**

**v.**

**Eric BROOKS**

## WARRANT FOR ARREST

CASE NUMBER:

**2:07 - M - 3 8 4**

YOU ARE HEREBY COMMANDED to arrest

and bring him or her forthwith to the nearest magistrate to answer a

___ Indictment  ___ Information  _X_ Complaint  ___ Order of court  ___ Violation Notice  _ Probation Violation

charging him or her with (brief description of offenses)

Use of a communication facility in furtherance of a drug trafficking offense

in violation of Title 21, United States Code, Section 843

| | |
|---|---|
| Hon. Edmund F. Brennan | United States Magistrate Judge |
| Name of Issuing Officer | Title of Issuing Officer |
| | December 11, 2007 Sacramento, California |
| Signature of Issuing Officer | Date and Location |

Bail fixed at    $  0    by    Hon. Edmund F. Brennan

Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED  12-11-07 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST  12-13-07 | SA   MUNOZ | |

| 12/17/2007 | 🗎 20 | MINUTES (Text Only) for STATUS OF COUNSEL and DETENTION HEARING as to Cesar Quintero-Felix held on 12/17/2007 before Judge Edmund F. Brennan :All parties present. Attorney Tedmon was appointed to represent the deft. The Govt moved for detention. Defense counsel submitted on the matter without prejudice. The Court ordered the deft detained without prejudice. Government Counsel Phil Ferrari present. Defense Counsel Scott Tedmon, CJA present. Custody Status: In custody. Court Reporter/CD Number: Casey Schultz, ECRO. Interpreter Cristina Scherer present. (Cannarozzi, N) [2:07-mj-00384-EFB] (Entered: 12/17/2007) |
|---|---|---|

Case 2:07-cr-00571-GEB -EFB  Document 30  Filed 12/17/07  Page 1 of 2

UNITED STATES DISTRICT COURT FOR THE

**FILED**

EASTERN DISTRICT OF CALIFORNIA

**DEC 17 2007**



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                    DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | MAG. 07-0384-EFB |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **DETENTION ORDER** |
| CESAR QUINTERO-FELIX, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

A.  <u>Order For Detention</u>
   After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court
   orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (I)

B.  <u>Statement Of Reasons For The Detention</u>
   The Court orders the defendant's detention because it finds:
   ☒  By a preponderance of the evidence that no condition or combination of conditions will
        reasonably assure the appearance of the defendant as required.
   ☒  By clear and convincing evidence that no condition or combination of conditions
        will reasonably assure the safety of any other person and the community.

C.  <u>Findings Of Fact</u>
   The Court's findings are based on the evidence which was presented in Court and that which was
   contained in the Pretrial Services Report, and includes the following:
   ☒  (1) Nature and Circumstances of the offense charged:
        ☐  (a)  The crime._____
        ☐  (b)  The offense is a crime of violence.
        ☒  (c)  The offense involves a narcotic drug.
        ☒  (d)  The offense involves a large amount of controlled substances.
   ☐  (2) The weight of the evidence against the defendant is high.
   ☐  (3) The history and characteristics of the defendant including:
        (a)  General Factors:
              ☐  The defendant appears to have a mental condition which may
                   affect whether the defendant will appear.
              ☒  The defendant has no known family ties in the area.
              ☒  The defendant has no known steady employment.
              ☒  The defendant has no known substantial financial resources.
              ☒  The defendant is not a long time resident of the community.
              ☒  The defendant does not have any known significant community ties.
              ☐  Past conduct of the defendant:_____

              ☐  The defendant has a history relating to drug abuse.
              ☐  The defendant has a significant prior criminal record.
              ☐  The defendant has a prior record of failure to appear at court proceedings.

☐ Court/Original          ☐ U.S. Attorney          ☐ Defense Counsel          ☐ Pretrial Services

Whether the defendant was on probation, parole, or release by a court;

At the time of the current arrest, the defendant was on:

- ☐ Probation
- ☐ Parole
- ☐ Release pending trial, sentence, appeal or completion of sentence.

    (b)    Other Factors:

- ☐ The defendant is an illegal alien and is subject to deportation.
- ☐ The defendant is a legal alien and will be subject to deportation if convicted.
- ☒ Other: _Immigration Status Unknown_
- _____
- _____

☒ (4) Rebuttable Presumptions

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

    ☒  a. (1) The crime charged is one described in § 3142(f)(1) viz.

- ☐ (A) a crime of violence; or
- ☐ (B) an offense for which the maximum penalty is life imprisonment or death; or
- ☒ (C) a controlled substance violation that has a maximum penalty of ten years or more; or
- ☐ (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above <u>and</u>

    (2)  Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above <u>and</u>

    (3)  The offense referred to in subparagraph (2) was committed while defendant was on release pending trial <u>and</u>

    (4)  Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

    ☒  b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed

- ☒ in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
- ☐ the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
- ☐ the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
- ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
- ☐ an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D.   <u>Additional Directives</u>

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

The defendant be afforded reasonable opportunity for private consultation with his counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: _12 -17-07_

_____
UNITED STATES MAGISTRATE JUDGE

AO 442 (Rev. 10/95) Warrant for Arrest

Case 2:07-cr-00071-GEB   Document 22   Filed 12/11/07   Page 1 of 1

# UNITED STATES DISTRICT COURT

SEALED EASTERN DISTRICT OF CALIFORNIA   FILED

DEC 17 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1423075

**UNITED STATES OF AMERICA**

v.

James Lawrence HONEYCUTT

1248 North Airport Way, Stockton, California

# WARRANT FOR ARREST

CASE NUMBER:

**2:07 - M - 3 8 4     EFB**

YOU ARE HEREBY COMMANDED to arrest

and bring him or her forthwith to the nearest magistrate to answer a

___ Indictment   ___ Information   _X_ Complaint   ___ Order of court   ___ Violation Notice   ___ Probation Violation

charging him or her with (brief description of offense)

Conspiracy to distribute and to possess with intent to distribute methamphetamine, and use of a communication facility in furtherance of a drug trafficking offense

in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 843

| | |
|---|---|
| Hon. Edmund F. Brennan | United States Magistrate Judge |
| Name of Issuing Officer | Title of Issuing Officer |
| | December 11, 2007  Sacramento, California |
| Signature of Issuing Officer | Date and Location |

Bail fixed at    $ _____ 0 ___    by    Hon. Edmund F. Brennan

Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED  12-11-07 | NAME AND TITLE OF ARRESTING OFFICER  SA Gary Cimmino | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST  12-12-07 | | |

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA



**FILED**

**DEC 17 2007**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA,                )
                                         )
                            Plaintiff,   )      MAG. 07-0384-EFB
                                         )
            v.                           )
                                         )
                                         )      **DETENTION ORDER**
FELIX JAUREGUI,                          )
                                         )
                            Defendant.   )
_____ )

A.   <u>Order For Detention</u>
     After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court
     orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (I)

B.   <u>Statement Of Reasons For The Detention</u>
     The Court orders the defendant's detention because it finds:
     ☒   By a preponderance of the evidence that no condition or combination of conditions will
          reasonably assure the appearance of the defendant as required.
     ☒   By clear and convincing evidence that no condition or combination of conditions
          will reasonably assure the safety of any other person and the community.

C.   <u>Findings Of Fact</u>
     The Court's findings are based on the evidence which was presented in Court and that which was
     contained in the Pretrial Services Report, and includes the following:
     ☒      (1) Nature and Circumstances of the offense charged:
            ☐      (a)  The crime._____
            ☐      (b)  The offense is a crime of violence.
            ☒      (c)  The offense involves a narcotic drug.
            ☒      (d)  The offense involves a large amount of controlled substances.
     ☐      (2) The weight of the evidence against the defendant is high.
     ☐      (3) The history and characteristics of the defendant including:
            (a)      General Factors:
                     ☐      The defendant appears to have a mental condition which may
                            affect whether the defendant will appear.
                     ☒      The defendant has no known family ties in the area.
                     ☒      The defendant has no known steady employment.
                     ☒      The defendant has no known substantial financial resources.
                     ☐      The defendant is not a long time resident of the community.
                     ☒      The defendant does not have any known significant community ties.
                     ☐      Past conduct of the defendant:_____
                                                       _____

                     ☐      The defendant has a history relating to drug abuse.
                     ☐      The defendant has a significant prior criminal record.
                     ☐      The defendant has a prior record of failure to appear at court proceedings.

☐ Court/Original          ☐ U.S. Attorney          ☐ Defense Counsel          ☐ Pretrial Services

Whether the defendant was on probation, parole, or release by a court;
     At the time of the current arrest, the defendant was on:
     ☐ Probation
     ☐ Parole
     ☐ Release pending trial, sentence, appeal or completion of sentence.

  (b) Other Factors:
     ☐ The defendant is an illegal alien and is subject to deportation.
     ☐ The defendant is a legal alien and will be subject to deportation if convicted.
     ☒ Other: _Immigration Status unknown_

☐ (4) Rebuttable Presumptions
  In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:
  ☐ a. (1) The crime charged is one described in § 3142(f)(1) viz.
     ☐ (A) a crime of violence; or
     ☐ (B) an offense for which the maximum penalty is life imprisonment or death; or
     ☐ (C) a controlled substance violation that has a maximum penalty of ten years or more; or
     ☐ (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above and
    (2) Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above and
    (3) The offense referred to in subparagraph (2) was committed while defendant was on release pending trial and
    (4) Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).
  ☐ b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed
     ☐ in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
     ☐ the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
     ☐ the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
     ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
     ☐ an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D. Additional Directives
  Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:
    The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and
    The defendant be afforded reasonable opportunity for private consultation with his counsel; and
    That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: _12-17-07_

_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

# FILED

**DEC 17 2007**



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>       v.<br><br>JESUS AVILA,<br><br>               Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    MAG. 07-0384-EFB<br><br>    **DETENTION ORDER** |

**A.**   <u>Order For Detention</u>

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (I)

**B.**   <u>Statement Of Reasons For The Detention</u>

The Court orders the defendant's detention because it finds:

    ☒   By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

    ☒   By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**C.**   <u>Findings Of Fact</u>

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

    ☐     (1) Nature and Circumstances of the offense charged:

          ☐   (a)  The crime._____

          ☐   (b)  The offense is a crime of violence.

          ☒   (c)  The offense involves a narcotic drug.

          ☒   (d)  The offense involves a large amount of controlled substances.

    ☐     (2) The weight of the evidence against the defendant is high.

    ☒     (3) The history and characteristics of the defendant including:

          (a)    General Factors:

               ☐   The defendant appears to have a mental condition which may affect whether the defendant will appear.

               ☒   The defendant has no known family ties in the area.

               ☒   The defendant has no known steady employment.

               ☒   The defendant has no known substantial financial resources.

               ☐   The defendant is not a long time resident of the community.

               ☒   The defendant does not have any known significant community ties.

               ☐   Past conduct of the defendant:_____

               ☐   The defendant has a history relating to drug abuse.

               ☐   The defendant has a significant prior criminal record.

               ☐   The defendant has a prior record of failure to appear at court proceedings.

☐ Court/Original       ☐ U.S. Attorney       ☐ Defense Counsel       ☐ Pretrial Services

Whether the defendant was on probation, parole, or release by a court;
At the time of the current arrest, the defendant was on:
- ☐ Probation
- ☐ Parole
- ☐ Release pending trial, sentence, appeal or completion of sentence.

    (b)    Other Factors:
- ☐ The defendant is an illegal alien and is subject to deportation.
- ☐ The defendant is a legal alien and will be subject to deportation if convicted.
- ☒ Other: *Immigration Status unknown*

☐ (4) **Rebuttable Presumptions**
In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

☒ a. (1) The crime charged is one described in § 3142(f)(1) viz.
- ☐ (A) a crime of violence; or
- ☐ (B) an offense for which the maximum penalty is life imprisonment or death; or
- ☒ (C) a controlled substance violation that has a maximum penalty of ten years or more; or
- ☐ (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above and

(2) Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above and

(3) The offense referred to in subparagraph (2) was committed while defendant was on release pending trial and

(4) Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

☒ b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed
- ☒ in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
- ☐ the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
- ☐ the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
- ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
- ☐ an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D.    **Additional Directives**
Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:
The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and
The defendant be afforded reasonable opportunity for private consultation with his counsel; and
That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: 12-17-07

_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA



**FILED**

**DEC 1 7 2007**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                    DEPUTY CLERK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | MAG. 07-0384-EFB |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **DETENTION ORDER** |
| JASMIN RUIZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**A.   Order For Detention**

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (I)

**B.   Statement Of Reasons For The Detention**

The Court orders the defendant's detention because it finds:

☒ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

**C.   Findings Of Fact**

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

☒ (1) Nature and Circumstances of the offense charged:
   ☐ (a) The crime. _____
   ☐ (b) The offense is a crime of violence.
   ☐ (c) The offense involves a narcotic drug.
   ☒ (d) The offense involves a large amount of controlled substances.
☐ (2) The weight of the evidence against the defendant is high.
☐ (3) The history and characteristics of the defendant including:
   (a)   General Factors:
      ☐ The defendant appears to have a mental condition which may affect whether the defendant will appear.
      ☒ The defendant has no known family ties in the area.
      ☒ The defendant has no known steady employment.
      ☒ The defendant has no known substantial financial resources.
      ☐ The defendant is not a long time resident of the community.
      ☐ The defendant does not have any known significant community ties.
      ☐ Past conduct of the defendant:_____
      _____
      ☐ The defendant has a history relating to drug abuse.
      ☐ The defendant has a significant prior criminal record.
      ☐ The defendant has a prior record of failure to appear at court proceedings.

☐ Court/Original        ☐ U.S. Attorney        ☐ Defense Counsel        ☐ Pretrial Services

Whether the defendant was on probation, parole, or release by a court;

> At the time of the current arrest, the defendant was on:
> ☐  Probation
> ☐  Parole
> ☐  Release pending trial, sentence, appeal or completion of sentence.

    (b)    Other Factors:
> ☐  The defendant is an illegal alien and is subject to deportation.
> ☐  The defendant is a legal alien and will be subject to deportation if convicted.
> ☒  Other: *Immigration Status Unknown*

☐  (4) Rebuttable Presumptions

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

   ☒  a. (1) The crime charged is one described in § 3142(f)(1) viz.
> ☐  (A) a crime of violence; or
> ☐  (B) an offense for which the maximum penalty is life imprisonment or death; or
> ☒  (C) a controlled substance violation that has a maximum penalty of ten years or more; or
> ☐  (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above and

    (2)  Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above and

    (3)  The offense referred to in subparagraph (2) was committed while defendant was on release pending trial and

    (4)  Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

   ☒  b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed
> ☒  in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
> ☐  the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
> ☐  the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
> ☐  an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
> ☐  an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D.    Additional Directives

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

    The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    The defendant be afforded reasonable opportunity for private consultation with his counsel; and

    That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: 12-17-07

UNITED STATES MAGISTRATE JUDGE

**Filings for No. 2**

AO 442 (Rev. 10/95) Warrant for Arrest

Case 2:07-cr-00571-GEB   Document 23   Filed 12/18/07   Page 1 of 1

# UNITED STATES DISTRICT COURT

**SEALED** **EASTERN DISTRICT OF CALIFORNIA**

**FILED**

DEC 17 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY CLERK

**UNITED STATES OF AMERICA**

**v.**

**Genaro LUNA**

1044 South David Avenue, Space 19, Stockton, California

## WARRANT FOR ARREST

CASE NUMBER:

2:07 - M - 384

**YOU ARE HEREBY COMMANDED** to arrest

and bring him or her forthwith to the nearest magistrate to answer a

___ Indictment   ___ Information   _X_ Complaint   ___ Order of court   ___ Violation Notice   _ Probation Violation

charging him or her with (brief description of offenses)

Conspiracy to distribute and to possess with intent to distribute methamphetamine, and use of a communication facility in furtherance of a drug trafficking offense

in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 843

| | |
|---|---|
| Hon. Edmund F. Brennan | United States Magistrate Judge |
| Name of Issuing Officer | Title of Issuing Officer |
| | December 11, 2007 Sacramento, California |
| Signature of Issuing Officer | Date and Location |

Bail fixed at   $ _____   by   Hon. Edmund F. Brennan

Name of Judicial Officer

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ | | |
| DATE RECEIVED   12-11-07 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST   12-12-07 | | |

Case 2:08-cr-00122-GEB   Document 90   Filed 08/04/11   Page 87 of 253

| 12/18/2007 | ❷ 26 | MINUTES (Text Only) for DETENTION HEARING as to James Lawrence Honeycutt held on 12/18/2007 before Judge Edmund F. Brennan :The Govt continues to move for detention. Defense counsel submitted with leave to reopen the issue at a later date. The Court ordered the deft detained without prejudice. Government Counsel Phil Ferrari present. Defense Counsel Krista Hart, CJA present. Custody Status: In custody. Court Reporter/CD Number: Casey Schultz, ECRO. (Cannarozzi, N) [2:07-mj-00384-EFB] (Entered: 12/18/2007) |

**OFFICE OF THE FEDERAL DEFENDER**
**EASTERN DISTRICT OF CALIFORNIA**
**801 I STREET, 3rd FLOOR**
**SACRAMENTO, CALIFORNIA 95814**
(916) 498-5700  Fax: (916) 498-5710

*Daniel J. Broderick*
*Federal Defender*

*Linda C. Harter*
*Chief Assistant Defender*

DATE:      December 18, 2007

TO:        Nic Cannarozzi, Courtroom Clerk to Judge
           Hon. Edmund F. Brennan

FROM:      Becky Darwazeh, secretary to Jeff Staniels, Assistant Federal
           Defender

SUBJECT:   Attorney of Record
           Felix Jauregui
           MAG-07-384-EFB

_____

Please be advised that the attorney of record in this matter is **Jeff Staniels, Assistant Federal Defender**.

Please remove Tim Zindel from your mailing list and correct your records to reflect the above change.

Thank you.

/bd
cc: file

**Filings for No. 3**

| 12/27/2007 | 🌑 38 | MINUTES (Text Only) for INITIAL APPEARANCE and ARRAIGNMENT as to Aid Luangrath Jr. (9) held on 12/27/2007 before Judge Edmund F. Brennan :All parties present. Attorney Long was appointed to represent the deft. The Court advised the deft of his rights and the pending charges. A not guilty plea was entered with a jury trial demand. The Govt moved for detention. Defense counsel requested the matter of detention be continued. So ordered. Detention Hearing set for 1/3/2008 at 02:00 PM in Courtroom 24 (GGH) before Magistrate Judge Gregory G. Hollows. At the request of both counsel, a Status Conference was ordered set for 1/24/2008 at 09:00 AM in Courtroom 3 (MCE) before Judge Morrison C. England Jr. The Govt moved for a finding of exlcudable time. No objection by defense counsel. It was so ordered. XT4 Start: 12/27/07 Stop: 01/24/08 Government Counsel Philip Ferrari present. Defense Counsel Michael Long, CJA present. Custody Status: In custody. Court Reporter/CD Number: Tiffany Brown, ECRO. (Cannarozzi, N) (Entered: 12/27/2007) |
| --- | --- | --- |
| 12/27/2007 | 🌑 | SHACKLING CODE F as to Aid Luangrath, Jr (Cannarozzi, N) (Entered: 12/27/2007) |

# Prisoner Restraint Level

| Name: | |
|-------|---|
| Charges: | ☐Dangerous Drugs   X Probation Violation  <br> ☐ Immigration        ☐ Other: |

## U.S. Marshals Recommendation:

When Alone:           Full  X  Legs Only ☐   None ☐

Multiple Defendants: Full  X  Legs Only ☐   None ☐

### Criminal History

| Offense | Arrest | Offense | Arrest |
|---------|--------|---------|--------|
| Homicide/Manslaughter | | Narcotics | 14 |
| Assault/Battery | 21 | Burg/Larc/Theft | |
| Sex Assault/Child Molestation | 2 | FTA/Probation/Parole | 4 |
| Kidnapping | | Immigration | |
| Weapons (Firearms) | 4 | Extortion/Threaten/Terrorize | 1 |
| Weapons (Other) | | Fraud/Forgery | |
| Resist/Assault/Evade Officer | 1 | Conspiracy | 1 |
| Escape | | Traffic/DUI/Misdemeanor | 1 |
| Robbery | 2 | Gang Affiliation:  NORTENO DROP OUT | |

Comments: 3- PARTICIPATE IN CRIMINAL STREET GANG

## Judicial Ruling:

When Alone:           Full ☐   Legs Only ☐   None ☐

Multiple Defendants: Full ☐   Legs Only ☐   None ☐

Presiding Judge: _____   Date: _____

**Filings for No. 6**

1  **MICHAEL B. BIGELOW**
   Attorney at Law  - SBN 65211
2  428 J Street, Suite 350
   Sacramento, California 95814
3  Telephone: (916) 443-0217

4  Attorney for Defendant
   GENARO LUNA

5

6                    **UNITED STATES DISTRICT COURT**

7                  **EASTERN DISTRICT OF CALIFORNIA**

8

9  UNITED STATES OF AMERICA       )      No. Cr.S-07-571 GEB
                                  )
10                Plaintiff       )      STIPULATION AND PROPOSED ORDER
                                  )      CONTINUING SENTENCING
11          v.                    )
                                  )      Date:    Dec. 4, 2009
12  GENARO LUNA,                  )      Time:    9:00 AM
                                  )      Court:   GEB
13                Defendant       )
    _____)

14

15       IT IS HEREBY STIPULATED AND AGREED by the parties through

16  their respective attorneys that the above referenced matter,

17  calendared for Friday November 20, at 9:00 AM, for sentencing be

18  rescheduled for December 4, 2009 at 9:00 AM for sentencing.

19       This stipulation and agreement is entered into for the

20  following reasons: Undersigned counsel for defendant is to

21  undergo a medical procedure on November 18, 2009 which will

22  cause him to be unavailable on Friday November 20, 2009.

23

24

25

                                  -1-

1     **IT IS SO STIPULATED**

2

3

      Dated: November 18, 2009          /S/ MICHAEL B. BIGELOW
4                                        Michael B. Bigelow
                                         Attorney for Defendant
5

6

7

8     Dated: November 18, 2009          /S/PHIL FERRARI
                                         Phil Ferrari, AUSA
9

10    **IT IS SO ORDERED**

11
      November 24, 2009
12                                       GARLAND E. BURRELL, JR.
                                         United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

                                -2-

Case 2:08-cr-00122-GEB   Document 90   Filed 08/04/11   Page 95 of 253

| 11/24/2009 | 🔵 197 | CLERK'S NOTICE. Parties are informed that document 193 Notice of Appeal is not legible and filer is instructed to re-file the Appeal in the proper format. (Mena-Sanchez, L) (Entered: 11/24/2009) |
|---|---|---|

1   Robert J. Beles Bar No. 41993
    Paul McCarthy Bar No. 139497
2   H. Ernesto Castillo Bar No. 220900
    One Kaiser Plaza, Suite 2300
3   Oakland, California 94612-3642
    Tel No. (510) 836-0100
4   Fax. No. (510) 832-3690

5   Attorneys for *Defendant FELIX JAUREGUI*

6

7

8

9                   **United States District Court**
                     **Eastern District of California**
10

11  | UNITED STATES OF AMERICA, | No 2-07-cr-0571 GEB |
    |---|---|
12  | *Plaintiff*, | NOTICE OF APPEAL |
    | vs. | |
13  | | |
    | FELIX JAUREGUI, | |
14  | | |
    | *Defendant*. | |
15

16                        NOTICE OF APPEAL

17        To the clerk of the United States District Court for the Eastern District of California:

18        Please take notice that defendant Felix Jauregui appeals his conviction and sentence,

19  entered in this court on November 13, 2009, to the United States Court of Appeals for the Ninth

20  Circuit. This appeal is taken pursuant to the provisions of Federal Rules of Appellate Procedure

21  4(b).

22        Dated:  Oakland, California, Monday, November 23, 2009.

23

24

25                                          /s/ Paul McCarthy
                                         _____
26                                          Robert J. Beles
                                         Paul McCarthy
27                                          H. Ernesto Castillo
                                         Attorneys for *Defendant FELIX JAUREGUI*
28

                                          1

AO 245B-CAED (Rev. 3/04)  Sheet 1 -Judgment in a Criminal Case | Case 2:07-cr-00571-GEB-EFB   Document 199   Filed 11/24/09   Page 1 of 6

# United States District Court
## Eastern District of California

UNITED STATES OF AMERICA
v.
**FELIX JAUREGUI**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **2:07CR00571-04**

Jeff Staniels, Assistant Federal Defender
Defendant's Attorney

## THE DEFENDANT:

[✔]   pleaded guilty to count(s): Count 1 of the Indictment .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 and 841(a)(1) | Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine | 12/12/07 | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count(s) 5, 6, 7, 8, 9, 10 & 18. Of the Indictment  (is)(are) dismissed on the motion of the United States.

[ ]   Indictment is to be dismissed by District Court on motion of the United States.

[✔]   Appeal rights given.            [ ]   Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/13/09
Date of Imposition of Judgment

Signature of Judicial Officer

**GARLAND E. BURRELL, JR.**, United States District Judge
Name & Title of Judicial Officer

11/24/09
Date

AO 245B-CAED (Rev. 3/04) Sheet 2 - Imprisonment    Case 2:07-cr-00571-GEB -EFB  Document 199   Filed 11/24/09  Page 2 of 6

CASE NUMBER:      2:07CR00571-04                                                    Judgment - Page 2  of  6
DEFENDANT:        FELIX JAUREGUI

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 168 months .

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       The Court recommends that the defendant be incarcerated in a California facility, but only insofar as this accords
       with security classification and space availability.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.
       If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

                                                              _____
                                                              UNITED STATES MARSHAL

                                                         By  _____
                                                              Deputy U.S.  Marshal

| | | |
|---|---|---|
| **CASE NUMBER:** | 2:07CR00571-04 | Judgment - Page 3 of 6 |
| **DEFENDANT:** | FELIX JAUREGUI | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release (unsupervised if deported) for a term of 60 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]     The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION
1)  the defendant shall not leave the judicial district without permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| CASE NUMBER: | 2:07CR00571-04 | Judgment - Page 4 of 6 |
|---|---|---|
| DEFENDANT: | FELIX JAUREGUI | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Pursuant to 18 USC 3583(d)(3), upon completion of the term of imprisonment, the defendant is to be surrendered to a duly authorized Immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act. If ordered deported, the defendant, during the term of supervised release, shall remain outside the United States and shall not re-enter the United States without the consent of the Attorney General or the Secretary of the Department of Homeland Security of the United States.

Upon any re-entry, lawful or unlawful, into the United States, the defendant shall report in person to the United States Probation Office in the Eastern District of California within 72 hours.

AO 245B-CAED (Rev. 3/04) Sheet 5 - Criminal Monetary Penalties    Document 199    Filed 11/24/09    Page 5 of 6

| | |
|---|---|
| **CASE NUMBER:** | 2:07CR00571-04 |
| **DEFENDANT:** | FELIX JAUREGUI |

Judgment - Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ | $ |

[]   The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS: | $ __ | $ __ | |

[]   Restitution amount ordered pursuant to plea agreement $ __

[]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     [] The interest requirement is waived for the    [] fine     [] restitution

     [] The interest requirement for the      [] fine [] restitution is modified as follows:

[]   If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[]   If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 3/04) Sheet 6 - Schedule of Payments Case 2:07-cr-00571-GEB -EFB   Document 199   Filed 11/24/09   Page 6 of 6

| CASE NUMBER: | 2:07CR00571-04 | Judgment - Page 6 of 6 |
|---|---|---|
| DEFENDANT: | FELIX JAUREGUI | |

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  [ ] Lump sum payment of $ __ due immediately; balance due

     [ ]    not later than __ , or
     [ ]    in accordance with    [ ] C,  [ ] D,  [ ] E, or    [ ] F below; or

**B**  [✔]    Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or [ ] F below); or

**C**  [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  [ ] Payment during the term of supervised release will commence within __ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

**Filings for No. 7**

Case 2:07-cr-00571-GEB   Document 201   Filed 12/01/09   Page 1 of 6

# United States District Court
## Eastern District of California

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **JAMES LAWRENCE HONEYCUTT** | Case Number: **2:07CR00571-06** |

Krista Hart
Defendant's Attorney

## THE DEFENDANT:

[✔]   pleaded guilty to count(s): 1 of the Indictment .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 and 841(a)(1) | Conspiracy to Distribute and Possess With Intent to Distribute Methamphetmine | 12/12/07 | 1 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count(s) 15 of the Indictment (is)(are) dismissed on the motion of the United States.

[ ]   Indictment is to be dismissed by District Court on motion of the United States.

[ ]   Appeal rights given.          [✔]   Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/20/09
Date of Imposition of Judgment

Signature of Judicial Officer

**GARLAND E. BURRELL, JR.**, United States District Judge
Name & Title of Judicial Officer

12/1/09
Date

AO 245B-CAED (Rev. 3/04) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: | 2:07CR00571-06 |
| DEFENDANT: | JAMES LAWRENCE HONEYCUTT |

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 47 months .

[✔]     The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated in at the facility located at Sheridan, Oregon, but only insofar as this accords with security classification and space availability.  The Court recommends the defendant participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program.

[✔]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
         [ ] at ___ on ___.
         [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         [ ] before _ on ___.
         [ ] as notified by the United States Marshal.
         [ ] as notified by the Probation or Pretrial Services Officer.
         If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

         Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                                          _____
                                                          UNITED STATES MARSHAL


                                              By   _____
                                                          Deputy U.S. Marshal

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release Case 2:07-cr-00571-GEB   Document 201   Filed 12/01/09   Page 3 of 6

| CASE NUMBER: | 2:07CR00571-06 | Judgment - Page 3 of 6 |
|---|---|---|
| DEFENDANT: | JAMES LAWRENCE HONEYCUTT | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]     The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release   Document 201   Filed 12/01/09   Page 4 of 6

| CASE NUMBER: | 2:07CR00571-06 | Judgment - Page 4 of 6 |
|---|---|---|
| DEFENDANT: | JAMES LAWRENCE HONEYCUTT | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

4. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

5. The defendant shall not possess or have access to any paging device or cellular phone without the advance permission of the probation officer. The defendant shall provide all billing records for such devices, whether used for business or personal, to the probation officer upon request.

6. The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale.

7. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

8. The defendant shall provide all requested business/personal phone records to the probation officer. The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers. The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

9. The defendant shall register, as required in the jurisdiction in which he resides, as a drug offender.

AO 245B-CAED (Rev. 3/04) Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | 2:07CR00571-06 |
| DEFENDANT: | JAMES LAWRENCE HONEYCUTT |

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ | $ |

[ ] The determination of restitution is deferred until ___ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ ___ | $ ___ | |

[ ] Restitution amount ordered pursuant to plea agreement $ ___

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the     [ ] fine     [ ] restitution

    [ ] The interest requirement for the     [ ] fine [ ] restitution is modified as follows:

[ ] If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[ ] If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 3/04) Sheet 6 - Schedule of Payments    Case 2:07-cr-00571-GEB Document 201 Filed 12/01/09 Page 6 of 6

CASE NUMBER: 2:07CR00571-06                                                    Judgment - Page 6 of 6
DEFENDANT:    JAMES LAWRENCE HONEYCUTT

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   [] Lump sum payment of $ ___ due immediately, balance due

    []      not later than ___ ; or
    []      in accordance with      [] C,    [] D,    [] E, or        [] F below; or

B   [✔]     Payment to begin immediately (may be combined with    [] C,    [] D, or [] F below); or

C   [] Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years),
       to commence ___ (e.g., 30 or 60 days) after the date of this judgment; or

D   [] Payment in equal ___ (e.g., weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g., months or years),
       to commence ___ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [] Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;
       or

F   [] Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau
of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several
Amount, and corresponding payee, if appropriate:


[]   The defendant shall pay the cost of prosecution.

[]   The defendant shall pay the following court cost(s):

[]   The defendant shall forfeit the defendant's interest in the following property to the United States:

BENJAMIN B. WAGNER
United States Attorney
PHILIP A. FERRARI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2744

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case. No. CR-S-07-571 GEB |
| Plaintiff, | ) ) | |
| | ) ) ) | STIPULATION RE: CONTINUANCE OF HEARING ON JUDGMENT AND SENTENCE |
| v. | ) ) | |
| GENARO LUNA, | ) ) | |
| Defendant. | ) ) ) ) | Date: December 18, 2009 Time: 9:00 a.m. Hon. Garland E. Burrell, Jr. |

It is hereby stipulated by and between the United States of America through Philip Ferrari, Assistant United States Attorney, and defendant Genaro Luna, by and through his counsel, Michael Bigelow, Esq., that the hearing on Judgment and Sentence currently set for December 4, 2009, be vacated and reset for December 18, 2009 at 9:00 a.m.

DATED: December 1, 2009                    /s/ Philip A. Ferrari for
                                           MICHAEL BIGELOW, ESQ.
                                           Attorney for Defendant

1

DATED: December 1, 2009                     BENJAMIN B. WAGNER
                                            United States Attorney


                                      By:  /s/ Philip A. Ferrari
                                           PHILIP A. FERRARI
                                           Assistant U.S. Attorney

Case 2:08-cr-00122-GEB  Document 90  Filed 08/04/11  Page 112 of 253

| 12/01/2009 | 203 | USCA CASE NUMBER 09-10475 for <u>198</u> Notice of Appeal - CR filed by Felix Jauregui. (Engbretson, K.) (Entered: 12/01/2009) |

**Filings for No. 8**

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
Before the Honorable Garland E. Burrell

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MINUTES** |
| | Case No.:     07-571-GEB |
| v. | Date of Hearing:          August 14, 2009 |
| | Deputy Clerk: Shani Furstenau |
| **CESAR QUINTERO-FELIX** | Court Reporter/ECRO: Kimberly Bennett |

_____/

**For the Government**:

Phil Ferrari,
Assistant United States Attorney

**Interpreter Previously Sworn**:
Christina Scherer

**For the Defendant(s)**:

Michael McDonnell,
[] Assistant Federal Defender
[] Appointed   [] Retained

**Defendant**:
[x] Present    [x] In Custody       [] Not in Custody       [] O/R       [] Bail   [] No Appearance       [] Waived       [] Failed to Appear

---

**JUDGMENT AND SENTENCING to Count(s) 1 of the   Indictment Plea entered January 23, 2009.**

imprisonment:       188 months

surrender date:      __

term of supervised release:       60 months

recommendation:  Terminal Island                    deft fined: __      [x] fine waived.

restitution:              __                                    payable to: __

special assessment:     100                            bail exonerated:      __

right to appeal given:  No                              [x] appeal rights waived.

Special Conditions:     See J & C Order

**Other:**          __Government's motion to dismiss remaining counts granted.__

---

Proceeding Time: 20 minutes

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
Before the Honorable Garland E. Burrell

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MINUTES** |
| | Case No.:      07-571-GEB |
| v. | Date of Hearing:      August 14, 2009 |
| | Deputy Clerk: Shani Furstenau |
| **ARMANDO SANCHEZ** | Court Reporter/ECRO: Kimberly Bennett |
| _____/ | |

### For the Government:

Phil Ferrari,
Assistant United States Attorney

### For the Defendant(s):

Timothy Nilan,
[] Assistant Federal Defender
[] Appointed   [] Retained

**Interpreter Previously Sworn**:
Christina Scherer

**Defendant**:
[x] Present    [x] In Custody        [] Not in Custody      [] O/R      [] Bail    [] No Appearance          [] Waived        [] Failed to Appear

---

**JUDGMENT AND SENTENCING to Count(s) 1 of the  Indictment Plea entered January 23, 2009.**

imprisonment:      168 months

surrender date:      __

term of supervised release:      60 months

recommendation:  Institution near Fresno, CA & 500 hr      deft fined: __      [x] fine waived.
treatment program

restitution:      __                                    payable to: __

special assessment:    100                         bail exonerated:    __

right to appeal given:  Yes                         [] appeal rights waived.

Special Conditions:    See J & C Order

**Other:        Government's motion to dismiss remaining counts granted.**

---

Proceeding Time: 1 hour

.

**Filings for No. 9**

AO 245B-CAED (Rev. 3/04) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Eastern District of California

UNITED STATES OF AMERICA
v.
**ARMANDO SANCHEZ**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **2:07CR00571-03**

Timothy Nilan
Defendant's Attorney

## THE DEFENDANT:

[✔]    pleaded guilty to count(s): <u>1 of the Indictment</u> .

[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.

[ ]    was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 and 841(a)(1) | Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine | 12/12/07 | 1 |

    The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]    Count(s) <u>12 & 17 of the Indictment</u> (is)(are) dismissed on the motion of the United States.

[ ]    Indictment is to be dismissed by District Court on motion of the United States.

[ ]    Appeal rights given.          [✔]    Appeal rights waived.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/14/09
Date of Imposition of Judgment

Signature of Judicial Officer

**GARLAND E. BURRELL, JR.**, United States District Judge
Name & Title of Judicial Officer

8/24/09
Date

AO 245B-CAED (Rev. 3/04) Sheet 2 - Imprisonment    Case 2:07-cr-00571-GEB -EFB   Document 179   Filed 08/25/09   Page 2 of 6

CASE NUMBER:          2:07CR00571-03                                               Judgment - Page 2 of 6
DEFENDANT:           ARMANDO SANCHEZ

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 168 months .

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       The Court recommends that the defendant be incarcerated in at facility near Fresno, California, but only insofar as
       this accords with security classification and space availability.  The Court recommends the defendant participate in
       the 500-Hour Bureau of Prisons Substance Abuse Treatment Program.

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ] at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.
       If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                                        _____
                                                             UNITED STATES MARSHAL


                                              By    _____
                                                             Deputy U.S. Marshal

AO 245B-CAED (Rev. 9/04) Sheet 3 - Supervised Release  Case 2:07-cr-00571-GEB-EFB Document 179 Filed 08/25/09 Page 3 of 6

| CASE NUMBER: | 2:07CR00571-03 | Judgment - Page 3 of 6 |
|---|---|---|
| DEFENDANT: | ARMANDO SANCHEZ | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release (unsupervised if deported) for a term of 60 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]   The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 3/04)  Sheet 5 - Supervised Release   Document 179   Filed 08/25/09   Page 4 of 6

| CASE NUMBER: | 2:07CR00571-03 | Judgment - Page 4 of 6 |
| DEFENDANT: | ARMANDO SANCHEZ | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Pursuant to 18 USC 3583(d)(3), upon completion of the term of imprisonment, the defendant is to be surrendered to a duly authorized Immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act. If ordered deported, the defendant, during the term of supervised release, shall remain outside the United States and shall not re-enter the United States without the consent of the Attorney General or the Secretary of the Department of Homeland Security of the United States.

   Upon any re-entry, lawful or unlawful, into the United States, the defendant shall report in person to the United States Probation Office in the Eastern District of California within 72 hours.

3. The defendant shall register, as required in the jurisdiction in which he resides, as a drug offender.

AO 245B-CAED (Rev. 3/04) Sheet 5 C Criminal Monetary Penalties

| CASE NUMBER: | 2:07CR00571-03 | Judgment - Page 5 of 6 |
|---|---|---|
| DEFENDANT: | ARMANDO SANCHEZ | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ | $ |

[] The determination of restitution is deferred until __: An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ __ | $__ | |

[] Restitution amount ordered pursuant to plea agreement $ __

[] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [] The interest requirement is waived for the     [] fine     [] restitution

    [] The interest requirement for the     [] fine [] restitution is modified as follows:

[] If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[] If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 3/04) Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER: | 2:07CR00571-03 |
| DEFENDANT: | ARMANDO SANCHEZ |

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  [ ]  Lump sum payment of $ __ due immediately, balance due

   [ ]   not later than __ , or
   [ ]   in accordance with      [ ] C,   [ ] D,   [ ] E, or      [ ] F below; or

**B**  [✔]   Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or [ ] F below); or

**C**  [ ]  Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ]  Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  [ ]  Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

**Filings for No. 10**

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
Before the Honorable Garland E. Burrell

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MINUTES** |
| | Case No.:    07-0571-GEB |
| v. | Date of Hearing:         November 13, 2009 |
| | Deputy Clerk: Shani Furstenau |
| **FELIX JAUREGUI** | Court Reporter/ECRO: Kimberly Bennett |

_____/

**For the Government**:

Phil Ferrari,
Assistant United States Attorney

**Interpreter Previously Sworn**:
Yolanda Riley-Portal

**For the Defendant(s)**:

Jeff Staniels,
[x] Assistant Federal Defender
[] Appointed   [] Retained

**Defendant**:
[x] Present    [x] In Custody      [] Not in Custody      [] O/R      [] Bail   [] No Appearance        [] Waived          []
Failed to
Appear

---

**JUDGMENT AND SENTENCING to Count(s) 1 of the   Indictment Plea entered January 16, 2008.**

imprisonment:      168 months

surrender date:       __

term of supervised release:      60 months

recommendation:  California Institution                        deft fined: __    [x] fine waived.

restitution:            __                                              payable to: __

special assessment:     100                                    bail exonerated:    __

right to appeal given:  Yes                                      [] appeal rights waived.

Special Conditions:    See J & C Order

**Other:         Government's motion to Dismiss remaining counts as to this defendant granted.**

---

Proceeding Time: 20 minutes

**Filings for No. 11**

Case 2:07-cr-00571-GEB   Document 195   Filed 11/20/09   Page 1 of 1

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
Before the Honorable Garland E. Burrell

**UNITED STATES OF AMERICA**

v.

**JAMES HONEYCUTT**

_____/

**CRIMINAL MINUTES**

Case No.:        07-571-GEB
Date of Hearing:            November 20, 2009
Deputy Clerk: Shani Furstenau
Court Reporter/ECRO: Kimberly Bennett

### For the Government:

Phil Ferrari,
Assistant United States Attorney

### For the Defendant(s):

Krista Hart,
[] Assistant Federal Defender
[] Appointed   [] Retained

### Interpreter Previously Sworn:

**Defendant**:
[x] Present    [x] In Custody        [] Not in Custody      [] O/R      [] Bail   [] No Appearance          [] Waived        []
                                                                                                                            Failed to
                                                                                                                            Appear

---

## JUDGMENT AND SENTENCING to Count(s) 1 of the  Indictment Plea entered December 5, 2008.

imprisonment:       47 months

surrender date:       __

term of supervised release:      36 months

recommendation:  Sheridan, Oregon & 500 hr. Drug          deft fined: __      [] fine waived.
Treatment

restitution:        __                              payable to: __

special assessment:    100                          bail exonerated:    __

right to appeal given:  No                          [x] appeal rights waived.

Special Conditions:    See J & C Order

**Other:        Government's Motion to Dismiss Count 15 granted.**

Proceeding Time: 10 minutes

**Filings for No. 12**

Case 2:08-cr-00122-GEB   Document 90   Filed 08/04/11   Page 128 of 253

| 11/23/2009 | ❷ 193 | [DISREGARDED, SEE 198 ]NOTICE of APPEAL by Felix Jauregui. Attorney McCarthy, Paul G. added. (McCarthy, Paul) Modified on 11/25/2009 (Mena-Sanchez, L). (Entered: 11/23/2009) |
|---|---|---|
| 11/23/2009 | ❷ | (Court only) SUBMISSION of CREDIT CARD INFORMATION for Appeal to USCA in the amount of $455.00;<br>Type of Credit Card: Visa<br>Name as it appears on Credit Card: Robert Beles<br>Contact Telephone Number: 510 836-0100<br>Street: 1 Kaiser Plaza<br>Suite: 2300<br>Zip code: 94612<br>Credit Card Number: xxxx-xxxx-xxxx-xxxx<br>Expiration Date: 11/10<br>Security Code: 190<br>(McCarthy, Paul) (Entered: 11/23/2009) |
| 11/23/2009 | ❷ 194 | (Court only) PROCESS CREDIT CARD (Benson, A.) (Entered: 11/23/2009) |
| 11/23/2009 | ❷ | RECEIPT number CAE200021713 for $455.00 for 193 Notice of Appeal from Robert Beles FBO Felix Jauregui (Benson, A.) (Entered: 11/23/2009) |
| 11/24/2009 | ❷ 196 | STIPULATION and ORDER as to Genaro Luna (5) signed by Judge Garland E. Burrell, Jr on 11/24/2009 ORDERING that Sentencing is reset for 12/4/2009 at 09:00 AM in Courtroom 10 (GEB) before Judge Garland E. Burrell Jr. (Suttles, J) (Entered: 11/24/2009) |
| 11/24/2009 | ❷ 197 | CLERK'S NOTICE. Parties are informed that document 193 Notice of Appeal is not legible and filer is instructed to re-file the Appeal in the proper format. (Mena-Sanchez, L) (Entered: 11/24/2009) |
| 11/24/2009 | ❷ 198 | NOTICE of APPEAL by Felix Jauregui. (McCarthy, Paul) (Entered: 11/24/2009) |

1

2

3

4

5

6

7

8

9

10

11                                             No 2-07-cr-0571 GEB

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
Notice of Appeal

1 | Robert J. Beles Bar No. 41993
Paul McCarthy Bar No. 139497
2 | H. Ernesto Castillo Bar No. 220900
One Kaiser Plaza, Suite 2300
3 | Oakland, California 94612-3642
Tel No. (510) 836-0100
4 | Fax. No. (510) 832-3690

5 | Attorneys for *Defendant FELIX JAUREGUI*

6

7

8

9 | ## United States District Court
### Eastern District of California

10

11 | UNITED STATES OF AMERICA, | No 2-07-cr-0571 GEB

12 | *Plaintiff,* | NOTICE OF APPEAL
vs.

13 |

14 | FELIX JAUREGUI,

15 | *Defendant.*

16 | ## NOTICE OF APPEAL

17 | To the clerk of the United States District Court for the Eastern District of California:

18 | Please take notice that defendant Felix Jauregui appeals his conviction and sentence,

19 | entered in this court on November 13, 2009, to the United States Court of Appeals for the Ninth

20 | Circuit. This appeal is taken pursuant to the provisions of Federal Rules of Appellate Procedure

21 | 4(b).

22 | Dated: Oakland, California, Monday, November 23, 2009.

23

24

25 | /s/ Paul McCarthy

26 | Robert J. Beles
Paul McCarthy
27 | H. Ernesto Castillo
Attorneys for *Defendant FELIX JAUREGUI*

28

1
Notice of Appeal

**Filings for No. 14**

1  BENJAMIN B. WAGNER
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )     CR. No. S 07-571 GEB
                                   )
12              Plaintiff,         )     STIPULATION AND ORDER
                                   )
13        v.                       )
                                   )
14  ERIC BROOKS,                   )
                                   )     Date: July 23, 2010
15              Defendant.         )     Time: 9:00 a.m.
    _____    )     Hon.  Garland E. Burrell, Jr.
16

17
         It is hereby stipulated by and between the United States of
18
    America through its attorneys, and defendant Eric Brooks and his
19
    attorney, that the status conference hearing set for May 28, 2010,
20
    be vacated, and a status conference hearing be set for July 23, 2010
21
    at 9:00 a.m.
22
         Mr. Brooks has entered a guilty plea in case no. CR S 08-122
23
    GEB, which is pending before this Court.  Today, the United States
24
    filed a stipulation requesting that the hearing on Judgment and
25
    Sentence in case no. CR S 08-122 be continued to July 23, 2010.  It
26
    is anticipated that, pursuant to the terms of the parties' plea
27
    agreement, the present case will be dismissed against Mr. Brooks at
28
    sentencing.

                               -1-

1  The parties request that speedy trial time be excluded from the date
2  of this order through the date of the status conference hearing set
3  for July 23, 2010, pursuant to 18 U.S.C. §3161(h)(8)(B)(iv)
4  [reasonable time to prepare] (Local Code T4).

5
6  DATED: May 25, 2010                  /s/ Philip Ferrari for
                                        DWIGHT SAMUEL, ESQ.
7                                       Attny. for Eric Brooks

8  DATED: May 25, 2010                  BENJAMIN B. WAGNER
                                        United States Attorney
9

10                                  By: /s/ Philip Ferrari
11                                      PHILIP A. FERRARI
                                        Assistant U.S. Attorney
12

13

14      **IT IS SO ORDERED.**

15  Dated:  May 27, 2010
16
17                                  _____
                                    GARLAND E. BURRELL, JR.
18                                  United States District Judge

19

20

21

22

23

24

25

26

27

28

-2-

Filings for No. 15

1   DWIGHT M. SAMUEL (CA SB# 054486)
    A Professional Corporation
2   117 J Street, Suite 202
    Sacramento, California 95814-2282
3   916-447-1193

4   Attorney for Defendant
    ERIC BROOKS

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9       IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12   UNITED STATES OF AMERICA,  )    No. CR-S-07-571 GEB
                            )
13                        )    DEFENDANT'S APPLICATION AND
             Plaintiff,  )    ORDER TO SEAL DEFENDANTS'
14                        )    EXHIBIT IN SUPPORT OF COUNSEL'S
      v.                   )    MOTION TO BE RELIEVED AS
15                        )    ATTORNEY OF RECORD
      ERIC BROOKS,          )
16                        )    Hearing:
             Defendant,  )    Date: August 6, 2010
17                        )    Time: 9:00 AM
      ─────────────────────────)    Hon. Garland E. Burrell
18

19       DWIGHT M. SAMUEL, attorney of record for ERIC BROOKS, defendant herein, hereby

20   applies for an order to seal DWIGHT M. SAMUEL's Exhibits A and B in support of his motion

21   to be relieved as attorney of record. This application is made because the exhibit sought to be

22   sealed contains confidential and identifying information and would be in violation of the

23   attorney's obligation of confidentiality. A hard copy of the defendant's exhibit will be provided

24   to government counsel.

25   Respectfully submitted,

26   Dated: July 27, 2010

27                                       /s/ Dwight M. Samuel
                                      DWIGHT M. SAMUEL
28                                       Attorney for Defendant, Bismark Ocampo

1          ORDER

2          For the reasons stated in the application set forth above, the Court hereby orders

3  defendant's Exhibits A and B in support of their motion to be relieved as attorney of record is

4  hereby ordered sealed until further order of the Court.

5          Date: _____, 2010

6

7                                              Hon. Garland E. Burrell
                                               U.S. District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Filings for No. 16**

Case 2:08-cr-00122-GEB   Document 90   Filed 08/04/11   Page 138 of 253

| 11/05/2009 | ● 48 | MINUTE ORDER: A status re: counsel for defendant Olivia Wimmer is scheduled for 11/13/09, at 9:00 a.m. re 47 Letter/Correspondence Ordered by Judge Garland E. Burrell, Jr on 11/5/09. (Furstenau, S) (Entered: 11/05/2009) |

.

**Filings for No. 17**

| 11/13/2009 | ◕ 49 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:STATUS CONFERENCE as to Olivia Wimmer held on 11/13/2009. Tom Johnson relieved as counsel, J. Toney substituted in as counsel for Olivia Wimmer. T4 Start: 11/13/09 Stop: 12/4/09, ( Status Conference set for 12/4/2009 at 09:00 AM before Judge Garland E. Burrell Jr..) Government Counsel Phil Ferrari present. Defense Counsel J. Toney present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 11/13/2009) |

.

**Filings for No. 18**

Case# 208-cr-0012-GEB

FILED

JAN 22 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

1/14/10

Dear, honorable Judge Burrell, Jr

Your, honor I would like to have a minute of your time. Me and My wife was present in your Court on 1/8/10 when I plead? However after Court I was having a Conversation with my wife about me being present during her next Court appeciance for the moral support for her.

I spoke to my attorney on 1/13/10 and I explained to Mr. Samuel I would like to be present when My wife inters her Plea. He said right away that probably wouldn't be possible. So, I would like to see if possible you Could put me on Calendar. This month? I believe Mr. Samuel is going to fill in for Mr J. toney?

Your honor this will mean alot to me. My wife has never been in a situation like this and She is very Stressed out, and I need to Support her much as I possibly Can. I feel terrible for her being in this situation because of me your honor. This will be highly appreciated!

Sincerely

**Filings for No. 19**

1  BENJAMIN B. WAGNER
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )      CR. No. S 08-122 GEB
                                   )
12              Plaintiff,         )      STIPULATION CONTINUING HEARING
                                   )      ON JUDGMENT AND SENTENCE
13         v.                      )
                                   )
14  ERIC BROOKS, and              )
    OLIVIA WIMMER,                 )
15                                 )      Date: September 10, 2010
                Defendants.        )      Time: 9:00 a.m.
16  _____)      Hon.  Garland E. Burrell, Jr.

17

18       It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the hearing on Judgment and

21  Sentence for both defendants, currently set for July 23, 2010, be

22  continued to September 10, 2010.

23  DATED: July 20, 2010           /s/ Philip Ferrari for
                                   J. TONEY, ESQ.
24                                 Attny. for Olivia Wimmer

25

26  DATED: July 20, 2010           /s/ Philip Ferrari for
                                   DWIGHT SAMUEL, ESQ.
27                                 Attny. for Eric Brooks

28  ///

                                   -1-

1   DATED: July 20, 2010          BENJAMIN B. WAGNER
                                      United States Attorney

2

3                            By: /s/ Philip Ferrari
                                 PHILIP A. FERRARI

4                                  Assistant U.S. Attorney

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Filings for No. 20**

1  DWIGHT M. SAMUEL (CA SB# 054486)
   A Professional Corporation
2  117 J Street, Suite 202
   Sacramento, California 95814-2282
3  916-447-1193

4  Attorney for Defendant
   ERIC BROOKS
5

6

7

8              IN THE UNITED STATES DISTRICT COURT
9
              IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

12  UNITED STATES OF AMERICA,     )     No. CR-S-08-122 GEB
                                  )
13                                )     DEFENDANT'S APPLICATION AND
                     Plaintiff,   )     ORDER TO SEAL DEFENDANTS'
14                                )     EXHIBIT IN SUPPORT OF COUNSEL'S
            v.                    )     MOTION TO BE RELIEVED AS
15                                )     ATTORNEY OF RECORD
    ERIC BROOKS,                  )
16                                )     Hearing:
                     Defendant,   )     Date: August 6, 2010
17                                )     Time: 9:00 AM
    _____)     Hon. Garland E. Burrell
18
            DWIGHT M. SAMUEL, attorney of record for ERIC BROOKS, defendant herein, hereby
19
    applies for an order to seal DWIGHT M. SAMUEL's Exhibits A and B in support of his motion
20
    to be relieved as attorney of record. This application is made because the exhibit sought to be
21
    sealed contains confidential and identifying information and would be in violation of the
22
    attorney's obligation of confidentiality. A hard copy of the defendant's exhibit will be provided
23
    to government counsel.
24
    Respectfully submitted,
25
    Dated: July 27, 2010
26
                                        /s/ Dwight M. Samuel
27                                      DWIGHT M. SAMUEL
                                        Attorney for Defendant, Bismark Ocampo
28

## ORDER

For the reasons stated in the application set forth above, the Court hereby orders defendant's Exhibits A and B in support of their motion to be relieved as attorney of record is hereby ordered sealed until further order of the Court.

Date: _____, 2010

Hon. Garland E. Burrell
U.S. District Judge

Filings for No. 21

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA



**FILED**

DEC 1 9 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
                DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | MAG. 07-0384-EFB |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **DETENTION ORDER** |
| JAMES LAWRENCE HONEYCUTT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

A.   Order For Detention

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (I)

B.   Statement Of Reasons For The Detention

The Court orders the defendant's detention because it finds:

☒   By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒   By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

C.   Findings Of Fact

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

☒   (1) Nature and Circumstances of the offense charged:
  ☐   (a)  The crime._____
  ☐   (b) The offense is a crime of violence.
  ☒   (c) The offense involves a narcotic drug.
  ☒   (d) The offense involves a large amount of controlled substances.
☐   (2) The weight of the evidence against the defendant is high.
☐   (3) The history and characteristics of the defendant including:
  (a)   General Factors:
    ☐   The defendant appears to have a mental condition which may affect whether the defendant will appear.
    ☐   The defendant has no known family ties in the area.
    ☐   The defendant has no known steady employment.
    ☐   The defendant has no known substantial financial resources.
    ☐   The defendant is not a long time resident of the community.
    ☐   The defendant does not have any known significant community ties.
    ☐   Past conduct of the defendant:_____

    ☒   The defendant has a history relating to drug abuse.
    ☐   The defendant has a significant prior criminal record.
    ☐   The defendant has a prior record of failure to appear at court proceedings.

☐ Court/Original          ☐ U.S. Attorney          ☐ Defense Counsel          ☐ Pretrial Services

Whether the defendant was on probation, parole, or release by a court;

At the time of the current arrest, the defendant was on:
- ☐   Probation
- ☐   Parole
- ☐   Release pending trial, sentence, appeal or completion of sentence.

(b)   Other Factors:
- ☐   The defendant is an illegal alien and is subject to deportation.
- ☐   The defendant is a legal alien and will be subject to deportation if convicted.
- ☐   Other: _____
  _____
  _____
  _____

☒  (4) Rebuttable Presumptions

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

☒  a.  (1) The crime charged is one described in § 3142(f)(1) viz.
- ☐   (A) a crime of violence; or
- ☐   (B) an offense for which the maximum penalty is life imprisonment or death; or
- ☒   (C) a controlled substance violation that has a maximum penalty of ten years or more; or
- ☐   (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above and

(2)  Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above and

(3)  The offense referred to in subparagraph (2) was committed while defendant was on release pending trial and

(4)  Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

☒  b.  There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed
- ☒   in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
- ☐   the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
- ☐   the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
- ☐   an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
- ☐   an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D.   Additional Directives

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

The defendant be afforded reasonable opportunity for private consultation with his counsel; and

That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: 12-19-07                                    _____
                                                    UNITED STATES MAGISTRATE JUDGE

.

.

**Filings for No. 22**

```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  PHILIP A. FERRARI
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone: (916) 554-2744

 5

 6

 7                  IN THE UNITED STATES DISTRICT COURT

 8              FOR THE EASTERN DISTRICT OF CALIFORNIA

 9

10  UNITED STATES OF AMERICA,      )    CR. NO. 07-571 MCE
                                   )
11                 Plaintiff,      )
                                   )
12       v.                        )
                                   )    RELATED CASE MEMORANDUM
13  CESAR QUINTERO-FELIX;          )
    JASMIN RUIZ;                   )
14  ARMANDO SANCHEZ;               )
    FELIX JAUREGUI;                )
15  GENARO LUNA;                   )
    JAMES LAWRENCE HONEYCUTT;      )
16  JESUS AVILA-AVILA;             )
    ERIC BROOKS; and               )
17  AID LUANGRATH, JR.,            )
                                   )
18                 Defendants.     )
    _____ )
19

20  IN THE MATTER OF THE           )    SW-07-251 GEB
    APPLICATION OF THE UNITED      )
21  STATES OF AMERICA FOR AN       )
    ORDER AUTHORIZING THE          )
22  APPLICATION FOR INTERCEPTION   )
    OF WIRE COMMUNICATIONS         )
23  _____ )

24
         The United States of America, through its undersigned counsel,
25
    Assistant United States Attorney Philip A. Ferrari, hereby gives
26
    notice that the above-captioned cases appear to be related within
27
    the meaning of Local Rule 83-123.  The Indictment in Cr.S. 07-571
28
```

1  MCE charges conduct stemming from an investigation conducted by the

2  Drug Enforcement Administration during which the interception of

3  communications was authorized by the Honorable Chief Judge Garland

4  E. Burrell, Jr. (SW-07-251 GEB).  Accordingly, both actions involve

5  the same parties and events.

6       For the foregoing reasons, the United States believes that the

7  cases are related and substantial judicial economy will be achieved

8  by assignment to one district court judge.

9

10 DATED: December 26, 2007            McGREGOR W. SCOTT
                                       United States Attorney
11

12                                     By: /s/ Philip A. Ferrari
                                          PHILIP A. FERRARI
13                                        Assistant U.S. Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Filings for No. 23**

Case 2:08-cr-00122-GEB    Document 90    Filed 08/04/11    Page 156 of 253

| 01/02/2008 | ● 41 | MINUTES (Text Only) for proceedings held before Judge Edmund F. Brennan :ARRAIGNMENT as to Eric Brooks (8) Count 13-14,16 held on 1/2/2008. NOT GUILTY PLEA ENTERED. T2, T4 Start: 1/2/2008 Stop: 1/24/2008, Status Conference set for 1/24/2008 at 09:00 AM in Courtroom 3 (MCE) before Judge Morrison C. England Jr.. Government Counsel Phil Ferrare present. Defense Counsel Clarence E. Mahle for Dwight Samuel present. Custody Status: In custody. Court Reporter/CD Number: 1 of 1. (Callen, V) (Entered: 01/02/2008) |

**Filings for No. 24**

Law Offices of Gregory P. Spano
1717 4th Street, Third Floor
Santa Monica, CA 90401
Telephone: (310) 980-5857
Fax: (310)586-7447
E-mail: Greg.Spano@gmail.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | CASE NUMBER |
|---|---|---|
| UNITED STATES OF AMERICA | Plaintiff(s) | 2:07-cr-00571 |
| v. | | |
| JASMIN RUIZ, et.al., | Defendant(s). | REQUEST AND ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY |

Defendant Jasmin Ruiz, presently represented by Steven D. Bauer, attorney of record, hereby

requests that this Court accept the substitution of Gregory P. Spano, retained counsel, as

attorney of record for all purposes. Attorney Gregory P. Spano joins the request.

Date: March 25, 2008           /s/ Jasmine Ruiz
                                          JASMIN RUIZ

Date: March 25, 2008           /s/ Gregory P. Spano
                                          Gregory P. Spano

Date: March 27, 2008           /s/ Steven D. Bauer
                                          Steven D. Bauer

### ORDER

IT IS SO ORDERED.

Dated: March 28, 2008

GARLAND E. BURRELL, JR.
United States District Judge

**Filings for No. 25**

Case 2:08-cr-00122-GEB   Document 90   Filed 08/04/11   Page 161 of 253

| 08/29/2008 | 🌑 210 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:MOTION HEARING as to Aid Luangrath, Jr held on 8/29/2008. Motion to Suppress denied. Government Counsel Phil Ferrari present. Defense Counsel Michael Long present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 12/21/2009) |
|---|---|---|

**Filings for No. 26**

Case 2:08-cr-00122-GEB   Document 90   Filed 08/04/11   Page 163 of 253

| 10/10/2008 | 🌑 74 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:CHANGE of PLEA HEARING as to Aid Luangrath, Jr held on 10/10/2008. GUILTY PLEA ENTERED by Aid Luangrath Jr. (9) Guilty as to Count 11 of the Indictment. Plea Agreement filed. Sentencing set for 1/9/2009 at 09:00 AM in Courtroom 10 (GEB) before Judge Garland E. Burrell Jr. Government Counsel Phil Ferrari present. Defense Counsel Michael Long present. Custody Status: Defendant In Custody. Court Reporter/CD Number: Kimberly Bennett. (Narcisse, M) (17 mins) (Entered: 10/10/2008) |

**Filings for No. 27**

1  McGREGOR W. SCOTT
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

12
   UNITED STATES OF AMERICA,      )        CR. No. S-07-571 GEB
13                                )
                  Plaintiff,      )        GOVERNMENT'S REQUEST TO VACATE
14                                )        NOVEMBER 7, 2008 MOTIONS
             v.                   )        HEARING
15                                )
   CESAR QUINTERO-FELIX, et al.,  )
16                                )        Date: November 7, 2008
                  Defendants.     )        Time: 9:00 a.m.
17   _____)        Hon. Garland E. Burrell, Jr.

18

19      On July 11, 2008, the parties in the above-referenced matter
20  appeared before the Court and requested a schedule for both defense
21  motions and a jury trial.  The Court ordered that any defense
22  motions be filed on or before August 29, 2008, and set a hearing for
23  such motions on November 7, 2008.  Only one defendant, Aid Luangrath
24  Jr., filed such a motion, and it was heard on a separate schedule
25  and ultimately denied.  Because there are no pending motions, the
26  Government requests that the Court vacate the November 7 motions
27  hearing.  The Government has informed counsel for each of the
28  remaining defendants of this request, and none has indicated any

                                    1

1  objection to it.  The Government anticipates that the previously set

2  dates for the trial confirmation hearing and jury trial will remain

3  as set.

4  Dated: November 3, 2008              Respectfully submitted,

5                                       McGREGOR W. SCOTT
                                         U.S. ATTORNEY
6

7
                                 by:    ___/s/ Philip A. Ferrari____
8                                       PHILIP A. FERRARI
                                         Assistant U.S. Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Filings for No. 28

1 │ McGREGOR W. SCOTT
    │ United States Attorney
2 │ PHILIP A. FERRARI
    │ Assistant United States Attorney
3 │ 501 I Street, Suite 10-100
    │ Sacramento, California 95814
4 │ Telephone: (916) 554-2744

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12 │ UNITED STATES OF AMERICA,      )      Case. No. CR-S-07-571 GEB
                                    )
13 │              Plaintiff,        )
                                    )      REQUEST FOR CALENDARING CHANGE
14 │                                )      OF PLEA
    │      v.                       )
15 │                                )
    │ GENARO LUNA,                  )
16 │                                )      Date: December 12, 2008
    │              Defendant.       )      Time: 9:00 a.m.
17 │                                )      Hon. Garland E. Burrell, Jr.
    │ _____)
18

19

20        The United States of America and defendant Genaro Luna hereby

21 │ request that this case be placed on the Court's December 12, 2008,

22 │ 9:00 a.m. calendar so that Mr. Luna may enter a change of plea.

23 │ DATED: November 28, 2008              McGREGOR W. SCOTT
                                           United States Attorney
24

25                                   By:  /s/ Philip A. Ferrari
                                          PHILIP A. FERRARI
26                                        Assistant U.S. Attorney

27

28

                                     1

**Filings for No. 29**

Case 2:08-cr-00122-GEB   Document 90   Filed 08/04/11   Page 170 of 253

| 01/09/2009 | ● 99 | MINUTES for proceedings held before Judge Garland E. Burrell, Jr:SENTENCING held on 1/9/2009 for Jesus Avila-Avila (7), Count(s) 10, Imprisonment 70 months; TSR 36 months; Fine Waived; $100 s/a; Count(s) 6, 9, DISMISSED. Recommendation: dft be placed at facility in Southern CA. Dft Jesus Avila-Avila terminated. Government Counsel Philip Ferrari present. Defense Counsel Gilbert Roque present. Custody Status: Present and in custody. Court Reporter/CD Number: K. Bennett. Interpreter Yolanda Riley-Portal present. (Duong, D) (Entered: 01/14/2009) |
|---|---|---|

Case 2:07-cr-00571-GEB  Document 99  Filed 01/09/09  Page 1 of 1

**FILED**

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
Before the Honorable Garland E. Burrell

JAN 0 9 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**UNITED STATES OF AMERICA**

v.

**JESUS AVILA-AVILA**

_____/

**CRIMINAL MINUTES**
Case No.:       2:07-cr-00571-7
Date of Hearing:          January 9, 2009
Deputy Clerk: Shani Furstenau
Court Reporter/ECRO: Kimberly Bennett

**For the Government:**

Philip Ferrari,
Assistant United States Attorney

**Interpreter Previously Sworn:**
Yolanda Riley-Portal

**For the Defendant(s):**

Gilbert Roque,
[] Assistant Federal Defender
[] Appointed   [x] Retained

**Defendant:**
[x] Present     [x] In Custody     [] Not in Custody     [] O/R     [] Bail     [] No Appearance     [] Waived     [] Failed to Appear

---

**JUDGMENT AND SENTENCING to Count(s) 10 of the  Indictment Plea entered 10/17/ 2008.**

imprisonment:         70 months

surrender date:       Remanded

term of supervised release:        36 months

recommendation:  Defendant be placed at facility in        deft fined: __      [x] fine waived.
Southern California.

restitution:         N/a                                                    payable to: __

special assessment:    $100                                       bail exonerated:   __

right to appeal given: __                                          [X] appeal rights waived.

Special Conditions:   See J & C for details

**Other:**            Counts 6 & 9 are dismissed.

---

Proceeding Time: 15 minutes

**Filings for No. 30**

1   DANIEL J. BRODERICK, Bar #89424
    Federal Defender
2   JEFFREY L. STANIELS, Bar #91413
    Assistant Federal Defender
3   Designated Counsel for Service
    801 I Street, 3rd Floor
4   Sacramento, California 95814
    Telephone: (916) 498-5700
5

6   Attorney for Defendant
    FELIX JAUREGUI
7

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,   )  No. 2:07-cr-571 GEB
13                    )
             Plaintiff,  )  STIPULATION AND [PROPOSED] ORDER
14                    )  SETTING STATUS CONFERENCE
      v.               )
15                    )
  FELIX JAUREGUI,        )  Date:  January 23, 2009
16                    )  Time:  9:00 a.m.
          Defendant.  )  Judge: Hon. Garland E. Burrell, Jr.
17                    )
  _____ )
18

19       It is hereby stipulated and agreed to between the United States of

20   America through Philip A. Ferrari, Assistant United States Attorney,

21   and FELIX JAUREGUI, by and through his counsel, JEFFREY L. STANIELS,

22   Assistant Federal Defender, that the above captioned case be placed on

23   this court's calendar for January 16, 2009, for a status conference

24   with regard to status of counsel. Mr. Jauregui and undersigned counsel

25   are at an impasse on how to proceed, and Mr. Jauregui has advised he

26   wants to hire his own attorney and that efforts are underway to do so.

27       It is not necessary to exclude time in connection with this

28   request. Time has already been excluded until January 23, 2009, by

1 | separate order of the court.

2 |     IT IS SO STIPULATED.

3 | Dated: January 12, 2009

Respectfully submitted,

4

5 | DANIEL J. BRODERICK
Federal Defender

6 | /s/ JEFFREY L. STANIELS
JEFFREY L. STANIELS

7 | Assistant Federal Defender
Attorney for Defendant

8 | FELIX JAUREGUI

9

10 | Dated: January 12, 2009

11 | LARRY BROWN
Acting United States Attorney

12

/s/ PHILIP FERRARI

13 | PHILIP A. FERRARI
Assistant U.S. Attorney

14 | Bb JLS per e-mail authority

15

16 | **O R D E R**

17 | IT IS SO ORDERED.

18

19 | Dated:  January 14, 2009

20

21 | GARLAND E. BURRELL, JR.
United States District Judge

22

23

24

25

26

27

28

Stip & Order        2

**Filings for No. 31**

AO 245B-CAED (Rev. 3/04) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## Eastern District of California

UNITED STATES OF AMERICA
v.
**JESUS AVILA-AVILA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **2:07-CR-00571-7**

Gilbert Roque
Defendant's Attorney

## THE DEFENDANT:

[✔]   pleaded guilty to count(s): 10 of the Indictment .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a) | Distribution of Methamphetamine **(CLASS A FELONY)** | 10/01/2007 | 10 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count(s) 6 & 9 of the Indictment (is)(are) dismissed on the motion of the United States.

[ ]   Indictment is to be dismissed by District Court on motion of the United States.

[ ]   Appeal rights given.          [✔]   Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/9/2009
Date of Imposition of Judgment

Signature of Judicial Officer

**GARLAND E. BURRELL, JR.**, United States District Judge
Name & Title of Judicial Officer

January 23, 2009
Date

AO 245B-CAED (Rev. 3/04) Sheet 2 - Imprisonment Case 2:07-cr-00571-GEB   Document 113   Filed 01/26/09   Page 2 of 6

CASE NUMBER:      2:07-CR-00571-7                                                    Judgment - Page 2 of 6
DEFENDANT:        JESUS AVILA-AVILA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  70 months .

[✔]     The court makes the following recommendations to the Bureau of Prisons:
        The Court recommends that the defendant be incarcerated in a Southern California facility, but only insofar as this
        accords with security classification and space availability.

[✔]     The defendant is remanded to the custody of the United States Marshal.

[]      The defendant shall surrender to the United States Marshal for this district.
        [] at ___ on ___.
        [] as notified by the United States Marshal.

[]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [] before _ on ___.
        [] as notified by the United States Marshal.
        [] as notified by the Probation or Pretrial Services Officer.
        If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                                                        _____
                                                                        UNITED STATES MARSHAL


                                                        By  _____
                                                                        Deputy U.S. Marshal

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release    Case 2:07-cr-00571-GEB   Document 113   Filed 01/26/09   Page 3 of 6

CASE NUMBER:      2:07-CR-00571-7                                                    Judgment - Page 3 of 6
DEFENDANT:        JESUS AVILA-AVILA

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release (unsupervised if deported) for a term of _36 months_.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]     The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release  Document 113  Filed 01/26/09  Page 4 of 6

| CASE NUMBER: | 2:07-CR-00571-7 | Judgment - Page 4 of 6 |
|---|---|---|
| DEFENDANT: | JESUS AVILA-AVILA | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Pursuant to 18 USC 3583(d)(3), upon completion of the term of imprisonment, the defendant is to be surrendered to a duly authorized Immigration official for deportation proceeding in accordance with the established procedures provided by the Immigration and Nationality Act. If ordered deported, during the term of supervised release, the defendant shall remain outside the United States and shall not re-enter the United States without the consent of the Attorney General or the Secretary of the Department of Homeland Security of the United States.

   Upon any re-entry, lawful or unlawful, into the United States, the defendant shall report in person to the United States Probation Office in the Eastern District of California within 72 hours.

3. The defendant shall register, as required in the jurisdiction in which he resides, as a drug offender.

AO 245B-CAED (Rev. 3/04) Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | 2:07-CR-00571-7 |
| DEFENDANT: | JESUS AVILA-AVILA |

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ n/a | $ n/a |

[]   The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ __ | $ __ | |

[]   Restitution amount ordered pursuant to plea agreement $ __

[]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[]   The interest requirement is waived for the    [] fine    [] restitution   .

[]   The interest requirement for the    [] fine   [] restitution is modified as follows:

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 3/04) Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER: | 2:07-CR-00571-7 |
| DEFENDANT: | JESUS AVILA-AVILA |

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**   [ ] Lump sum payment of $ __ due immediately, balance due

    [ ]    not later than __ , or
    [ ]    in accordance with    [ ] C,   [ ] D,   [ ] E, or    [ ] F below; or

**B**   [✔]    Payment to begin immediately (may be combined with    [ ] C,   [ ] D, or [ ] F below); or

**C**   [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   [ ] Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

**Filings for No. 32**

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**
Before the Honorable Garland E. Burrell

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MINUTES** |
| | Case No.: 07-0571-GEB |
| v. | Date of Hearing: November 13, 2009 |
| | Deputy Clerk: Shani Furstenau |
| **FELIX JAUREGUI** | Court Reporter/ECRO: Kimberly Bennett |

_____/

**For the Government**:

Phil Ferrari,
Assistant United States Attorney

**Interpreter Previously Sworn**:
Yolanda Riley-Portal

**For the Defendant(s)**:

Jeff Staniels,
[x] Assistant Federal Defender
[] Appointed    [] Retained

**Defendant**:
[x] Present    [x] In Custody    [] Not in Custody    [] O/R    [] Bail    [] No Appearance    [] Waived    []
                                                                                                          Failed to
                                                                                                          Appear

---

**JUDGMENT AND SENTENCING to Count(s) 1 of the Indictment Plea entered January 16, 2008.**

imprisonment:    168 months

surrender date:    __

term of supervised release:    60 months

recommendation:  California Institution            deft fined: __    [x] fine waived.

restitution:    __                                payable to: __

special assessment:    100                        bail exonerated:    __

right to appeal given:  Yes                       [] appeal rights waived.

Special Conditions:    See J & C Order

**Other:**    **Government's motion to Dismiss remaining counts as to this defendant granted.**

---

Proceeding Time: 20 minutes

.

.

.

**Filings for No. 33**

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**
Before the Honorable Garland E. Burrell

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MINUTES** |
| | Case No.:   07-571-GEB |
| v. | Date of Hearing:   November 20, 2009 |
| | Deputy Clerk: Shani Furstenau |
| **JAMES HONEYCUTT** | Court Reporter/ECRO: Kimberly Bennett |

**For the Government:**

Phil Ferrari,
Assistant United States Attorney

**Interpreter Previously Sworn:**

**For the Defendant(s):**

Krista Hart,
[] Assistant Federal Defender
[] Appointed   [] Retained

**Defendant:**
[x] Present   [x] In Custody   [] Not in Custody   [] O/R   [] Bail   [] No Appearance   [] Waived   [] Failed to Appear

---

**JUDGMENT AND SENTENCING to Count(s) 1 of the   Indictment Plea entered December 5, 2008.**

imprisonment:   47 months

surrender date:   __

term of supervised release:   36 months

recommendation:  Sheridan, Oregon & 500 hr. Drug   deft fined: __   [] fine waived.
Treatment

restitution:   __   payable to: __

special assessment:   100   bail exonerated:   __

right to appeal given:  No   [x] appeal rights waived.

Special Conditions:   See J & C Order

**Other:**   **Government's Motion to Dismiss Count 15 granted.**

---

Proceeding Time: 10 minutes

**Filings for No. 34**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                )
                                          )      CR NO. 07-571-GEB
                    Plaintiff,            )
                                          )      RELATED CASE ORDER
          v.                              )
                                          )
CESAR QUINTERO-FELIX;                     )
JASMIN RUIZ;                              )
ARMANDO SANCHEZ;                          )
FELIX JAUREGUI;                           )
GENARO LUNA;                              )
JAMES LAWRENCE HONEYCUTT;                 )
JESUS AVILA-AVILA;                        )
ERIC BROOKS; and                          )
AID LUANGRATH, JR.,                       )
                                          )
                    Defendants.           )
_____ )

UNITED STATES OF AMERICA,                 )      CR NO. 08-122-EJG
                                          )
                    Plaintiff,            )
                                          )
ERIC BROOKS, aka Adolfo Quiroz;           )
OLIVIA WIMMER, aka Celia Hipolito,        )
                                          )
                    Defendants.           )
_____ )

          Examination of the above-entitled actions reveals that
they are related within the meaning of Local Rule 83-123(a), since
they are based on the same or similar claims.  Accordingly, the
assignment of the actions to the same judge is likely to effect a
substantial savings of judicial effort and is also likely to be
convenient for the parties.

          The parties should be aware that relating the cases under

1  Local Rule 83-123 merely results in the actions being assigned to
2  the same judge; no consolidation of the actions is effected.  Under
3  the regular practice of this court, related cases are generally
4  assigned to the judge to whom the first filed action was assigned.

5          IT IS THEREFORE ORDERED that action CR No. 08-122 EJG is
6  reassigned to Judge Garland E. Burrell, Jr. for all further
7  proceedings.  Henceforth, the caption on documents filed in the
8  reassigned case shall show the initials "GEB" instead of the other
9  judge's initials.

10          IT IS FURTHER ORDERED that the Clerk of the Court make
11  appropriate adjustment in the assignment of criminal cases to
12  compensate for this reassignment.

13          IT IS SO ORDERED.

14  Dated:  March 20, 2008
15
16                              _____
                                GARLAND E. BURRELL, JR.
17                              United States District Judge
18
19
20
21
22
23
24
25
26
27
28

**Filings for No. 35**

```
 1
 2
 3
 4
 5                   UNITED STATES DISTRICT COURT
 6                  EASTERN DISTRICT OF CALIFORNIA
 7   UNITED STATES OF AMERICA,        )
                                      )   CR NO. 07-571-GEB
 8              Plaintiff,            )
                                      )   RELATED CASE ORDER
 9        v.                          )
                                      )
10   CESAR QUINTERO-FELIX;            )
     JASMIN RUIZ;                     )
11   ARMANDO SANCHEZ;                 )
     FELIX JAUREGUI;                  )
12   GENARO LUNA;                     )
     JAMES LAWRENCE HONEYCUTT;        )
13   JESUS AVILA-AVILA;               )
     ERIC BROOKS; and                 )
14   AID LUANGRATH, JR.,              )
                                      )
15              Defendants.           )
     _____)
16
     UNITED STATES OF AMERICA,        )   CR NO. 08-122-EJG
17                                    )
                Plaintiff,            )
18                                    )
     ERIC BROOKS, aka Adolfo Quiroz;  )
19   OLIVIA WIMMER, aka Celia Hipolito, )
                                      )
20              Defendants.           )
     _____)
21
22        Examination of the above-entitled actions reveals that
23   they are related within the meaning of Local Rule 83-123(a), since
24   they are based on the same or similar claims.  Accordingly, the
25   assignment of the actions to the same judge is likely to effect a
26   substantial savings of judicial effort and is also likely to be
27   convenient for the parties.
28        The parties should be aware that relating the cases under
```

1  Local Rule 83-123 merely results in the actions being assigned to
2  the same judge; no consolidation of the actions is effected.  Under
3  the regular practice of this court, related cases are generally
4  assigned to the judge to whom the first filed action was assigned.

5  　　　IT IS THEREFORE ORDERED that action CR No. 08-122 EJG is
6  reassigned to Judge Garland E. Burrell, Jr. for all further
7  proceedings.  Henceforth, the caption on documents filed in the
8  reassigned case shall show the initials "GEB" instead of the other
9  judge's initials.

10 　　　IT IS FURTHER ORDERED that the Clerk of the Court make
11 appropriate adjustment in the assignment of criminal cases to
12 compensate for this reassignment.

13 　　　IT IS SO ORDERED.

14 Dated:  March 20, 2008
15
16 　　　　　　　　　　　　　　　　GARLAND E. BURRELL, JR.
17 　　　　　　　　　　　　　　　　United States District Judge
18
19
20
21
22
23
24
25
26
27
28

.

.

.

.

**Filings for No. 36**

UNITED STATES DISTRICT COURT
Case 2:08-cr-00122-GEB Document 8 Filed 03/26/08 Page 1 of 1
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
) CR.    2:08-CR-0122 GEB
v. )
)
OLIVIA WIMMER, )

## APPLICATION FOR WRIT OF HABEAS CORPUS

The undersigned attorney hereby applies to the Court for the issuance of a writ of habeas corpus
(X) Ad Prosequendum                    () Ad Testificandum

Name of Detainee:              OLIVIA WIMMER
Detained at (custodian):       San Joaquin County Jail
Detainee is:          a.)      (X) charged in this district by:  (X) Indictment () Information () Complaint
                               charging detainee with: 21 U.S.C. §§ 846 and 841(a)(1); 21 U.S.C. § 843(b) and 21
                               U.S.C. § 841(a)(1)
           or         b.)      () a witness not otherwise available by ordinary process of the Court

Detainee will:        a.)      () return to the custody of detaining facility upon termination of proceedings
           or         b.)      (X) be retained in federal custody until final disposition of federal charges, as a sentence
                               is currently being served at the detaining facility

*Appearance is necessary FORTHWITH in the Eastern District of California.*

Signature:                      /s/ Philip A. Ferrari
Printed Name & Phone No:        PHILIP A. FERRARI        (916) 554-2700
Attorney of Record for:         United States of America

## WRIT OF HABEAS CORPUS
(X) Ad Prosequendum                    () Ad Testificandum

The above application is granted and the above-named custodian, as well as the United States Marshal's Service
for this district, is hereby ORDERED to produce the named detainee, FORTHWITH and any further proceedings to be
had in this cause, and at the conclusion of said proceedings to return said detainee to the above-named custodian.

Date:

_____
EDMUND F. BRENNAN
United States Magistrate Judge

Please provide the following, if known:

AKA(s) (if applicable):     Celia Hipolito                          Female  X
Booking or CDC #:           08-00187                               DOB:
Facility Address:           999 West Mathews Rd.                   Race:  Hispanic
                            French Camp, CA 95231                  FBI #:
Facility Phone:             (209) 468-4570
Currently Incarcerated For: HOLD-DETAINER, WARRAN

## RETURN OF SERVICE

Executed on    _____    By: _____
                                                    (Signature)

UNITED STATES DISTRICT COURT

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | CR. | 2:08-CR-0122 GEB |
| v. | ) | | |
| | ) | | |
| OLIVIA WIMMER, | ) | | |

## APPLICATION FOR WRIT OF HABEAS CORPUS

The undersigned attorney hereby applies to the Court for the issuance of a writ of habeas corpus
                   (X) Ad Prosequendum                  () Ad Testificandum

Name of Detainee:            OLIVIA WIMMER
Detained at (custodian):      San Joaquin County Jail
Detainee is:         a.)     (X) charged in this district by:    (X) Indictment () Information () Complaint
                               charging detainee with: 21 U.S.C. §§ 846 and 841(a)(1); 21 U.S.C. § 843(b) and 21
                               U.S.C. § 841(a)(1)
         or     b.)     () a witness not otherwise available by ordinary process of the Court

Detainee will:        a.)     () return to the custody of detaining facility upon termination of proceedings
         or     b.)     (X) be retained in federal custody until final disposition of federal charges, as a sentence
                               is currently being served at the detaining facility

*Appearance is necessary **FORTHWITH** in the Eastern District of California.*

                        Signature:             /s/ Philip A. Ferrari
                        Printed Name & Phone No:     PHILIP A. FERRARI       (916) 554-2700
                        Attorney of Record for:       United States of America

## WRIT OF HABEAS CORPUS
                 (X) Ad Prosequendum                 () Ad Testificandum

      The above application is granted and the above-named custodian, as well as the United States Marshal's Service
for this district, is hereby ORDERED to produce the named detainee, FORTHWITH and any further proceedings to be
had in this cause, and at the conclusion of said proceedings to return said detainee to the above-named custodian.

Date: March 26, 2008.

                                      EDMUND F. BRENNAN
                                        United States Magistrate Judge

---

Please provide the following, if known:

AKA(s) (if applicable):      Celia Hipolito                                Female _X_
Booking or CDC #:        08-00187                                     DOB:
Facility Address:          999 West Mathews Rd.                       Race:   Hispanic
                             French Camp, CA 95231                   FBI #:
Facility Phone:           (209) 468-4570
Currently Incarcerated For:   HOLD-DETAINER, WARRAN

---

## RETURN OF SERVICE

Executed on                               By:                                  
                                                   (Signature)

Case 2:08-cr-00122-GEB   Document 90   Filed 08/04/11   Page 195 of 253

| 03/26/2008 | ◕ 8 | APPLICATION for WRIT of HABEAS CORPUS AD PROSEQUENDUM as to Olivia Wimmer (Ferrari, Philip) (Entered: 03/26/2008) |
|---|---|---|
| 03/26/2008 | ◕ 9 | NOTICE *Setting Matter On Magistrate's Calendar For Arraignment Of Defendant Eric Brooks On April 3, 2008* by USA. Attorney Ferrari, Philip A added. (Ferrari, Philip) (Entered: 03/26/2008) |
| 03/26/2008 | ◕ 10 | ORDER AND WRIT ISSUED signed by Magistrate Judge Edmund F. Brennan on 3/26/2008 ORDERING issuance of Writ of Habeas Corpus ad Prosequendum. The USM to produce Olivia Wimmer forthwith and any further proceedings to be had in this cause, and at the conclusion of proceedings returned to the custodian. (cc:USM Priority)(Matson, R) (Entered: 03/26/2008) |
| 03/26/2008 | ◕ | SERVICE BY MAIL: 10 Order - CR, served on Olivia Wimmer at 999 West Mathews Road, French Camp, Ca 95231. (Matson, R) (Entered: 03/26/2008) |

.

**Filings for No. 38**

1  DWIGHT M. SAMUEL (CA SB# 054486)
   A Professional Corporation
2  117 J Street, Suite 202
   Sacramento, California 95814-2282
3  916-447-1193

4  Attorney for Defendant
   ERIC BROOKS
5

6

7

8
                 IN THE UNITED STATES DISTRICT COURT
9
              IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

12  UNITED STATES OF AMERICA, )          No. CR-S-08-122 GEB
                              )
13                            )          STIPULATION AND
                 Plaintiff,   )          PROPOSED ORDER
14                            )          CONTINUING STATUS
       v.                     )          CONFERENCE
15                            )
    ERIC BROOKS,              )
16                            )
                 Defendant,   )
17                            )
    _____)
18

19       It is hereby stipulated and agreed to between Eric Brooks and Oliver Wimmer, by and

20  through respective counsel, Dwight M. Samuel and Tom Johnson and United States of America,

21  by and through Phil Ferrari, Assistant United States Attorney, that the status conference presently

22  set for Friday, August 29, 2008, at 9:00 a.m. be vacated and rescheduled for a status conference

23  on Friday, October 3, 2008, at 9:00 a.m.

24       Counsel is currently engaged in plea negotiations.

25       It is further stipulated that the period from Friday, August 29, 2008, through and

26  including October 3, 2008 be excluded in computing the time within which trial must commence

27  under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) and Local Code T-4 for

28  continuity and preparation of counsel.

1 | Respectfully submitted,

2

3 | Dated: August 27, 2008

4 |                               /s/ Dwight M. Samuel
  |                               DWIGHT M. SAMUEL
5 |                               Attorney for Defendant, Eric Brooks

6 | Dated: August 27, 2008

7 |                               /s/ Tom Johnson[1]
  |                               TOM JONHSON
8 |                               Attorney for Defendant, Olive Wimmer

9 | Dated: August 27, 2008

10

11 |                              /s/ Phil Ferrari[2]
12 |                              PHIL FERRARI
   |                              Assistant U.S. Attorney
13

14

15 | IT IS SO ORDERED.

16 | Dated: August ___, 2008

17 |                              _____
   |                              GARLAND E. BURRELL, JR.
18 |                              U.S. District Judge

19

20

21

22

23

24

25

26 | _____

27 | [1]Authorized via phone call.

28 | [2]Authorized via phone call.

1 DWIGHT M. SAMUEL (CA SB# 054486)
 A Professional Corporation
2 117 J Street, Suite 202
 Sacramento, California 95814-2282
3 916-447-1193

4 Attorney for Defendant
 ERIC BROOKS

5

6

7

8
     IN THE UNITED STATES DISTRICT COURT
9
    IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

12 UNITED STATES OF AMERICA, )  No. CR-S-08-122 GEB
          )
13         ) STIPULATION AND
      Plaintiff, ) PROPOSED ORDER
14         ) CONTINUING STATUS
    v.     ) CONFERENCE
15         )
  ERIC BROOKS,   )
16         )
      Defendant, )
17         )
         )
18

19   It is hereby stipulated and agreed to between Eric Brooks and Oliver Wimmer, by and

20 through respective counsel, Dwight M. Samuel and Tom Johnson and United States of America,

21 by and through Phil Ferrari, Assistant United States Attorney, that the status conference presently

22 set for Friday, August 29, 2008, at 9:00 a.m. be vacated and rescheduled for a status conference

23 on Friday, October 3, 2008, at 9:00 a.m.

24   Counsel is currently engaged in plea negotiations.

25   It is further stipulated that the period from Friday, August 29, 2008, through and

26 including October 3, 2008 be excluded in computing the time within which trial must commence

27 under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) and Local Code T-4 for

28 continuity and preparation of counsel.

1    Respectfully submitted,

2

3    Dated: August 27, 2008

4                                        /s/ Dwight M. Samuel
                                         DWIGHT M. SAMUEL
5                                        Attorney for Defendant, Eric Brooks

6    Dated: August 27, 2008

7                                        /s/ Tom Johnson[1]
                                         TOM JONHSON
8                                        Attorney for Defendant, Olive Wimmer

9
     Dated: August 27, 2008
10

11
                                         /s/ Phil Ferrari[2]
12                                       PHIL FERRARI
                                         Assistant U.S. Attorney
13

14

15   IT IS SO ORDERED.

16   Dated:  August 27, 2008

17

18                                       _____
                                         GARLAND E. BURRELL, JR.
19                                       United States District Judge

20

21

22

23

24

25

26   _____

27       [1]Authorized via phone call.

28       [2]Authorized via phone call.

**Filings for No. 39**

1 | McGREGOR W. SCOTT
United States Attorney
2 | PHILIP A. FERRARI
Assistant U.S. Attorneys
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2744

5

6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,           )    CR. No. S-07-571 GEB
                                        )                08-122 GEB
12 |                Plaintiff,          )
                                        )    STIPULATION AND ORDER
13 |        v.                          )
                                        )
14 | ERIC BROOKS, and                   )
     OLIVIA WIMMER,                     )
15 |                                    )    Date: December 19, 2008
                     Defendants.        )    Time: 9:00 a.m.
16 | _____)    Hon.  Garland E. Burrell, Jr.

17

18 |        It is hereby stipulated by and between the United States of

19 | America through its attorneys, and defendants Eric Brooks and Olivia

20 | Wimmer and their attorneys, that the status conference hearing set

21 | for November 14, 2008, be vacated, and a status conference hearing

22 | be set for December 19, 2008 at 9:00 a.m.

23 |        The continuance is being requested because the parties need

24 | more time to review discovery, investigate the facts of the case and

25 | seek resolution.  Speedy trial time is to be excluded for both

26 | defendants in case No. 08-122 GEB from the date of this order

27 | through the date of the status conference hearing set for December

28 | 19, 2008 pursuant to 18 U.S.C. §3161(h)(8)(B)(iv) [reasonable time

-1-

1  to prepare] (Local Code T4).

2  DATED: November 13, 2008        /s/ Philip Ferrari for
                                   TOM JOHNSON, ESQ.
3                                  Attny. for Olivia Wimmer

4
5  DATED: November 13, 2008        /s/ Philip Ferrari for
                                   DWIGHT SAMUEL, ESQ.
6                                  Attny. for Eric Brooks

7  DATED: November 13, 2008        McGREGOR W. SCOTT
                                   United States Attorney
8

9                            By: /s/ Philip Ferrari
10                                PHILIP A. FERRARI
                                  Assistant U.S. Attorney
11

12

13      **IT IS SO ORDERED.**

14

15  DATED:
                                   _____
16                                 HON. GARLAND E. BURRELL, JR.
                                   UNITED STATES DISTRICT JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

-2-

1 | McGREGOR W. SCOTT
  | United States Attorney
2 | PHILIP A. FERRARI
  | Assistant U.S. Attorneys
3 | 501 I Street, Suite 10-100
  | Sacramento, California 95814
4 | Telephone: (916) 554-2744

5

6

7

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,              )    CR. No.08-122-GEB
                                          )
12 |              Plaintiff,               )    STIPULATION AND ORDER
                                          )
13 |        v.                             )
                                          )
14 | ERIC BROOKS, and                      )
    | OLIVIA WIMMER,                       )    Date: December 19, 2008
15 |                                       )    Time: 9:00 a.m.
    |              Defendants.             )    Hon.  Garland E. Burrell, Jr.
16 | _____)

17

18 | It is hereby stipulated by and between the United States of

19 | America through its attorneys, and defendants Eric Brooks and Olivia

20 | Wimmer and their attorneys, that the status conference hearing set

21 | for November 14, 2008, be vacated, and a status conference hearing

22 | be set for December 19, 2008 at 9:00 a.m.

23 | The continuance is being requested because the parties need

24 | more time to review discovery, investigate the facts of the case and

25 | seek resolution.  Speedy trial time is to be excluded for both

26 | defendants in case No. 08-122 GEB from the date of this order

27 | through the date of the status conference hearing set for December

28 | 19, 2008 pursuant to 18 U.S.C. §3161(h)(8)(B)(iv) [reasonable time

-1-

1 | to prepare] (Local Code T4).

2 | DATED: November 13, 2008          /s/ Philip Ferrari for
3 |                                   TOM JOHNSON, ESQ.
                                      Attny. for Olivia Wimmer

4 |
5 | DATED: November 13, 2008          /s/ Philip Ferrari for
                                      DWIGHT SAMUEL, ESQ.
6 |                                   Attny. for Eric Brooks

7 | DATED: November 13, 2008          McGREGOR W. SCOTT
8 |                                   United States Attorney

9 |                              By: /s/ Philip Ferrari
10 |                                  PHILIP A. FERRARI
                                      Assistant U.S. Attorney
11 |

12 |

13 |     **IT IS SO ORDERED.**

14 | Dated:   November 13, 2008

15 |

16 |                          _____
                              GARLAND E. BURRELL, JR.
17 |                          United States District Judge

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-2-

.

**Filings for No. 40**

```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  PHILIP A. FERRARI
    Assistant U.S. Attorneys
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2744

 5

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,     )     CR. No. S 08-122 GEB
                                  )
12              Plaintiff,        )     STIPULATION AND ORDER
                                  )
13       v.                       )
                                  )
14  ERIC BROOKS, and              )
    OLIVIA WIMMER,                )     Date: February 6, 2009
15                                )     Time: 9:00 a.m.
                Defendants.       )     Hon.  Garland E. Burrell, Jr.
16  _____)

17
```

18      It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the status conference hearing set

21  for December 19, 2008, be vacated, and a status conference hearing

22  be set for February 6, 2009 at 9:00 a.m.

23      The continuance is being requested because the parties need

24  more time to review discovery, investigate the facts of the case and

25  seek resolution.  Speedy trial time is to be excluded for both

26  defendants from the date of this order through the date of the

27  status conference hearing set for February 6, 2009, pursuant to 18

28  U.S.C. §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code

-1-

```
1  │  T4).

2  │  DATED: December 18, 2008        /s/ Philip Ferrari for
                                      TOM JOHNSON, ESQ.
3  │                                  Attny. for Olivia Wimmer

4  │
   │  DATED: December 18, 2008        /s/ Philip Ferrari for
5  │                                  DWIGHT SAMUEL, ESQ.
6  │                                  Attny. for Eric Brooks

7  │  DATED: December 18, 2008        McGREGOR W. SCOTT
                                      United States Attorney
8  │

9  │                                  By: /s/ Philip Ferrari
                                          PHILIP A. FERRARI
10 │                                      Assistant U.S. Attorney

11 │                                          .

12 │

13 │        IT IS SO ORDERED.

14 │

15 │  DATED:                          _____
                                      HON. GARLAND E. BURRELL, JR.
16 │                                  UNITED STATES DISTRICT JUDGE

17 │

18 │

19 │

20 │

21 │

22 │

23 │

24 │

25 │

26 │

27 │

28 │
```

-2-

1  McGREGOR W. SCOTT
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorneys
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )    CR. No. S 08-122 GEB
                                   )
12              Plaintiff,         )    STIPULATION AND ORDER
                                   )
13        v.                       )
                                   )
14  ERIC BROOKS, and               )
    OLIVIA WIMMER,                 )    Date: February 6, 2009
15                                 )    Time: 9:00 a.m.
                Defendants.        )    Hon.  Garland E. Burrell, Jr.
16  _____  )

17

18       It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the status conference hearing set

21  for December 19, 2008, be vacated, and a status conference hearing

22  be set for February 6, 2009 at 9:00 a.m.

23       The continuance is being requested because the parties need

24  more time to review discovery, investigate the facts of the case and

25  seek resolution.  Speedy trial time is to be excluded for both

26  defendants from the date of this order through the date of the

27  status conference hearing set for February 6, 2009, pursuant to 18

28  U.S.C. §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code

                              -1-

1  T4).

2  DATED: December 18, 2008          /s/ Philip Ferrari for
                                     TOM JOHNSON, ESQ.
3                                    Attny. for Olivia Wimmer

4
5  DATED: December 18, 2008          /s/ Philip Ferrari for
                                     DWIGHT SAMUEL, ESQ.
6                                    Attny. for Eric Brooks

7  DATED: December 18, 2008       McGREGOR W. SCOTT
                                  United States Attorney
8

9                                By: /s/ Philip Ferrari
                                    PHILIP A. FERRARI
10                                  Assistant U.S. Attorney

11

12

13  Dated:   December 18, 2008

14

15  _____
    GARLAND E. BURRELL, JR.
16  United States District Judge

17

18

19

20     **IT IS SO ORDERED.**

21

22

23

24

25

26

27

28

-2-

**Filings for No. 41**

1  LAWRENCE G. BROWN
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorneys
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )     CR. No. S 08-122 GEB
                                    )
12            Plaintiff,            )     STIPULATION AND ORDER
                                    )
13       v.                         )
                                    )
14 ERIC BROOKS, and                 )
   OLIVIA WIMMER,                   )     Date: March 20, 2009
15                                  )     Time: 9:00 a.m.
              Defendants.           )     Hon.  Garland E. Burrell, Jr.
16 _____  )

17

18      It is hereby stipulated by and between the United States of

19 America through its attorneys, and defendants Eric Brooks and Olivia

20 Wimmer and their attorneys, that the status conference hearing set

21 for February 6, 2009, be vacated, and a status conference hearing be

22 set for March 20, 2009 at 9:00 a.m.

23      The continuance is being requested because each of the parties

24 is involved in active negotiations directed towards resolution of

25 this case.  The parties require more time to seek that resolution,

26 as well as to review and evaluate the evidence in this case.  The

27 parties request that speedy trial time be excluded from the date of

28 this order through the date of the status conference hearing set for

                                 -1-

1  March 20, 2009, pursuant to 18 U.S.C. §3161(h)(8)(B)(iv) [reasonable

2  time to prepare] (Local Code T4).

3  DATED: February 4, 2009          /s/ Philip Ferrari for
                                   TOM JOHNSON, ESQ.
4                                  Attny. for Olivia Wimmer

5

6  DATED: February 4, 2009          /s/ Philip Ferrari for
                                   DWIGHT SAMUEL, ESQ.
7                                  Attny. for Eric Brooks

8  DATED: February 4, 2009          LAWRENCE G. BROWN
                                   United States Attorney
9

10
                                By: /s/ Philip Ferrari
11                                 PHILIP A. FERRARI
                                   Assistant U.S. Attorney
12

13

14      **IT IS SO ORDERED.**

15

16  DATED:
                                   _____
17                                 HON. GARLAND E. BURRELL, JR.
                                   UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28

                                -2-

1  LAWRENCE G. BROWN
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorneys
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )    CR. No. S 08-122 GEB
                                   )
12            Plaintiff,           )    STIPULATION AND ORDER
                                   )
13       v.                        )
                                   )
14  ERIC BROOKS, and               )
    OLIVIA WIMMER,                 )    Date: March 20, 2009
15                                 )    Time: 9:00 a.m.
              Defendants.          )    Hon.  Garland E. Burrell, Jr.
16  _____  )

17

18       It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the status conference hearing set

21  for February 6, 2009, be vacated, and a status conference hearing be

22  set for March 20, 2009 at 9:00 a.m.

23       The continuance is being requested because each of the parties

24  is involved in active negotiations directed towards resolution of

25  this case.  The parties require more time to seek that resolution,

26  as well as to review and evaluate the evidence in this case.  The

27  parties request that speedy trial time be excluded from the date of

28  this order through the date of the status conference hearing set for

                                  -1-

1 | March 20, 2009, pursuant to 18 U.S.C. §3161(h)(8)(B)(iv) [reasonable
2 | time to prepare] (Local Code T4).

3 | DATED: February 4, 2009          /s/ Philip Ferrari for
4 |                                  TOM JOHNSON, ESQ.
                                     Attny. for Olivia Wimmer

5
6 | DATED: February 4, 2009          /s/ Philip Ferrari for
                                     DWIGHT SAMUEL, ESQ.
7 |                                  Attny. for Eric Brooks

8 | DATED: February 4, 2009          LAWRENCE G. BROWN
9 |                                  United States Attorney

10
                                By: /s/ Philip Ferrari
11 |                                 PHILIP A. FERRARI
                                     Assistant U.S. Attorney
12

13

14 |    **IT IS SO ORDERED.**

15
Dated:   February 9, 2009
16

17 |                              _____
                                 GARLAND E. BURRELL, JR.
18 |                             United States District Judge

19

20

21

22

23

24

25

26

27

28

-2-

**Filings for No. 42**

1 | LAWRENCE G. BROWN
United States Attorney
2 | PHILIP A. FERRARI
Assistant U.S. Attorneys
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2744

5

6

7

8 |                IN THE UNITED STATES DISTRICT COURT

9 |            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,      )      CR. No. S 08-122 GEB
                                   )
12 |                Plaintiff,      )      STIPULATION AND ORDER
                                   )
13 |      v.                        )
                                   )
14 | ERIC BROOKS, and               )
OLIVIA WIMMER,                     )      Date: May 15, 2009
15 |                                )      Time: 9:00 a.m.
                   Defendants.      )      Hon.  Garland E. Burrell, Jr.
16 | _____)

17

18 |      It is hereby stipulated by and between the United States of

19 | America through its attorneys, and defendants Eric Brooks and Olivia

20 | Wimmer and their attorneys, that the status conference hearing set

21 | for March 20, 2009, be vacated, and a status conference hearing be

22 | set for May 15, 2009 at 9:00 a.m.

23 |      The continuance is being requested because each of the parties

24 | is involved in continuing negotiations directed towards resolution

25 | of this case.  The parties require more time to seek that

26 | resolution, as well as to review and evaluate the evidence in this

27 | case.  The parties request that speedy trial time be excluded from

28 | the date of this order through the date of the status conference

-1-

1  hearing set for May 15, 2009, pursuant to 18 U.S.C.

2  §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code T4).

3  DATED: March 19, 2009              /s/ Philip Ferrari for
                                      TOM JOHNSON, ESQ.
4                                     Attny. for Olivia Wimmer

5
6  DATED: March 19, 2009              /s/ Philip Ferrari for
                                      DWIGHT SAMUEL, ESQ.
7                                     Attny. for Eric Brooks

8  DATED: March 19, 2009              LAWRENCE G. BROWN
                                      United States Attorney
9

10
                                   By: /s/ Philip Ferrari
11                                    PHILIP A. FERRARI
                                      Assistant U.S. Attorney
12

13

14      **IT IS SO ORDERED.**

15

16  DATED:                          _____
                                      HON. GARLAND E. BURRELL, JR.
17                                    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28                                                        .

                                    -2-

1  LAWRENCE G. BROWN
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorneys
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )    CR. No. S 08-122 GEB
                                     )
12              Plaintiff,           )    STIPULATION AND ORDER
                                     )
13         v.                        )
                                     )
14  ERIC BROOKS, and                 )
    OLIVIA WIMMER,                   )    Date: May 15, 2009
15                                   )    Time: 9:00 a.m.
                Defendants.          )    Hon.  Garland E. Burrell, Jr.
16  _____  )

17

18       It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the status conference hearing set

21  for March 20, 2009, be vacated, and a status conference hearing be

22  set for May 15, 2009 at 9:00 a.m.

23       The continuance is being requested because each of the parties

24  is involved in continuing negotiations directed towards resolution

25  of this case.  The parties require more time to seek that

26  resolution, as well as to review and evaluate the evidence in this

27  case.  The parties request that speedy trial time be excluded from

28  the date of this order through the date of the status conference

                                  -1-

1   hearing set for May 15, 2009, pursuant to 18 U.S.C.

2   §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code T4).

3   DATED: March 19, 2009          /s/ Philip Ferrari for
                                   TOM JOHNSON, ESQ.
4                                  Attny. for Olivia Wimmer

5
    DATED: March 19, 2009          /s/ Philip Ferrari for
6                                  DWIGHT SAMUEL, ESQ.
                                   Attny. for Eric Brooks
7

8   DATED: March 19, 2009          LAWRENCE G. BROWN
                                   United States Attorney
9

10                              By: /s/ Philip Ferrari
11                                 PHILIP A. FERRARI
                                   Assistant U.S. Attorney
12

13

14      **IT IS SO ORDERED.**

15  Dated:  March 19, 2009

16

17                              _____
                                GARLAND E. BURRELL, JR.
18                              United States District Judge

19

20

21

22

23

24

25

26

27

28

                                -2-

**Filings for No. 43**

Case 2:08-cr-00122-GEB  Document 35  Filed 05/14/09  Page 1 of 2

1 | LAWRENCE G. BROWN
United States Attorney
2 | PHILIP A. FERRARI
Assistant U.S. Attorneys
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2744

5

6

7

8 |                    IN THE UNITED STATES DISTRICT COURT

9 |                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          )       CR. No. S 08-122 GEB
                                       )
12 |                    Plaintiff,      )       STIPULATION AND ORDER
                                       )
13 |          v.                        )
                                       )
14 | ERIC BROOKS, and                   )
     OLIVIA WIMMER,                     )       Date: June 5, 2009
15 |                                    )       Time: 9:00 a.m.
                     Defendants.        )       Hon.  Garland E. Burrell, Jr.
16 | _____)

17

18 |      It is hereby stipulated by and between the United States of

19 | America through its attorneys, and defendants Eric Brooks and Olivia

20 | Wimmer and their attorneys, that the status conference hearing set

21 | for May 15, 2009, be vacated, and a status conference hearing be set

22 | for June 5, 2009 at 9:00 a.m.

23 |      The continuance is being requested because each of the parties

24 | is involved in continuing negotiations directed towards resolution

25 | of this case.  The parties require more time to seek that

26 | resolution, as well as to review and evaluate the evidence in this

27 | case.  The parties request that speedy trial time be excluded from

28 | the date of this order through the date of the status conference

                                    -1-

Case 2:08-cr-00122-GEB   Document 35   Filed 05/14/09   Page 2 of 2

 1 | hearing set for June 5, 2009, pursuant to 18 U.S.C.

 2 | §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code T4).

 3 | DATED: May 14, 2009            /s/ Philip Ferrari for
                                    TOM JOHNSON, ESQ.
 4 |                                Attny. for Olivia Wimmer

 5 |

 6 | DATED: May 14, 2009            /s/ Philip Ferrari for
                                    DWIGHT SAMUEL, ESQ.
 7 |                                Attny. for Eric Brooks

 8 | DATED: May 14, 2009            LAWRENCE G. BROWN
                                    United States Attorney
 9 |

10 |

11 |                          By: /s/ Philip Ferrari
                                  PHILIP A. FERRARI
                                  Assistant U.S. Attorney

12 |

13 |

14 |      IT IS SO ORDERED.

15 |

16 | DATED:                        _____
17 |                               HON. GARLAND E. BURRELL, JR.
                                   UNITED STATES DISTRICT JUDGE

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-2-

1 │ E G. BROWN
  │ United States Attorney
2 │ PHILIP A. FERRARI
  │ Assistant U.S. Attorneys
3 │ 501 I Street, Suite 10-100
  │ Sacramento, California 95814
4 │ Telephone: (916) 554-2744

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 │ UNITED STATES OF AMERICA,      )     CR. No. S 08-122 GEB
                                    )
12 │            Plaintiff,          )     STIPULATION AND ORDER
                                    )
13 │      v.                        )
                                    )
14 │ ERIC BROOKS, and              )
   │ OLIVIA WIMMER,                 )     Date: June 5, 2009
15 │                                )     Time: 9:00 a.m.
   │            Defendants.         )     Hon.  Garland E. Burrell, Jr.
16 │ _____ )

17

18       It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the status conference hearing set

21  for May 15, 2009, be vacated, and a status conference hearing be set

22  for June 5, 2009 at 9:00 a.m.

23       The continuance is being requested because each of the parties

24  is involved in continuing negotiations directed towards resolution

25  of this case.  The parties require more time to seek that

26  resolution, as well as to review and evaluate the evidence in this

27  case.  The parties request that speedy trial time be excluded from

28  the date of this order through the date of the status conference

                                  -1-

Case 2:08-cr-00122-GEB  Document 36  Filed 05/14/09  Page 2 of 2

1 | hearing set for June 5, 2009, pursuant to 18 U.S.C.

2 | §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code T4).

3 | DATED: May 14, 2009                    /s/ Philip Ferrari for
                                         TOM JOHNSON, ESQ.
4 |                                        Attny. for Olivia Wimmer

5 |

6 | DATED: May 14, 2009                    /s/ Philip Ferrari for       .
                                         DWIGHT SAMUEL, ESQ.
7 |                                        Attny. for Eric Brooks

8 | DATED: May 14, 2009                    LAWRENCE G. BROWN
                                         United States Attorney
9 |                     .

10 |                                   By: /s/ Philip Ferrari
11 |                                       PHILIP A. FERRARI
                                         Assistant U.S. Attorney
12 |

13 |

14 |      **IT IS SO ORDERED.**

15 | Dated:  May 14, 2009

16 |

17 |                                    GARLAND E. BURRELL, JR.
18 |                                    United States District Judge

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-2-

Filings for No. 44

1   LAWRENCE G. BROWN
    United States Attorney
2   PHILIP A. FERRARI
    Assistant U.S. Attorneys
3   501 I Street, Suite 10-100
    Sacramento, California 95814
4   Telephone: (916) 554-2744

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,       )      CR. No. S 08-122 GEB
                                     )
12                 Plaintiff,        )      STIPULATION AND ORDER
                                     )
13          v.                       )
                                     )
14  ERIC BROOKS, and                 )
    OLIVIA WIMMER,                   )      Date: June 26, 2009
15                                   )      Time: 9:00 a.m.
                   Defendants.       )      Hon.  Garland E. Burrell, Jr.
16  _____  )

17

18       It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the status conference hearing set

21  for June 5, 2009, be vacated, and a status conference hearing be set

22  for June 26, 2009 at 9:00 a.m.

23       The continuance is being requested because each of the parties

24  is involved in continuing negotiations directed towards resolution

25  of this case.  The parties require more time to seek that

26  resolution, as well as to review and evaluate the evidence in this

27  case.  The parties request that speedy trial time be excluded from

28  the date of this order through the date of the status conference

                                -1-

1  hearing set for June 26, 2009, pursuant to 18 U.S.C.

2  §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code T4).

3  DATED: June 3, 2009                    /s/ Philip Ferrari for
                                         TOM JOHNSON, ESQ.
4                                        Attny. for Olivia Wimmer

5
   DATED: June 3, 2009                    /s/ Philip Ferrari for
6                                        DWIGHT SAMUEL, ESQ.
7                                        Attny. for Eric Brooks

8  DATED: June 3, 2009                   LAWRENCE G. BROWN
                                         United States Attorney
9

10
                              By: /s/ Philip Ferrari
11                               PHILIP A. FERRARI
                                 Assistant U.S. Attorney
12

13

14      IT IS SO ORDERED.

15

16  DATED:                        _____
17                                HON. GARLAND E. BURRELL, JR.
                                  UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28

-2-

1  LAWRENCE G. BROWN
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorneys
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )      CR. No. S 08-122 GEB
                                   )
12                 Plaintiff,      )      STIPULATION AND ORDER
                                   )
13        v.                       )
                                   )
14  ERIC BROOKS, and               )
    OLIVIA WIMMER,                 )      Date: June 26, 2009
15                                 )      Time: 9:00 a.m.
                   Defendants.     )      Hon.  Garland E. Burrell, Jr.
16  _____  )

17

18      It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the status conference hearing set

21  for June 5, 2009, be vacated, and a status conference hearing be set

22  for June 26, 2009 at 9:00 a.m.

23      The continuance is being requested because each of the parties

24  is involved in continuing negotiations directed towards resolution

25  of this case.  The parties require more time to seek that

26  resolution, as well as to review and evaluate the evidence in this

27  case.  The parties request that speedy trial time be excluded from

28  the date of this order through the date of the status conference

                              -1-

1  hearing set for June 26, 2009, pursuant to 18 U.S.C.

2  §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code T4).

3  DATED: June 3, 2009          /s/ Philip Ferrari for
                                TOM JOHNSON, ESQ.
4                               Attny. for Olivia Wimmer

5

6  DATED: June 3, 2009          /s/ Philip Ferrari for
                                DWIGHT SAMUEL, ESQ.
7                               Attny. for Eric Brooks

8  DATED: June 3, 2009          LAWRENCE G. BROWN
                                United States Attorney
9

10                          By: /s/ Philip Ferrari
                               PHILIP A. FERRARI
11                             Assistant U.S. Attorney

12

13

14      **IT IS SO ORDERED.**

15  Dated:   June 8, 2009

16

17                          _____
                            GARLAND E. BURRELL, JR.
18                          United States District Judge

19

20

21

22

23

24

25

26

27

28

-2-

**Filings for No. 45**

Case 2:08-cr-00122-GEB  Document 39  Filed 06/25/09  Page 1 of 2

1  LAWRENCE G. BROWN
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorneys
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )     CR. No. S 08-122 GEB
                                   )
12                 Plaintiff,      )     STIPULATION AND ORDER
                                   )
13         v.                      )
                                   )
14  ERIC BROOKS, and               )
    OLIVIA WIMMER,                 )     Date: July 10, 2009
15                                 )     Time: 9:00 a.m.
                   Defendants.     )     Hon.  Garland E. Burrell, Jr.
16  _____ )

17

18       It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the status conference hearing set

21  for June 26, 2009, be vacated, and that a status conference for

22  defendant Brooks and a change of plea for defendant Wimmer be set

23  for July 10, 2009 at 9:00 a.m.

24       The continuance is being requested because each of the parties

25  is involved in continuing negotiations directed towards resolution

26  of this case.  The parties require more time to seek that

27  resolution, as well as to review and evaluate the evidence in this

28  case.  The parties request that speedy trial time be excluded from

                                  -1-

Case 2:08-cr-00122-GEB Document 39 Filed 06/25/09 Page 2 of 2

1  the date of this order through July 10, 2009, pursuant to 18 U.S.C.

2  §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code T4).

3  DATED: June 25, 2009          /s/ Philip Ferrari for
                                  TOM JOHNSON, ESQ.
4                                 Attny. for Olivia Wimmer

5
   DATED: June 25, 2009          /s/ Philip Ferrari for
6                                 DWIGHT SAMUEL, ESQ.
                                  Attny. for Eric Brooks
7

8  DATED: June 25, 2009          LAWRENCE G. BROWN
                                  United States Attorney
9

10
                                 By: /s/ Philip Ferrari
11                                   PHILIP A. FERRARI
                                     Assistant U.S. Attorney
12

13

14      **IT IS SO ORDERED.**

15

16  DATED:                       _____
                                 HON. GARLAND E. BURRELL, JR.
17                               UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

-2-

1  LAWRENCE G. BROWN
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorneys
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,        )    CR. No. S 08-122 GEB
                                    )
12              Plaintiff,          )    STIPULATION AND ORDER
                                    )
13      v.                          )
                                    )
14 ERIC BROOKS, and                 )
   OLIVIA WIMMER,                   )    Date: July 10, 2009
15                                  )    Time: 9:00 a.m.
                Defendants.         )    Hon.  Garland E. Burrell, Jr.
16 _____  )

17

18      It is hereby stipulated by and between the United States of

19 America through its attorneys, and defendants Eric Brooks and Olivia

20 Wimmer and their attorneys, that the status conference hearing set

21 for June 26, 2009, be vacated, and that a status conference for

22 defendant Brooks and a change of plea for defendant Wimmer be set

23 for July 10, 2009 at 9:00 a.m.

24      The continuance is being requested because each of the parties

25 is involved in continuing negotiations directed towards resolution

26 of this case.  The parties require more time to seek that

27 resolution, as well as to review and evaluate the evidence in this

28 case.  The parties request that speedy trial time be excluded from

                              -1-

1 | the date of this order through July 10, 2009, pursuant to 18 U.S.C.

2 | §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code T4).

3 | DATED: June 25, 2009          /s/ Philip Ferrari for
                                  TOM JOHNSON, ESQ.
4 |                               Attny. for Olivia Wimmer

5 |

6 | DATED: June 25, 2009          /s/ Philip Ferrari for
                                  DWIGHT SAMUEL, ESQ.
7 |                               Attny. for Eric Brooks

8 | DATED: June 25, 2009          LAWRENCE G. BROWN
                                  United States Attorney
9 |

10 |

11 |                           By: /s/ Philip Ferrari
                                  PHILIP A. FERRARI
                                  Assistant U.S. Attorney
12 |

13 |

14 |    **IT IS SO ORDERED.**

15 | Dated:   June 26, 2009

16 |

17 |

18 |                               GARLAND E. BURRELL, JR.
                                  United States District Judge

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-2-

**Filings for No. 46**

1 | LAWRENCE G. BROWN
United States Attorney
2 | PHILIP A. FERRARI
Assistant U.S. Attorneys
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2744

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,       )      CR. No. S 08-122 GEB
                                    )
12 |                 Plaintiff,      )      STIPULATION AND ORDER
                                    )
13 |          v.                     )
                                    )
14 | ERIC BROOKS, and               )
    OLIVIA WIMMER,                  )      Date: September 4, 2009
15 |                                 )      Time: 9:00 a.m.
                 Defendants.        )      Hon.  Garland E. Burrell, Jr.
16 | _____)

17

18        It is hereby stipulated by and between the United States of

19 | America through its attorneys, and defendants Eric Brooks and Olivia

20 | Wimmer and their attorneys, that the status conference hearing set

21 | for July 31, 2009, be vacated, and that a status conference be set

22 | for September 4, 2009 at 9:00 a.m.

23        The continuance is being requested because each of the parties

24 | is involved in continuing negotiations directed towards resolution

25 | of this case.  The parties require more time to seek that

26 | resolution, as well as to review and evaluate the evidence in this

27 | case.  The parties request that speedy trial time be excluded from

28 | the date of this order through September 4, 2009, pursuant to 18

-1-

```
 1 || U.S.C. §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code
 2 || T4).
 3 || DATED: July 29, 2009            /s/ Philip Ferrari for
                                      TOM JOHNSON, ESQ.
 4 ||                                 Attny. for Olivia Wimmer
 5 ||
 6 || DATED: July 29, 2009 .          /s/ Philip Ferrari for
                                      DWIGHT SAMUEL, ESQ.
 7 ||                                 Attny. for Eric Brooks
 8 || DATED: July 29, 2009            LAWRENCE G. BROWN
                                      United States Attorney
 9 ||
10 ||                               By: /s/ Philip Ferrari
11 ||                                 PHILIP A. FERRARI
                                      Assistant U.S. Attorney
12 ||
13 ||
14 ||      IT IS SO ORDERED.
15 ||
16 || DATED:                          _____
17 ||                                 HON. GARLAND E. BURRELL, JR.
                                      UNITED STATES DISTRICT JUDGE
18 ||
19 ||
20 ||
21 ||
22 ||
23 ||
24 ||
25 ||
26 ||
27 ||
28 ||
```

-2-

```
 1  LAWRENCE G. BROWN
    United States Attorney
 2  PHILIP A. FERRARI
    Assistant U.S. Attorneys
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2744

 5

 6

 7

 8                   IN THE UNITED STATES DISTRICT COURT

 9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )    CR. No. S 08-122 GEB
                                   )
12              Plaintiff,         )    STIPULATION AND ORDER
                                   )
13        v.                       )
                                   )
14  ERIC BROOKS, and               )
    OLIVIA WIMMER,                 )    Date: September 4, 2009
15                                 )    Time: 9:00 a.m.
                Defendants.        )    Hon.  Garland E. Burrell, Jr.
16  _____  )

17
```

18       It is hereby stipulated by and between the United States of
19  America through its attorneys, and defendants Eric Brooks and Olivia
20  Wimmer and their attorneys, that the status conference hearing set
21  for July 31, 2009, be vacated, and that a status conference be set
22  for September 4, 2009 at 9:00 a.m.

23       The continuance is being requested because each of the parties
24  is involved in continuing negotiations directed towards resolution
25  of this case.  The parties require more time to seek that
26  resolution, as well as to review and evaluate the evidence in this
27  case.  The parties request that speedy trial time be excluded from
28  the date of this order through September 4, 2009, pursuant to 18

                                -1-

1 | U.S.C. §3161(h)(8)(B)(iv) [reasonable time to prepare] (Local Code
2 | T4).

3 | DATED: July 29, 2009            /s/ Philip Ferrari for
4 |                                 TOM JOHNSON, ESQ.
                                    Attny. for Olivia Wimmer
5 |
6 | DATED: July 29, 2009            /s/ Philip Ferrari for
                                    DWIGHT SAMUEL, ESQ.
7 |                                 Attny. for Eric Brooks

8 | DATED: July 29, 2009            LAWRENCE G. BROWN
9 |                                 United States Attorney

10 |                                By: /s/ Philip Ferrari
11 |                                    PHILIP A. FERRARI
                                        Assistant U.S. Attorney
12 |
13 |
14 |    **IT IS SO ORDERED.**

15 | Dated:   August 4, 2009
16 |
17 |
                                    GARLAND E. BURRELL, JR.
18 |                                United States District Judge
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

-2-

**Filings for No. 47**

THOMAS A. JOHNSON, #119203
400 Capitol Mall, Suite 1620
Sacramento, California 95814
Telephone: (916) 422-4022
Attorney for Defendant Olivia Wimmer

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC BROOKS, and<br>OLIVIA WIMMER<br><br>Defendants. | Case No.: 2:08-CR-00122 GEB<br><br>STIPULATION AND ORDER TO<br>CONTINUE HEARING<br><br>Date: September 4, 2009<br>Time: 9:00 a.m.<br>Judge: Hon. Garland E. Burrell, Jr. |

**IT IS HEREBY STIPULATED BY AND AMONG ALL PARTIES** that the Status

Conference scheduled for September 4, 2009 at 9:00 a.m. is continued to September 11, 2009 at

9:00 a.m. in the same courtroom. Philip Ferrari, Assistant United States Attorney, Thomas A.

Johnson, Olivia Wimmer's attorney, and Dwight Samuel, Eric Brooks's attorney, are requesting

such continuance in order to continue settlement negotiations and review the evidence in this

case.

It is further stipulated that the period from the date of this stipulation through and

including September 11, 2009, is to be excluded in computing the time within which trial must

commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) and Local

Code T2 and T4 for continuity and preparation of counsel.

**IT IS SO STIPULATED.**

DATE:  September 2, 2009                                    /s/  Thomas Johnson
                                                                        THOMAS JOHNSON
                                                                        Attorney for Defendant
                                                                        OLIVIA WIMMER

DATE: September 2, 2009

/s/ Thomas Johnson for
DWIGHT SAMUEL
Attorney for Defendant
ERIC BROOKS

DATE: September 2, 2009

LAWRENCE G. BROWN
United States Attorney

By:        /s/ Thomas Johnson for
PHILIP FERRARI
Assistant U.S. Attorney

**IT IS SO ORDERED.**

DATED:

_____
HON. GARLAND E. BURRELL, JR.
U.S. District Court Judge

1   THOMAS A. JOHNSON, #119203
    400 Capitol Mall, Suite 1620
2   Sacramento, California 95814
    Telephone: (916) 422-4022
3   Attorney for Defendant Olivia Wimmer

4

5

6                IN THE UNITED STATES DISTRICT COURT

7            FOR THE EASTERN DISTRICT OF CALIFORNIA

8

| UNITED STATES OF AMERICA, | ) | Case No.: 2:08-CR-00122 GEB |
|---|---|---|
| Plaintiff, | ) ) ) | STIPULATION AND ORDER TO CONTINUE HEARING |
| vs. | ) | Date: September 4, 2009 |
| ERIC BROOKS, and | ) | Time: 9:00 a.m. |
| OLIVIA WIMMER | ) ) | Judge: Hon. Garland E. Burrell, Jr. |
| Defendants. | ) | |

14

15       **IT IS HEREBY STIPULATED BY AND AMONG ALL PARTIES** that the Status

16 Conference scheduled for September 4, 2009 at 9:00 a.m. is continued to September 11, 2009 at

17 9:00 a.m. in the same courtroom. Philip Ferrari, Assistant United States Attorney, Thomas A.

18 Johnson, Olivia Wimmer's attorney, and Dwight Samuel, Eric Brooks's attorney, are requesting

19 such continuance in order to continue settlement negotiations and review the evidence in this

20 case.

21       It is further stipulated that the period from the date of this stipulation through and

22 including September 11, 2009, is to be excluded in computing the time within which trial must

23 commence under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) and Local

24 Code T2 and T4 for continuity and preparation of counsel.

25

26       **IT IS SO STIPULATED.**

27 DATE: September 2, 2009                /s/ Thomas Johnson
                             THOMAS JOHNSON
28                              Attorney for Defendant
                             OLIVIA WIMMER

Case 2:08-cr-00122-GEB  Document 45  Filed 09/04/09  Page 2 of 2

1    DATE:  September 2, 2009

                                 /s/  Thomas Johnson for
2                                        DWIGHT SAMUEL

                                       Attorney for Defendant
3                                        ERIC BROOKS

4    DATE:  September 2, 2009                     LAWRENCE G. BROWN

                                       United States Attorney
5

6                          By:           /s/  Thomas Johnson for

                                       PHILIP FERRARI
7                                        Assistant U.S. Attorney

8      **IT IS SO ORDERED.**

9

10    DATED: 9/3/09
11

12

13

14                                HON. GARLAND E. BURRELL, JR.

                               U.S. District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Filings for No. 48**

| 01/08/2010 | ● 54 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:STATUS CONFERENCE as to Olivia Wimmer held on 1/8/2010., ( Status Conference set for 1/29/2010 at 09:00 AM before Judge Garland E. Burrell Jr..) Government Counsel Phil Ferrari present. Defense Counsel J. Toney present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 01/12/2010) |
|---|---|---|
| 01/08/2010 | ● 55 | MINUTES for proceedings held before Judge Garland E. Burrell, Jr: CHANGE of PLEA HEARING as to Eric Brooks held on 01/08/10. Eric Brooks (1) entered GUILTY PLEA on Count 1. Sentencing set for 03/26/10 at 09:00 AM in Courtroom 10 (GEB) before Judge Garland E. Burrell, Jr. Government Counsel Phil Ferrari present. Defense Counsel Dwight Samuel present. Custody Status: present, in custody. Court Reporter/CD Number: Kimberly Bennett. (Benson, A.) (Entered: 01/13/2010) |

## UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF CALIFORNIA
Before the Honorable Garland E. Burrell

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MINUTES** |
| | Case No.:      CR S-08-122-GEB |
| v. | Date of Hearing:              January 8, 2010 |
| | Deputy Clerk: Shani Furstenau |
| **ERIC BROOKS** | Court Reporter/ECRO: Kimberly Bennett |

_____/

**For the Government**:

Phil Ferrari,
Assistant United States Attorney

**Interpreter Previously Sworn**:

**For the Defendant(s)**:

Dwight Samuel,
[] Assistant Federal Defender
[] Appointed   [] Retained

**Defendant**:

[x] Present    [x] In Custody        [] Not in Custody      [] O/R       [] Bail    [] No Appearance        [] Waived        []
Failed to
Appear

---

**CHANGE OF PLEA**.

[x] Withdrew not guilty plea; pleads guilty to:      Count 1

presentence report      [x] ordered      [] waived;   judgment set for: **March 26, 10 at 9**

[] Waiver of Indictment

**Other:**

---

Proceeding Time: 15 minutes

.

**Filings for No. 49**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

#### United States Probation Office

---

### INTEROFFICE MEMORANDUM

---

**TO:**     Shani Furstenau, Courtroom Clerk
            of the Honorable Garland E. Burrell, Jr.

**FROM:**   Linda O. Dillon
            United States Probation Officer

**DATE:**   March 9, 2010

**SUBJECT:** Eric BROOKS
            **Docket Number:  2:08CR00122-01**
            <u>**JUDGMENT AND SENTENCING CONTINUANCE**</u>

# FILED

MAR  9 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

---

The above matter is scheduled for judgment and sentencing on March 26, 2010. Due to the workload of the undersigned, more time is needed to complete the presentence report. Therefore, all parties have agreed to a continuation of judgement and sentencing. The following proposed sentencing schedule is offered:

| | |
|---|---|
| Judgment and Sentencing date: | <u>04/30/2010 at 9:00 a.m.</u> |
| Reply, or Statement of Non-Opposition | <u>04/23/2010</u> |
| Motion for Correction of the Presentence Report shall be filed with the Court and served on the Probation Officer and opposing counsel no later than: | <u>04/16/2010</u> |
| The Presentence Report shall be filed with the Court and disclosed to counsel no later than: | <u>04/09/2010</u> |
| Counsel's written objections to the Presentence Report shall be delivered to the probation officer and opposing counsel no later than: | <u>04/02/2010</u> |
| The proposed Presentence Report shall be disclosed to counsel no later than: | <u>03/19/2010</u> |

**Reviewed by:**    *Jeffrey C. Oestreicher*
                    **JEFFREY C. OESTREICHER**
                    **Supervising United States Probation Officer**

LOD/sda

cc:   Philip Ferrari, Assistant United States Attorney
      Dwight M. Samuels, Defense Counsel

**Filings for No. 50**

1   BENJAMIN B. WAGNER
    United States Attorney
2   PHILIP A. FERRARI
    Assistant U.S. Attorney
3   501 I Street, Suite 10-100
    Sacramento, California 95814
4   Telephone: (916) 554-2744

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,    )    CR. No. S 08-122 GEB
                         )
12             Plaintiff,    )    STIPULATION CONTINUING HEARING
                         )    ON JUDGMENT AND SENTENCE
13          v.             )
                         )
14   ERIC BROOKS, and        )
    OLIVIA WIMMER,         )
15                         )    Date: September 10, 2010
            Defendants.   )    Time: 9:00 a.m.
16   _____)    Hon.  Garland E. Burrell, Jr.

17

18      It is hereby stipulated by and between the United States of

19   America through its attorneys, and defendants Eric Brooks and Olivia

20   Wimmer and their attorneys, that the hearing on Judgment and

21   Sentence for both defendants, currently set for July 23, 2010, be

22   continued to September 10, 2010.

23   DATED: July 20, 2010       /s/ Philip Ferrari for
                             J. TONEY, ESQ.
24                           Attny. for Olivia Wimmer

25

26   DATED: July 20, 2010       /s/ Philip Ferrari for
                             DWIGHT SAMUEL, ESQ.
27                           Attny. for Eric Brooks

28   ///

1  DATED: July 20, 2010                BENJAMIN B. WAGNER
                                       United States Attorney
2

3                                 By: /s/ Philip Ferrari
                                      PHILIP A. FERRARI
4                                     Assistant U.S. Attorney

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-